FILED18 JUN '25 12:44USDC-ORP

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

_____ Division

Shaun Fleck

_Plaintiff(s)_
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Del-One federal credit union

_Defendant(s)_
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

) Case No. **3:25-cv-1048-SB**
) *(to be filled in by the Clerk's Office)*
)
)
)
) Jury Trial: *(check one)* ☑Yes ☐No
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

   A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Shaun Fleck |
| Street Address | 2035 5th St apt 210 |
| City and County | Astoria, OR 97103 Clatsop |
| State and Zip Code | Oregon 97103 |
| Telephone Number | 503-6968589 |
| E-mail Address | ShaunFleck @ Gmail.com |

   B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Delone federal credit union

270 Beiser Blvd

Dover,     Kent

Delaware, 19904

302 739 4496

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 U.S.C §1962 (Rico) 15 USC § 1681 (FCRA) 18 U.SC §1708 (mailinterference) and Relevant provisions of the U.S. Constitution including Due Process and protection

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* ~~Shaune Steak~~ , is a citizen of the State of *(name)* ~~Oregon~~ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)* _____

_____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

b.  If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

III.  **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Defendant Refused to Respond to certified Disputes, Obstructed mail, any Mishandled credit Reporting in violation of FCRA their continued avoidance of systematic denial and public harm. Additional Predicate acts align with civil Rico Violations and documented mail interference full timeline, Legal claims, and Symbolic audit Logic are detailed in attached exhibits, cover letters, damages breakdown

IV.  **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I Request $500,000 In actual and Punitive damages
immediate deletion of tradeline
Release of title
Declaratory relief for ongoing harm
Legal fee's

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

---

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    06/18/2025

Signature of Plaintiff

Printed Name of Plaintiff    Shaun Flech

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON — PORTLAND DIVISION**

---

**Shaun Fleck,**
Plaintiff,

v.

**Del-One Federal Credit Union,**
Defendant.

---

**Case No.:** _____

---

## AFFIDAVIT OF ASSETS AND INCOME

(*In Support of Motion to Proceed In Forma Pauperis*)

I, **Shaun Fleck**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following information is true and correct:

---

### 1. PERSONAL INFORMATION:

- **Full Name:** Shaun Fleck
- **Address:** 2035 5th St, Apt 210 · Astoria, OR 97103
- **Phone Number:** 503-686-8589
- **Email Address:** shaunfleck@gmail.com
- **Employment Status:** Unemployed
- **Dependents:** none

---

### 2. INCOME:

- **Monthly Income:** $0.00
- **Source(s):** No current employment or income.
- **Government Assistance:** I have applied for unemployment but was denied. I am not receiving any public assistance at this time.
- **Other Income:** None.

---

### 3. ASSETS:

- **Cash:** $0.00
- **Bank Accounts:** No active balances or accessible funds.
- **Vehicle(s):**
  - 2018 Subaru WRX (Held in Trust; title remains with Del-One Federal Credit Union)
  - Vehicle is not currently insured or in use, and cannot be legally transferred or sold by me.
- **Business Assets:**
  - Several custom-built servers and local compute systems for proprietary software and AI frameworks.
  - Non-liquid intellectual property and internal legal research infrastructure.
  - **Private trust documents governing company formation, IP ownership, and asset protection** (These will be formally submitted in **Exhibit A** and referenced in my **opening statement**).
  - These trusts do not presently yield income and exist solely for legal, organizational, and protective purposes.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON — PORTLAND DIVISION

### 4. DEBTS AND OBLIGATIONS:
- **Outstanding Debts:**
  - Credit obligations impacted by misreporting and disputed tradelines (see Exhibits C–F in primary filing)
  - Utilities, rent, and daily expenses managed through minimal family support.

### 5. EMPLOYMENT & BUSINESS STATUS:
- I am the founder of an early-stage private company, currently in legal preparation and development.
- This business has **not yet generated income** due to resource limitations and unresolved legal barriers related to the current filing.
- I am receiving **no salary, wages, dividends, or disbursements** from this business at this time.

### 6. SUMMARY STATEMENT:
Due to the absence of income, liquid assets, and my current inability to launch or operate my company in a revenue-generating capacity, I respectfully request **waiver of court filing fees** under hardship. I am representing myself **pro se**, and submit this affidavit as a truthful representation of my present financial status.

**Executed on:** 06/18/2025
**Location:** Portland, OR

**Signature:** _____  Date: 06 / 17 /2025
**Shaun Fleck**
*Pro Se Plaintiff*
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
▦ Date:06/17/2025
✉ shaunfleck@gmail.com



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

**Shaun Fleck**,
Plaintiff,
v.
**Del-One Federal Credit Union**,
Defendant.

**Case No.:** _____

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915, the undersigned Plaintiff, **Shaun Fleck**, respectfully moves this Court for leave to proceed *in forma pauperis* in this civil action without prepayment of fees or costs.

In support of this Motion, Plaintiff states as follows:

1. Plaintiff is unable to pay the costs of these proceedings due to documented financial hardship.
2. Plaintiff has no current or sufficient income to afford filing fees or related court costs.
3. Plaintiff is not presently incarcerated and is not represented by counsel.
4. Plaintiff submits this Motion in good faith and with the full intent of complying with the rules and obligations of this Court.
5. Plaintiff's claims are not frivolous, malicious, or intended to harass the opposing party. The claims are based on a clear and documented pattern of conduct that has caused ongoing legal, personal, and financial harm.

Attached hereto is a supporting affidavit of assets and income, along with a declaration under penalty of perjury confirming the accuracy of the financial information provided.

## WHEREFORE,

Plaintiff respectfully requests that this Court grant leave to proceed *in forma pauperis* and waive the associated filing fee and any other costs the Court deems appropriate to waive under federal law.

Respectfully submitted,

X _____  DATE: 06 / 17 /2025

**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
🗓 Date:06/17/2025
✉ shaunfleck@gmail.com



## RE: Supplemental Notice – Pending Audit Proceedings and Request for Case Awareness

**Shaun Fleck** *Pro Se Plaintiff*
2035 5th St, Apt 210 · Astoria, OR 97103
Phone: 5036868589
Email: shaunfleck@gmail.com
**06/17/2025**
**To the Clerk of the Court**
United States District Court
District of Oregon – Portland Division
Mark O. Hatfield United States Courthouse
1000 SW Third Avenue, Room 740
Portland, OR 97204



---

### RE: Supplemental Notice – Pending Audit Proceedings and Request for Case Awareness

Dear Clerk of the Court,

I submit this notice as an **additional filing** alongside my initial complaint, exhibits, and Motion to Proceed *In Forma Pauperis* in the matter of **Shaun Fleck v. Del-One Federal Credit Union**.
While this submission constitutes a **personal civil matter**, it is important for the Court to understand that **this case is one layer of a broader, ongoing audit**—a structured documentation process that intersects with larger issues of **consumer harm, institutional behavior, and systemic deflection through improper credit reporting, response delays, and regulatory avoidance.**

---

### Context for Consideration:

- I am the founder of a developing company currently undergoing an active internal audit related to institutional accountability.
- This case, while filed in my personal capacity, reflects core components of that audit—some of which are already public through educational and awareness-based documentation campaigns.
- Several filings in this packet have been developed through my company's proprietary formatting systems, symbolic architecture, and research-driven case strategy.
- While this matter is limited in scope to the Defendant at present, **future filings may extend beyond this case**, and **the nature of this ecosystem is interconnected**, as often seen in complex RICO investigations.

---

### Security and Expediency Request:

Given the nature of the issues involved, and the **documented pattern of response manipulation, mail rerouting, and failure to engage in good faith**, I ask the Court to consider this matter for **expedited review** under its discretionary authority.

Furthermore, I wish to formally express that I **recognize the potential safety risks** involved in exposing broader frameworks of institutional failure. I am not alleging targeted threats at this time, but I believe it is my responsibility to ensure this is **on record** should anything escalate beyond the civil nature of these proceedings.

---

I am fully cooperating with all lawful processes, and this filing is submitted in good faith. Any additional filings that connect to my company's audit operations will be clearly labeled and structured accordingly. I am asking the Court only for recognition of the layered scope of these proceedings, not adjudication beyond the present matter at this time.

Thank you for your consideration and for providing a forum where truth can be documented, clarified, and tested through lawful means.

Respectfully,
Shaun Fleck      X _____ Date: 06 / 17 2025
*Pro Se Plaintiff*

# RE: Legal Filing Submission — Shaun Fleck v. Del-One Federal Credit Union

**Shaun Fleck**
**Shaun Fleck**
*Pro Se Plaintiff*
2035 5th St, Apt 210 · Astoria, OR 97103
Date:06/17/2025
shaunfleck@gmail.com

**June 17, 2025**
**Clerk of the Court**
U.S. District Court for the District of Oregon
Mark O. Hatfield United States Courthouse
1000 SW Third Avenue
Portland, OR 97204

---

**Request: Filing as Pro Se Plaintiff | Motion for Fee Waiver | Request for Federal Review**
Dear Clerk of the Court,
Please accept this submission as a formal filing and evidentiary packet related to **ongoing harm and legal injury** caused by the actions of **Del-One Federal Credit Union**, including—but not limited to—alleged predicate violations under the **Racketeer Influenced and Corrupt Organizations Act (RICO)**, mishandling of mail, evasion of statutory duties under the **Fair Credit Reporting Act (FCRA)** and **Fair Debt Collection Practices Act (FDCPA)**, and continued failure to lawfully respond to multiple certified inquiries.
I respectfully submit this as a **Pro Se litigant** due to documented financial hardship (see attached **Motion to Proceed In Forma Pauperis**) and request the Court's consideration of this matter based on the serious and well-documented violations contained within.

---

## Document Structure and Supporting Systems:
Please be advised that the documents enclosed in this packet were prepared and formatted with the support of my company, **MarketPulse AI LLC**, using **proprietary internal frameworks and artificial intelligence systems** developed to streamline legal documentation for pro se litigants and underserved individuals.
The enclosed materials are designed to be:
- **Fully legally sound**, compliant with federal requirements
- **Intuitively organized**, so that timelines, issues, and legal violations can be easily followed
- **Educational in nature**, allowing self-represented parties to understand and defend their rights

While some structural elements may appear **nontraditional in formatting**, the legal arguments, references, and exhibits have been carefully constructed to conform to judicial standards. The stylistic enhancements are present **only to improve cognitive clarity and documentation flow**, and do not alter the legal intent or substance.

---

## RE: Legal Filing Submission — Shaun Fleck v. Del-One Federal Credit Union

**Procedural History and Summary:**

This case originated from a series of **credit reporting errors and loan servicing issues**, which were then compounded by:

- **Failure to respond to certified inquiries**
- **Record deletions or modifications without acknowledgment**
- **Responses that omitted or avoided specific legal questions**
- **Rerouted or delayed certified mail deliveries**
- **Agency ping-pong and jurisdictional avoidance**

After months of attempting to resolve the issue through administrative and regulatory channels—including the **NCUA, CFPB**, and direct correspondence with the defendant—no clarifications were made. Instead, the pattern of **evasion and silent alteration** continued.

A **final certified settlement opportunity** was issued and expired without proper engagement. This case now moves forward to federal court not out of choice, but necessity.

---

**Request to the Court:**

I respectfully ask the Court to:

- **Grant fee waiver** under the Motion to Proceed In Forma Pauperis
- **Accept Exhibits A through J**, attached both in printed form and digitally (via USB drive)
- **Acknowledge the pattern of avoidance** as relevant to the claims being brought
- **Permit continuation of this matter** under civil RICO and/or related federal causes of action

All evidence has been submitted under **penalty of perjury** and is organized with clear, labeled exhibits and corresponding references in the accompanying filings.

Thank you for your time and consideration of this matter.

Respectfully,

X _____ Date: 06/17/2025

**Shaun Fleck**
*Pro Se Plaintiff*
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
📅 Date:06/17/2025
✉ shaunfleck@gmail.com

**Enclosures:**

- Exhibits A–J
- Motion to Proceed In Forma Pauperis
- Damages Declaration
- USB Drive (digital copy of all exhibits)



**Shaun Fleck v. Del-One Federal Credit Union**
**Case Summary and Index of Filings**

## CASE SUMMARY

This civil action originated from a standard credit inquiry but quickly evolved into a structured and well-documented live audit exposing potential violations of federal law, institutional obstruction, and systemic misconduct.

**Plaintiff Shaun Fleck**, acting pro se and under formal trust-based intellectual property protections, submitted repeated lawful credit dispute requests. These efforts were met with a consistent pattern of evasion, mail manipulation, and refusal to resolve the matter through proper administrative procedure. This pattern prompted an expansion of scope—connecting these behaviors to broader institutional tactics that may trigger RICO applicability.

**Key issues include**:

- Verified USPS interference and rerouting of certified mail
- Stonewalled attempts at resolution from credit bureaus and regulatory agencies
- Recorded evidence of document deletion or alteration without due notice
- Institutional concealment and repeat evasion tactics
- Sustained personal and business hardship, directly traceable to these events

This is **not** a traditional credit dispute. This is a **pattern of denial, avoidance, and systemic non-response** backed by documented timelines, certified mail logs, digital evidence, and sworn declarations.

Filings are pro se by necessity but are structured using proprietary templates and audit methodology developed by the Plaintiff's company—MarketPulse AI, LLC—and its affiliated trusts. These methods utilize AI formatting, legal scaffolding, and symbolic logic to preserve clarity, transparency, and legal enforceability.

**Shaun Fleck v. Del-One Federal Credit Union**
**Case Summary and Index of Filings**

## EXHIBIT INDEX (ACCURATE AND IN ORDER)

| Exhibit | Title | Description |
|---|---|---|
| A | Placeholder – Trust Ownership Declaration | Reserved for submission of company trust & ownership records (digitally included on USB). |
| B | Placeholder – Legal Language Glossary | Reserved for definitions of symbolic/AI-audit formatting logic (digitally included on USB). |
| C | Initial Inquiry + Response from Del-One | First mailed inquiry and Del-One's initial response. |
| D | Second Inquiry (Escalation Letter) | Second follow-up mailing, raising urgency. |
| E | Avoidance Responses & Return Letters | All deflective responses, including strategic clarification and 48-hour notice. |
| F | Regulatory Complaints (NCUA, CFPB) | Federal complaints filed and agency deflections. |
| G | Credit Report Evidence | Full credit report screenshots (included on USB only). |
| H | RICO Notification Letter | Fourth escalation letter initiating formal legal escalation and RICO reference. |
| I | Remaining Del-One Responses | Additional responses from Del-One, non-substantive and evasive. |
| J | Damages Declaration + Final Pre-Lit Letter | Final mailed notice documenting damages and closing opportunity for resolution. |
| K+ | Reserved for Court-Initiated or Supplemental | Space for additional filings, responses, or digital evidence as needed by court progression. |

**Filed Pro Se by:**

X _Shaun Fleck_
**Shaun Fleck**

Date: 06 / 17 /2025

All statements and records submitted under penalty of perjury.

This filing was prepared with the assistance of my company's proprietary formatting systems and AI-assisted legal structuring tools, developed out of necessity to ensure clarity, accuracy, and lawful integrity throughout the submission.



MarketPulse AI, LLC

A Corporate Trust Entity | Audit-Initiated System

**2035 5th St, Apt 210 · Astoria, OR 97103**

| **Jurisdiction:** Oregon, United States

**Email:** marketpulse.ai.llc@gmail.com | www.mpai.shop

# 🖹 Expanded Damages Narrative and Timeline Declaration – Shaun Fleck

**Submitted under penalty of perjury in support of federal complaint and requested relief.**

This case is not about a single delinquent tradeline or a disputed account. It is about **a prolonged systemic breakdown** in accountability, transparency, and the fundamental protections afforded to me under U.S. consumer protection law.

## 🔴 Before the Collapse – A Life on Track

Prior to the events giving rise to this complaint, I was pre-qualified to purchase a home in Florida. I held a senior career as an executive chef and had a clear professional trajectory. I was stable, insured, housed, and financially literate.

## 🔴 Initial Hardship – Pre-COVID, Then Collapse

Del-One Federal Credit Union had already documented a **hardship designation** on my auto loan before COVID-19 hit. When the pandemic struck, my world collapsed:

- I lost my job.
- I lost stable housing.
- I was denied apartments despite income and no major credit delinquencies I was aware of.
- I was forced to rely on **hotels, temporary housing, and the goodwill of friends.**

Most critically, I spent **years believing my credit was far worse than it actually was**, due to an **unlawfully reported and altered tradeline** that was only removed *after I began my investigation and legal escalation.*

## 🔴 The Car – Ongoing Financial and Emotional Suppression

The vehicle tied to this dispute has **remained parked and unusable for over 2.5 years**. I have not been able to insure it. I have not been able to legally drive it.

- **I relied on my mother's vehicle**, which directly impacted her daily life and freedom of movement.
- I used her car to maintain employment, attend legal appointments, and conduct daily activities.
- She **sacrificed use of her own vehicle** for years—without support or acknowledgment from Del-One.

This alone added to both my emotional burden and her material hardship. **Part of my requested damages is explicitly intended to reimburse her** for this burden, including lost access, extra mileage, emotional stress, and shared anxiety over repossession risk.

## 🔴 Governmental & Bureaucratic Runaround

Every attempt I made to get simple answers was met with:

- **Contradictory letters**: One stating they didn't recognize who I was—followed by one attaching my signed contract.
- **No phone calls, emails, or proactive contact** from Del-One in over two years.
- **Credit bureaus provided no clarification, no follow-up, and no response to my legal questions.**
- **CFPB and NCUA passed me back and forth**, each claiming the matter fell outside their jurisdiction—despite clear federal implications and violations of consumer protection statutes.

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



# 📄 Expanded Damages Narrative and Timeline Declaration – Shaun Fleck

## 📌 From a Simple Letter to a Federal Filing

This case began with a **simple white envelope**—an inquiry letter seeking clarity.

What I discovered unraveled a coordinated pattern of:

- Credit tradeline manipulation
- Improper account substitution (Swan Valley to Del-One)
- Spoilation of records after notice
- Mail tampering
- And total failure to comply with the spirit or letter of federal consumer protections

I was **forced to self-educate in contract law, consumer finance statutes, and civil rights protections**, because the very agencies and organizations created to protect me were either silent or evasive.

What began as a business venture evolved into a **federally documented consumer rights audit**, now supported by red-foldered exhibits that chart the precise sequence of deception and deflection.

## 📌 The Damages – Financial, Emotional, Legal

As a direct result of Del-One's actions and omissions, I incurred:

- **Lost housing access**
- **Lost business funding**
- **Lost credit advancement**
- **Vehicle loss-of-use**
- **Direct financial harm to my mother**
- **Emotional harm and forced instability**
- **Suppression of business growth for MarketPulse AI LLC and other ventures**

I am seeking no less than **$500,000 in damages**, comprised of:

- Direct economic loss
- Indirect personal and familial hardship
- Reimbursement to my mother for sustained use of her vehicle
- Legal preparation time and education
- Emotional distress and diminished quality of life
- Spoiled opportunities across housing, employment, credit-building, and government programs

## 📌 Final Note on Discovery

The Court should understand: **every red folder in this filing represents an unanswered question.** I am seeking discovery for what was done in between each stage—*what actions were taken, what was removed or concealed,* and *why federal laws were not followed.*

This is not about vengeance. This is about documentation, proof, and **making truth matter again**.

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com | www.mpai.shop**



# 📄 Expanded Damages Narrative and Timeline Declaration – Shaun Fleck

## Conclusion: Why These Damages Are Justified

These damages are not hypothetical. They are the direct result of compounded, avoidable failures across multiple entities. I did not set out to build a federal case—I set out to fix a problem. What I found instead was a wall of silence, evasive language, system loops, and the unmistakable fingerprints of a corporate playbook designed to exhaust, delay, and deny.

Del-One Federal Credit Union and associated reporting agencies didn't simply fail to respond—they **relied on silence as a defense mechanism**. And they made a critical assumption:

That I would give up.

That I wouldn't document.

That I wouldn't learn.

That I wouldn't escalate.

They were wrong.

But here's the greater concern: **I am not likely the only one.**

The behaviors I've experienced—refusals to validate, backend record manipulation, ignored disputes, rerouted certified mail, and vague "no update" letters—suggest a **repeatable and internalized system of avoidance**, not an isolated incident. This pattern likely extends to others who didn't know how to fight it, or never realized the harm being done to them.

That is what makes this case important.

Because beyond my own personal and financial losses—which span years of missed opportunity, housing instability, and career disruption—this case exposes a structural failure: **an institutional design that depends on public ignorance and procedural friction** to bury liability.

I have lived with the effects of this breakdown. I've shouldered the financial burden. I've watched my mobility disappear. My vehicle has sat parked and uninsured for years while I relied on family to meet basic transportation needs—imposing hardship not only on myself but on those who support me. I was once pre-approved for a home. I later couldn't even qualify for an apartment.

$500,000 is not a reach.

It is a reclamation.

It is an assertion that this story matters—and that silence will no longer be enough to suppress it.

This case isn't just about me. It's about the many people this may have happened to who didn't know where to begin. That ends now. With this record. With these exhibits. With this declaration.

And if Del-One believes this will disappear quietly, they have underestimated the weight of the record— and the power of a voice that refuses to be silenced.

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





### MarketPulse AI, LLC
#### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



# 📄 Expanded Damages Narrative and Timeline Declaration – Shaun Fleck

**In closing**, this case began with simple, reasonable questions—questions any individual has the right to ask when confronted with unexplained entries on their credit report or the silent erosion of their rights. What followed was not transparency, but evasion.

As their answers failed to come, and as the contradictions deepened, I was forced to continue examining and documenting everything I encountered. What began as a request for clarification has now become—by necessity—an informal audit of the underlying systems that enabled this harm.

Though I suspected some of these questions would not be answered, I still had the right to ask them. I do not believe I am the only one who has experienced this pattern. But I may be one of the first to follow it all the way through. And for that, I seek remedy not only for the measurable financial damages, but for the years of avoidable harm this silence allowed to persist.

*In every audit, the pattern either deflects or reflects. This time, it reflected*

\*All claims herein are supported by Exhibits C–J, included in physical and digital form.

✐ **TRUST SIGNATURE BLOCK**

X _____  **Date:** 06 / 17 /2025

**Shaun Fleck** Pro Se Litigant

2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust

📅 Date:06/17/2025

✉ shaunfleck@gmail.com

🔐 Parent Email: shaunfleck@marketpulseaillc.onmicrosoft.com

🌐 www.mpai.shop | www.tarbix.com

**Entities Represented:**

**MarketPulse AI LLC**
OR Registry #: 2321399-98
Email: marketpulse.ai.llc@gmail.com

**Tarbix Academy LLC**
OR Registry #: 232139998
Email: tarbix.mpai.llc@gmail.com

**Unshyft Global Holdings LLC**
OR Registry #: 242152395
Email: unshyft@marketpulseaillc.onmicrosoft.com

Legal Name: MARKETPULSE AI CORPORATE TR | UNSHYFT NLT



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





### MarketPulse AI Corporate Trust
**2035 5th St, Apt 210 · Astoria, OR 97103**
• **EIN: 39-6888518| Jurisdiction: Oregon, United States**
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



## 🏷 Exhibit A, B, K

## EXHIBITS A, B, AND K+ – PLACEHOLDER NOTICE
*Filed in Support of Case: Shaun Fleck v. Del-One Federal Credit Union*
**To the Clerk of the Court and All Reviewing Parties:**
This notice is provided to clarify the reserved status of Exhibits **A**, **B**, and **K+**, which are being held open for procedural, evidentiary, and timeline purposes.

---

### Exhibit A – Trust Ownership Declaration
This placeholder affirms that the Plaintiff, Shaun Fleck, is the lawful operator and controlling trustee of multiple intellectual property and asset-holding trusts, including those connected to MarketPulse AI, LLC and affiliated systems. The ownership and structuring documentation for these trusts—while not included in this initial filing—is available upon request or in future filings, should corporate standing, fiduciary structure, or asset protection become relevant.
*Purpose:* To establish legal continuity between individual action and affiliated business structures under trust-based protections.

---

### Exhibit B – Legal Language Glossary
This placeholder reserves space for a companion glossary and interpretation sheet that defines and contextualizes:
- Proprietary formatting elements
- Symbolic and template-based legal phraseology
- AI-aided structuring and organizational techniques used throughout these filings

*Purpose:* To ensure accessibility and clear judicial interpretation of documents produced through advanced formatting and symbolic scaffolding systems. Glossary submission may be filed if the Court or opposing party requests clarification on structure, tone, or procedural architecture.

---

### Exhibit K+ – Reserved for Ongoing & Supplemental Evidence
This placeholder designates the continuation of the live audit process. Several USPS-certified letters related to this matter are still unresolved or in transit due to known interference patterns, return anomalies, or rerouting. These communications—if and when received—will be submitted under Exhibit K+ as supplemental evidence. Additionally, this exhibit category includes:
- Future agency responses
- Further Del-One contact or resolution attempts
- Any Court-directed or newly surfaced documentation
- Updated credit bureau results and legal filings emerging post-submission

*Purpose:* To maintain structural readiness for post-filing developments and preserve evidentiary continuity.

---

### Filed in Good Faith:
All placeholders are submitted under penalty of perjury as part of an ongoing, good-faith effort to comply with Rule 26 disclosure and maintain document integrity across personal, corporate, and fiduciary lines.
**Respectfully submitted,**
Shaun Fleck
*Pro Se Plaintiff*

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent.



Exhibit A, B, K+



**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**

##  📁 EXHIBIT C – First Letter Delivery, Response, and Legal Triggers

- ◆ **Exhibit Title Page (for binder/folder cover)**

**Exhibit C: Certified First Demand Letter Delivery & Del-One Response**
*Includes all evidence of initial certified mail delivery, first contradictory response from Del-One FCU, and legal compliance demands.*
**Date Range:** March 20 – March 28, 2025
**Purpose:** To establish that Del-One received and responded to the initial legal demand with an acknowledgment that contradicts itself—setting the foundation for material misrepresentation, avoidance behavior, and FCRA/FDCPA predicate claims.

---

### 📄 Contents of Exhibit C Folder

### 📄 Section C-1: Legal Demand Packet (March 20, 2025)
- `Auto loan CO letter.1.1.sent.3.20.25.docx`
- `legal compliance auto letter. pg.2.docx` → [Includes all relevant statutes: UCC, TILA, FDCPA, FCRA, FTC Act]legal compliance auto l…
- `requiared documents auto pg.3.docx` → [Includes document checklist for full legal validation of loan/lien]requiared documents aut…

### 📄 Section C-2: Proof of Certified Mailing
- Return receipt image with signature (name visible on receipt)
- USPS screenshot showing delivery date and time
- Matching tracking slip (physical scan or photo)

### 📄 Section C-3: Del-One's Contradictory Response
- Response letter received from Del-One stating:
  - ○ "We're unsure who this is or what this refers to" (lack of standing claim)
  - ○ Yet also enclosing a copy of the **contract** (proof that they did know)
- Envelope scan with postmark (if available)
- Any contradictory language highlighted for clarity



---

### 📄 Summary Paragraph (for inside folder or taped to front)

This exhibit proves that Del-One FCU **received and responded** to a legally grounded demand for validation but failed to follow federal consumer protection laws. Their contradictory response acknowledges the alleged contract while claiming lack of clarity on the sender—triggering both FDCPA (15 USC §1692g) and FCRA (15 USC §1681s-2) violations. The included legal compliance page lays out the mandatory statutes that were ignored, while the required document checklist shows what Del-One failed to deliver—despite being put on notice.

---

🖉 **TRUST SIGNATURE BLOCK**
**Shaun Fleck X** _(signature)_ _____ **Date:** 06 / 17 /2025
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
🗓 Date:06/17/2025
✉ shaunfleck@gmail.com

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



exhibit-C

# FORMAL DEMAND FOR VALIDATION & TITLE RELEASE

**Recipient Information: Delaware Federal Credit Union**
150 E Water St
Dover, DE 19901-3614

---

**Sender Information: Shaun Fleck**
2035 5th St, Apt 210
Astoria, OR 97103

**Date:** March 21, 2025

**Sent via Certified Mail – Return Receipt Requested**

---

**Primary Demand for Validation & Title Release**

**Subject:** Immediate Demand for Debt Validation & Title Release – Case Associated with Auto Loan [Last 4 SSN: 7494]

**To Whom It May Concern,**

This letter serves as a **formal demand for full validation** of the alleged auto loan account associated with my name (Shaun Fleck) and Social Security Number [Last 4: 7494] under the **Fair Credit Reporting Act (FCRA), Truth in Lending Act (TILA), and Uniform Commercial Code (UCC).**

According to my **recent credit report**, Delaware Federal Credit Union has reported this loan as **charged off** as of **January 31, 2025**. Despite this, there has been **no verification provided** that you still maintain a valid claim over the vehicle, nor have you demonstrated proper lien perfection.

In accordance with federal and contractual laws, I demand **immediate validation of this alleged debt and lien, including all relevant records.** If validation cannot be provided, I demand that you **immediately release the lien and deliver the vehicle title to my possession.**

## 1. Validation of Loan Origination & Transactional Records

Pursuant to **15 U.S. Code § 1635 (TILA) and UCC Article 3**, provide the following:

- A **certified copy of the original wet-ink promissory note** bearing my signature.
- **Full accounting ledger** showing proof that this loan was funded from Delaware Federal Credit Union's own assets, rather than created through internal ledger entries.
- **Detailed transactional history** proving where each payment I made was applied, and a disclosure of any third-party entities that received portions of my payments.

1

*ex-c*

# FORMAL DEMAND FOR VALIDATION & TITLE RELEASE

### 2. Lien Perfection & Proof of Legal Ownership

Under **UCC 9-203 & 9-210**, I request the following:

- A **certified copy of the UCC-1 financing statement** related to this vehicle.
- A **notarized affidavit** confirming that Delaware Federal Credit Union still holds an enforceable lien on the vehicle.
- A **full title history**, including any sales, assignments, securitizations, or transfers of the lien.

If you fail to provide this information, it is a legal admission that **Delaware Federal Credit Union no longer holds a lawful claim over the vehicle** and must **release the lien immediately.**

### 3. Verification of Debt Sale, Securitization, or Charge-Off Status

If this loan was **sold, assigned, or securitized**, you are legally required to provide:

- A **complete chain of custody of the lien, including all third-party transfers or sales.**
- Documentation of **any insurance claims or payouts** made on this account.
- A **copy of IRS Form 1099-C** if this loan has been written off for tax purposes.

If this account has been charged off and sold to a third party, **Delaware Federal Credit Union no longer has legal standing** to claim any interest in the loan or vehicle.

### 4. Immediate Corrective Actions Required

Delaware Federal Credit Union must take the following actions **within 15 days** of receiving this letter:

- **Provide all requested documentation for debt validation and lien perfection.**
- **If validation cannot be provided, remove the lien and overnight the title to my address.**
- **Cease all collection activities related to this loan.**

Failure to comply will result in **escalation through regulatory complaints and legal action.**

Sincerely,
**Shaun Fleck**

**Signature Disclaimer:**
*"This signature is for verification purposes only and may not be used for contract modifications, endorsements, or replication. Unauthorized use constitutes fraud under UCC § 1-103 and 15 U.S.C. § 6821."*

2

ex-c

# **Required Documents Checklist**

The following documents are required for full validation of the alleged loan and lien:

1. Certified copy of the original wet-ink promissory note.

2. Complete transactional ledger from loan origination to present.

3. Detailed records of all payments made and their applications.

4. IRS Form 1099-C (if the loan was written off).

5. Certified copy of the UCC-1 filing document.

6. Notarized affidavit affirming current ownership of the lien.

7. Complete history of any sales, assignments, or securitization of the loan.

8. Verification of any insurance claims filed on the loan.

9. **Full reconciliation of all payments made, including documentation proving that funds were applied to an active, lawful debt obligation.**

   If validation cannot be provided, a corrective resolution must be presented.

If Delaware Federal Credit Union cannot provide these documents, the lien must be removed, and the vehicle title must be immediately transferred to my possession.

ex-C

# <u>Legal References & Regulatory Compliance</u>

This section serves as a direct reference for all applicable legal statutes that govern this dispute.

### A. Loan Origination & Negotiable Instruments (UCC Article 3 & 9)

- **UCC 3-104** – The promissory note is a negotiable instrument; once sold, the original creditor loses standing.
- **UCC 3-305** – The obligor has the right to challenge the authenticity and standing of the note.
- **UCC 9-203** – A security interest (lien) is only valid if value was actually given in exchange.

### B. Truth in Lending Act (TILA) – Federal Lending Regulations

- **15 U.S. Code § 1601** – Lenders must fully disclose loan terms and funding sources.
- **15 U.S. Code § 1635** – Borrowers have the right to demand validation of any debt.

### C. Fair Credit Reporting Act (FCRA) – Reporting Violations

- **15 U.S. Code § 1681s-2** – It is illegal to report inaccurate or unverifiable information.

### D. Fair Debt Collection Practices Act (FDCPA) – Consumer Protections

- **15 U.S. Code § 1692g** – The burden of proof is on the creditor to validate a debt upon request.

### E: Constitutional & Consumer Protection Laws

- **Restatement (Third) of Restitution and Unjust Enrichment § 1** – A party that benefits from unjust retention of another's funds must return such funds to avoid unjust enrichment.
- **15 U.S. Code § 45 (Federal Trade Commission Act - Unfair Practices Clause)** – Engaging in deceptive financial practices that result in unfair economic harm constitutes grounds for enforcement and civil liability.
- **UCC 3-305** – If a contract is challenged and found to be unenforceable due to a lack of lawful consideration, all payments made under the contract must be restored to the payer.

Delaware Federal Credit Union's failure to provide proper documentation would constitute **fraudulent misrepresentation and unjust enrichment.**

ex-C



# MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



## 📎 Certified tracking screenshots





© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.







**Del-One**
Federal Credit Union
270 Beiser Blvd., Dover, DE 19904



WILMINGTON
197 P   4  L
04 APR 2025

US POSTAGE PITNEY BOWES
$ 000.69°
02 4W
0000385269 APR 02 2025



9710385561



**(302) 739-4496 | WWW.DEL-ONE.ORG**

April 2, 2025

Shaun Fleck
2035 5th St. Apt 210
Astoria, OR 97103

Re:  Direct Dispute Notice

Dear Shaun Fleck:

Del-One has received your Direct Dispute Notice (enclosed) regarding the following account furnished to the Consumer Reporting Agencies:

**XXX430**

Del-One was not able to conduct a reasonable investigation because we were not provided with sufficient information to investigate the disputed information.  For Del-One to investigate, the following information is required:

a.   Sufficient information to identify the account or other relationship that is in dispute, such as an ***account number (with suffix included), full name or Social Security number***.
b.   The specific information that you are disputing and an explanation of the basis for the dispute.
c.   All supporting documentation, including: a copy of the relevant portion of your *credit report* from one of the 3 main credit reporting agencies (i.e., Experian, Equifax, or Transunion) that contains the allegedly inaccurate information.

> ***You can order your free annual credit report-***
> By telephone- Call Toll-Free 1—877-322-8228
> On the web: Visit www.annualcredit report.com

If you would like information regarding your account, please review your statements available online at www.del-one.org. Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Sincerely,

Del-Once FCU



*ex-C*

DEAL# 19045

02/21/2018

**DELAWARE**
**RETAIL INSTALLMENT CONTRACT (MOTOR VEHICLE)** Date: _____ Account # _____

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all scheduled payments. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is $ |
|---|---|---|---|---|
| 7.35 % | $ 12840.48 | $ 44886.00 | $ 57726.48 | $ 57726.48 |

| No. of Payments | Amount of Payments | When Payments Are Due Monthly, beginning | Security: You are giving a security interest in the motor vehicle being purchased. |
|---|---|---|---|
| 84 | $ 687.22 | 04/07/18 | Prepayment: You may repay all or part of what you owe at any time without any prepayment penalty. |
| | $ N/A | | |

Filing Fees $ 20.00

Late Charge: If a payment is more than 10 days late, you will be charged the lesser of $15.00 or 5% of the total amount of the payment which was not paid in full.

See below and any other Contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. • means estimate

In this Contract, we are the SELLER.
WINNER DOVER 1387, LLC
1387 N DUPONT HWY          DOVER, DE 19901
Name                Address                Zip Code

This Contract is between Seller and Buyer. All disclosures have been made by Seller. Seller intends to assign this Contract to the Assignee.

You are the BUYER(S):
SHAUN EDWARD FLECK 38477 OCEAN BLVD UNIT 639 FRANKFORD DE 19
Name(s)          Address(es)          Zip Code(s)

If there is more than one Buyer, each promises, separately and together, to pay all sums due as and to perform all agreements in this Contract.

**TRADE-IN:** You have traded in the following vehicle:
2015 KIA      FORTE
Year and Make      Description

If a balance is still owing on the vehicle you have traded in, the Seller will pay off that amount on your behalf. You warrant and represent to us that any trade-in is free from lien, claim, encumbrances or security interest, except as shown in the Itemization of Amount Financed as the "Lien Payoff."

**PROPERTY INSURANCE:** You may choose the person through whom insurance is obtained against loss or damage to the Vehicle and against liability arising out of use or ownership of the Vehicle. In this Contract, you are promising to insure the Vehicle and keep it insured.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**CREDIT INSURANCE IS NOT REQUIRED:** Credit Life Insurance and Credit Accident and Health Insurance are not required to obtain credit, and will not be provided unless you sign below and agree to pay the additional cost(s). Your insurance certificate or policy will tell you the MAXIMUM amount of insurance available. All insurance purchased will be for the term of this credit.

By signing, you select Single Credit Life Insurance, which costs $ N/A. What is your age? ___ Yrs.

By signing, you select Single Credit Accident & Health Insurance, which costs $ N/A. What is your age? ___ Yrs.

Signature of Buyer to be insured for Single Credit Life Insurance

Signature of Buyer to be insured for Single Credit Accident & Health Insurance

By signing, you both select Joint Credit Life Insurance, which costs $ N/A. What are your ages?

By signing, you both select Joint Credit Accident & Health Insurance, which costs $ N/A. What are your ages?   Percentage to be insured

1.
2.
Signatures of both Buyers to be insured for Joint Credit Life Insurance

Signatures of both Buyers to be insured for Joint Credit Accident & Health Insurance

Insurer:

**VEHICLE:** You have agreed to purchase, under the terms of this Contract, the following motor vehicle and its extra equipment, which is called the "Vehicle" in this Contract. See purchase order.

| N/U | Year and Make | Model | Body Style | No. Cyl | Truck Ton Capacity | Serial Number |
|---|---|---|---|---|---|---|
| NEW | 2018 SUBARU | WRX | SD | 4 | | JF1VA1K68J9826608 |

Equipped with: ___ A.1 ___ P.S. ___ AM-FM Stereo ___ 5 Spd. ___ Other: _____
___ A.C. ___ P.W. ___ AM-FM Tape ___ Vinyl Top

**Itemization of Amount Financed**

| | |
|---|---|
| Cash Sale Price | $ 36079.00 |
| Cash Down payment | $ 1000.00 |
| Trade-In | |
| Value of Trade In | $ 7000.00 |
| Lien Payoff to global lending | $ 14000.00 |
| Unpaid Balance of Cash Price | $ 42079.00 |
| Amount Paid to Others on Your Behalf (We may retain a portion of these amounts) | |
| To Public Officials for: | |
| License, Tags and Registration | $ 275.00 |
| Official Fees | $ 1237.00 |
| To Credit Insurance Company | $ N/A |
| To | $ N/A |
| To GAP INSURANCE | $ 800.00 |
| To Admin Fee | $ 495.00 |
| To | $ N/A |
| Amount Financed | $ 44886.00 |

**ASSIGNEE:** We may assign this Contract and Security Agreement to the Assignee named in this section, which is the "Assignee." If at any time the Owner of the Contract assigns the Contract to another assignee, the term shall refers to such other assignee. After the Assignment, all rights and benefits of the Seller in this Contract and its Security Agreement shall belong to and be enforceable by the Assignee. The Assignee is:

Del-One Federal Credit Union
270 Beiser Blvd.
Enterprise Business Park
Dover, DE 19904

**CO-SIGNER:** Any person signing the Co-Signer's Agreement below promises separately and together with all Co-Signer(s) and Buyer(s), to pay all sums due and to perform all agreements in this Contract. Co-Signer will not be an Owner of the Vehicle.

**CO-OWNER:** Any person signing the Co-Owner's Security Agreement below gives us a security interest in the Vehicle and agrees separately and together with all Co-Owner(s) and Buyer(s), to perform all agreements in the Security Agreement and all other parts of this Contract except the "Promise to Pay" section.

**TERMS:** The terms shown in the boxes above are part of this Contract.

**Buyer's Guide Window Sticker.** If the Car which is described on the face of this Contract has a Buyer's Guide Window Sticker required by the Federal Trade Commission Used Car Trade Regulation Rule, the following notice applies:

The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

**PROMISE TO PAY:** You agree to pay us the Total Sale Price for the Vehicle by making the Cash Down payment, counting the Trade-in, if shown above, and paying us the Amount Financed plus interest. You promise to make payments in accordance with the Payment Schedule above. You promise to make payments on or before the same day of each month as the first payment Due Date. Even if you repay, you will still be required to make the regularly scheduled payments unless we agree in writing to a change in the payment schedule. You agree to pay all other amounts which may become due under the terms of this Contract. You agree to pay the Seller or Assignee court costs. You also agree to pay reasonable attorney's fees not exceeding 15% of the amount due if Seller or Assignee hires an attorney who is not a salaried employee of Seller or Assignee to collect amounts due under this Contract or to protect or get possession of the Vehicle. You agree to make payments at the place or to any person to the address which the Assignee most recently specified in any written notice to you.

By signing below, we agree to sell the Vehicle to you under the terms of this Contract.

**SECURITY AGREEMENT:** To secure the payment of all sums due and the performance of all required agreement under this Contract, you give a security interest in the Vehicle, in all parts (called "accessions") attached to the Vehicle at any later time, and in any proceeds of the Vehicle, including insurance proceeds. The Assignee may set-off any amounts due and unpaid under this Contract against any of your money on deposit with Assignee. This includes any money which is now or may in the future be deposited with Assignee by you. Assignee may do this without any prior notice to you.

**ADDITIONAL TERMS AND CONDITIONS:** THIS CONTRACT CONTINUES ON THE REVERSE SIDE. YOU ARE OBLIGATED TO ALL THE TERMS OF THE CONTRACT WHICH APPEAR ON THE FRONT AND REVERSE SIDES.

NOTICE TO THE BUYER: (1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (2) YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.

BUYER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS CONTRACT AT THE TIME OF SIGNING.

WINNER DOVER 1387 LLC _____ 02/21/18

BUYER _____ (SEAL) 02/21/18 Date

BUYER _____ (SEAL) 2/21/18 Date

**CO-SIGNER: YOU SHOULD READ THE NOTICE TO CO-SIGNER, WHICH HAS BEEN GIVEN TO YOU ON A SEPARATE DOCUMENT, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.**
**CO-SIGNER'S AGREEMENT:** You, the person (or persons) signing below as "Co-Signer," promise to pay us all sums due on this Contract and to perform all agreements in this Contract to be performed by Buyer. You intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. You are making this promise to induce us to make this Contract with the Buyer, even though we will use the proceeds only for the Buyer's benefit. You agree to pay even though we may not have made any prior demand for payment on the Buyer or exercised our security interest. You also acknowledge receiving a completed copy of this Contract.

(SEAL)
Co-Signer's Signature          Address          Date

(SEAL)
Co-Signer's Signature          Address          Date

**CO-OWNER'S SECURITY AGREEMENT:** You, the person signing below as "Co-Owner," together with the Buyer or otherwise being all of the Owner of the Vehicle, give us a security interest in the Vehicle identified above. You agree to be bound by the terms of the Security Agreement and all other parts of this Contract except the "Promise to Pay" section. You are giving us this security interest to induce us to make this Contract with the Buyer, and to secure the payment by the Buyer of all sums due on this Contract. You will not be responsible for any deficiency which might be due after repossession and sale of the Vehicle.

(SEAL)
Co-Owner's Signature          Address

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

ORIGINAL: White • DEALER'S COPY: Canary • BUYER & CO-SIGNER'S COPY: Pink • COPY: Goldenrod

ex-C



One copy of contract sent in first letter from del one.

ex-C




## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| Jurisdiction: Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**

 ## Exhibit D – Escalation and Pre-Litigation Final Notices

📁 **Included Documents:**

1. `Final_Demand_Letter.docx`
   – Your certified legal notice sent April 11, 2025, with cited federal violations (FCRA, FDCPA, UCC, FTC).
2. `Cover_Letter_Final_Escalation.docx`
   – Ties together your escalation package.
3. `Violations_Summary_UPDATED.docx`
   – Clear breakdown of each legal violation and event.
4. `Damages_Breakdown.docx`
   – Calculated and itemized economic and reputational harm.
5. `Declaration_of_Strategic_Authorship_ShaunFleck.docx`
   – Establishes creative and legal authorship of the system used.
6. `Press_Release_Draft.docx`
   – Prepared media release for use after April 20, 2025.
7. 📷 **Screenshot Evidence / Images**
   – Images `a3d1efd0...` and `8a12d56d...` showing delivery confirmations and mail return patterns.

---

✍️ **Recommended Exhibit D Cover Page (Paste onto letterhead):**

**Exhibit D: Pre-Litigation Escalation & Strategic Notice Package**

This exhibit contains the final pre-litigation demand issued to Del-One Federal Credit Union, dated April 11, 2025. It outlines the culmination of all unresolved violations, including certified mail documentation, quantified damages, and public press strategy. All materials within were delivered and timestamped via certified mail.

These documents serve as evidence of both the opportunity to cure and the willful continuation of harm. Also included are public disclosure plans, protected authorship declarations, and damage summaries.

❗ *Failure to respond to this package directly triggered the transition to federal complaint preparation and regulatory submission escalation.*

**Shaun Fleck**

---

✒️ **TRUST SIGNATURE BLOCK**

X_____ Date:_____/_____/2025

**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
📅 Date:06/17/2025
✉️ shaunfleck@gmail.com

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





# Final Demand for Reimbursement and Title Release

Shaun Fleck
2035 5th Street, Apt 210
Astoria, OR 97103
503-686-8586
Last 4 of SSN: 7494

April 11, 2025

To:
Delaware Federal Credit Union
Office of General Counsel
150 E Water Street
Dover, DE 19901

Subject: Final Demand for Reimbursement – Account #627290XXXXX

Dear Counsel,

This certified correspondence is your final notice of demand before the initiation of litigation and full regulatory complaint escalation. Despite your previous communications, your institution has failed to remedy the ongoing harm caused by the false and duplicative reporting of derogatory tradelines and the unlawful retention of a vehicle lien post charge-off. These actions constitute violations of:

- FCRA § 623 and §1681s-2(b) (failure to correct known inaccuracies)
- UCC Article 9 – Conversion (lien retained without consideration)
- FTC Act §5 – Deceptive and Unfair Practices
- FDCPA §1692e(8) – Knowingly reporting false credit info

As documented, I was denied credit by American Express on March 18, 2025, due to derogatory tradeline entries you failed to correct despite direct dispute. This denial is one of multiple, and you may consider it a representative example of the business harm your unlawful conduct has caused.

This demand includes:
- Immediate lien release and vehicle title transfer
- Permanent deletion of all related tradelines from all CRAs
- Reimbursement of $22,500 for ongoing economic and reputational damage

1 of 2 – Final Demand Letter – Shaun Fleck vs. Del-One FCU WITHOUT PREJUDICE – ALL RIGHTS RESERVED

ex-D

# Final Demand for Reimbursement and Title Release

You are reminded this amount is a compromise offer. Should this dispute escalate to court, I will seek full restitution for damages exceeding $250,000. I am prepared to present additional documentation, business denials, and contract interference evidence at trial.

This is your opportunity to resolve this matter in a confidential and final manner. A lack of full compliance within 7 business days will be interpreted as bad faith and intentional suppression, triggering full legal and media escalation.

To be clear, your institution's previous claim that additional information was required is invalidated by your own actions—specifically, your attachment of the original loan agreement bearing both my signature and the tradeline linked to my personal credit file. This confirms full knowledge and control over the account and renders your request for "more identifying information" a delay tactic at best. Know that continued deception will bring the full weight of legal and regulatory consequence crashing down upon you.

**Sincerely,**
**Shaun Fleck**
2035 5th Street, Apt 210
Astoria, OR 97103
503-686-8586
SSN (Last 4): 7494

X_____   Date:___/___/_____

*Signature provided for identification and correspondence purposes only. This signature may not be copied, reproduced, or used to create any legal, financial, or contractual obligation without express written consent from the signer.*

*This communication and associated legal notice specifically forbid any internal or external flagging, rerouting, suppression tagging, or reassignment of my SSN (7494) by Delaware Federal Credit Union or its data reporting vendors. Any future appearance of a derivative or reformatted tradeline associated with my personal identifying information after receipt of this notice will be treated as intentional fraud, concealment, and a continuation of the original violation.

**This document is a formal legal demand and may be submitted as evidence in regulatory filings or litigation. Any misrepresentation, modification, or unauthorized use of its contents or signature may constitute fraud or unlawful tampering under state and federal law. All rights reserved

2 of 2 – Final Demand Letter – Shaun Fleck vs. Del-One FCU WITHOUT PREJUDICE – ALL RIGHTS RESERVED

ex-P

# Reference Sheet – Escalation Documentation

**NOTICE TO FURNISHER / DATA HOLDER:**
This reference document is provided to eliminate any claim of insufficient or missing identifying information, account references, or ownership clarity. It is presented **in anticipation of and in direct response to** your prior correspondence, which improperly alleged a lack of sufficient data — despite the fact that you yourselves retrieved and relied upon these exact same records in your own formal reply.

Pursuant to rights afforded under the **Fair Credit Reporting Act (15 U.S.C. §1681i and §1681g)**, **Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809)**, **UCC Article 9**, and **Regulation P**, you are **hereby notified** that **any continued refusal to investigate, correct, or validate based on "insufficient identifying information"** will be treated as **willful noncompliance**, **intentional obstruction**, and/or **bad faith conduct**.

All information necessary to identify the account, its origin, related lien, vehicle, consumer, prior address, and relevant transactional records is now affirmed below, with full cooperation implied and discoverable under litigation and regulatory oversight.

**This document is to be treated as a sworn declaration of identity and claim validation in support of all present and future legal actions and regulatory investigations.**

Name: Shaun Edward Fleck

Date of Birth (Last 4 of SSN): ***-**-7494

Original Auto Loan Account #: 627290XXXXX

VIN: JF1VA1K68J9826608

Vehicle: 2018 Subaru WRX

Date of Loan/Contract: 02/21/2018

Previous Address at Time of Loan: 38477 Ocean Blvd Unit 639, Frankford, DE 19945

Current Address: 2035 5th St, Apt 210, Astoria, OR 97103

Enclosed materials contain confidential legal, financial, and regulatory dispute documentation. Unauthorized copying, redirection, or suppression constitutes bad faith and may result in civil or regulatory action.

eX-D

## DRAFT PRESS RELEASE – FOR IMMEDIATE DISTRIBUTION

Astoria, Oregon – April 11, 2025

Consumer rights advocate and entrepreneur Shaun Fleck has issued a final demand to Delaware Federal Credit Union, citing violations of federal consumer protection laws, illegal credit reporting, and the unlawful retention of a lien on his vehicle post charge-off.

Mr. Fleck, who has documented attempts to resolve the matter directly with the credit union, is now demanding $22,500 in restitution for damages to his credit, reputation, and business operations. The demand follows months of documented non-compliance, including continued false tradeline reporting to national credit bureaus, failure to provide documentation, and harm proven through credit denials.

"If Del-One refuses to resolve this, I'll be pursuing them in federal court and bringing this to regulators, media, and consumers. It's time we stop letting institutions use paperwork and process to silence harm they know they caused," Fleck said in a prepared statement.

The dispute centers around an auto loan account (#627290XXXXX) that was charged off but continued to be reported and held under lien—without validation or assignment—violating federal standards and enabling what Fleck calls "constructive fraud."

This may be just one of many similar cases where inaccurate reporting leads to business and personal financial damage. Mr. Fleck is also reviewing legal options to open a broader class action.

For further details, contact:
Shaun Fleck
2035 5th Street, Apt 210
Astoria, OR 97103
503-686-8586

X_____ Date:____/____/_____


Attention: this document amongst others is to be released on. April 20th 2025. The terms in the Documentation within the Certified letter are not met. In a timely and orderly fashion.

This communication and associated legal notice specifically forbid any internal or external flagging, rerouting, suppression tagging, or reassignment of my SSN (7494) by Del-One Credit Union or its data reporting vendors. Any future appearance of a derivative or reformatted tradeline associated with my personal identifying information after receipt of this notice will be treated as intentional fraud, concealment, and a continuation of the original violation

ex-D

# Summary of Legal Violations & Evidence

Borrower: Shaun Fleck
Account #: 627290XXXXX
Date: April 11, 2025

1. FCRA §623 & §1681s-2(b):
  - Willful failure to update inaccurate tradelines across multiple CRAs after being put on notice.
  - Continued dual reporting (Del-One FCU & Swan Valley).

2. FDCPA §1692e(8):
  - Knowingly communicating false credit information to credit bureaus.

3. UCC Article 9 – Conversion:
  - Retaining lien after charge-off with no consideration, causing suppression of title.

4. FTC Act §5 – Deceptive Practices:
  - Refusal to remove tradeline or release lien while claiming account is closed and uncollectible.

5. FCRA §1681e(b) and §1681i:
  - Failure to ensure maximum possible accuracy and reasonable reinvestigation after dispute.

Supporting Evidence:
- Credit denial letter from American Express (March 18, 2025)
- Response from Del-One (April 2, 2025) admitting no investigation occurred
- Vehicle registration documents
- Original retail installment agreement

1    This communication and associated legal notice specifically forbid any internal or external flagging, rerouting, suppression tagging, or reassignment of my SSN (7494) by Del-One Credit Union or its data reporting vendors. Any future appearance of a derivative or reformatted tradeline associated with my personal identifying information after receipt of this notice will be treated as intentional fraud, concealment, and a continuation of the original violation

ex-D

# Summary of Legal Violations & Evidence

Additional documentation is available upon legal request or formal discovery. Upon initiation of litigation, I will exercise my right to full disclosure of your lending practices, credit furnishing protocols, account securitization procedures, and collateral handling in accordance with the Fair Credit Reporting Act (15 U.S.C. § 1681g), the Truth in Lending Act (15 U.S.C. § 1601 et seq.), the Gramm-Leach-Bliley Act (15 U.S.C. § 6801–6809), the Uniform Commercial Code (UCC Articles 3 & 9), and the Federal Rules of Civil Procedure governing discovery (Rule 26–34).

Sincerely,

Shaun Fleck

2035 5th Street, Apt 210

Astoria, OR 97103

503-686-8586

SSN (Last 4): 7494

X_____ Date ___/____/_____

_Signature provided for identification and correspondence purposes only. This signature may not be copied, reproduced, or used to create any legal, financial, or contractual obligation without express written consent from the signer._

2    This communication and associated legal notice specifically forbid any internal or external flagging, rerouting, suppression tagging, or reassignment of my SSN (7494) by Del-One Credit Union or its data reporting vendors. Any future appearance of a derivative or reformatted tradeline associated with my personal identifying information after receipt of this notice will be treated as intentional fraud, concealment, and a continuation of the original violation

ex-P

# Declaration of Strategic Authorship & Document Certification

I, Shaun Fleck, affirm under penalty of perjury that every document enclosed in this package was generated under my personal strategic direction, reviewed in full, and finalized by me.

Artificial intelligence was used solely as a research and formatting assistant, not a legal representative or acting agent. I am the originator and signatory of all content, arguments, and demands made in this package.

This declaration serves as preemptive clarification of authorship, process integrity, and legal standing. Any attempt to delay this matter by claiming "non-human authorship," "procedural ambiguity," or lack of disclosure shall be deemed bad faith obstruction and added to my complaint record.

I respectfully request that no further delay or document request be made unless required by formal regulatory or judicial authority.

Signed:
Shaun Fleck
April 10, 2025

X_____ Date: _____/_____/_____

**Post-Signature Declaration of Standing and Legal Notice:**

*By affixing my signature below, I declare under penalty of perjury that every fact, harm, and claim contained in this package is truthful, accurate, and supported by verified evidence. This document shall serve as legal notice to any recipient, custodian, or institutional agent that full liability—including personal civil exposure, fiduciary breach, and institutional negligence—may attach upon receipt if no corrective action is taken.*

*This package has been reviewed by legal counsel, subjected to simulation-based risk assessment, and submitted to regulatory enforcement tracking. Any party who chooses to ignore, delay, or distort this submission does so under full legal and reputational risk.*

**Your inaction is now a matter of public and legal record.**

**Legal Notice & Protection Footer:**

*This document and all associated enclosures were created under the direct strategic instruction and authorship of Shaun Fleck. Any AI-assisted content was utilized exclusively as a support tool and not as a decision-maker. All final materials were reviewed, modified, and executed by the undersigned.*

*This document is protected under federal law, including but not limited to 15 U.S.C. § 1681, the Uniform Commercial Code, the Electronic Signatures in Global and National Commerce Act (E-SIGN), and applicable privacy and authorship statutes. Unauthorized replication, misrepresentation, digital redaction, or denial of this record's authenticity may result in civil and criminal penalties.*

*Tampering with, misusing, or disregarding this document in an attempt to suppress legal rights, obscure authorship, or discredit any attached signatures shall be deemed willful interference and obstrUCtion of lawful process.*

**Signature and authorship protected: © Shaun Fleck**

ex-D

# Structured Damages Breakdown – $22,500 Claim

Borrower: Shaun Fleck
Account #: 627290XXXXX
Date: April 11, 2025

This document summarizes the basis for the $22,500 reimbursement demand presented to Delaware Federal Credit Union.

1. Direct Financial Harm:
   - Credit denial by American Express (March 18, 2025) = $2,500
   - Lost business opportunities and funding delays = $4,000

2. Reputational Damage:
   - Mislabeling as delinquent borrower = $5,000
   - Association with inaccurate collections and dual reporting = $2,000

3. Business Interference:
   - Denied business loans and credit lines = $3,500
   - Inability to secure equipment or vendor financing = $2,500

4. Emotional and Psychological Harm:
   - Ongoing stress due to unlawful lien = $2,000
   - Professional damage in the business community = $1,000

TOTAL CLAIM: $22,500

Note: This figure reflects a compromise demand. Should this proceed to trial, I will pursue full economic damages exceeding $250,000, supported by additional denials, regulatory claims, and recovery of opportunity costs.

This document may be submitted as evidence in formal litigation or regulatory review. Unauthorized use, modification, or distribution of this document without consent may constitute legal or ethical misconduct. All rights reserved._

Sincerely,

Shaun Fleck

2035 5th Street, Apt 210 Astoria, OR 97103

503-686-8586

SSN (Last 4): 7494

X_____ Date:___/___/_____

*Signature provided for identification and correspondence purposes only. This signature may not be copied, reproduced, or used to create any legal, financial, or contractual obligation without express written consent from the signer._

1

ex-D

# Cover Letter – Final Escalation Package

Shaun Fleck
2035 5th Street, Apt 210
Astoria, OR 97103
503-686-8586
April 11, 2025

TO: Delaware Federal Credit Union
Office of General Counsel
150 E Water Street
Dover, DE 19901

Subject: Final Escalation – Reimbursement, Lien Release, and Regulatory Compliance Package

Dear Counsel,

Enclosed you will find the final escalation package regarding your institution's continued unlawful retention of lien, FCRA violations, and failure to cure reputational and economic damage.

Included in this mailing:

1. Final Demand Letter – $22,500 Request
2. Summary of Legal Violations
3. Damages Breakdown
4. Credit Denial Evidence (American Express)
5. Press Release Draft

This package is provided to you as a final opportunity to resolve the matter prior to federal filing. No further delays or "investigations" will be entertained. If the enclosed demand is not met in full, this matter will proceed to litigation and regulatory exposure.

Please be advised that this matter is also under review for reporting to newly formed financial oversight bodies and watchdog agencies focused on uncovering systemic predatory lending, credit fraud, and reporting suppression across the private banking sector such as the **Consumer Financial Protection Innovation Office** and **Project REACH** (an initiative of the OCC)

This final demand is submitted pursuant to 15 U.S.C. § 1681, UCC Article 9, and the Fair Credit Billing and Lending Acts. Failure to respond in full will result in regulatory filings and full public disclosure.

Sincerely,
Shaun Fleck
X_____ Date: ___/___/____

Signature provided for identification and correspondence purposes only. This signature may not be copied, reproduced, or used to create any legal, financial, or contractual obligation without express written consent from the signer

This demand is submitted in accordance with federal consumer protection laws and will be submitted to applicable regulatory bodies should this matter not be resolved within the prescribed timeframe.

ex-P

2



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction: Oregon, United States**
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



📎 **Certified tracking screenshots**





© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute e breach of contractual obligation or intellectual infringement.





ex-D



**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**

 **EXHIBIT E – Notice Rejections, Resends, and Escalation Chain Summary**

**Del-One Federal Credit Union | Legal Response Record**

To Whom It May Concern,

This exhibit documents the chain of certified letters and corresponding evidence submitted to Del-One Federal Credit Union in the second escalation phase following the initial Auto Loan Compliance Packet (Exhibit C). It includes the first **48-Hour Expiration Legal Notice**, the **Strategic Clarification Notice**, and a **MarketPulse AI, LLC Cease and Desist Letter**—as well as visual evidence showing returned, refused, and re-accepted versions of the same legal notices.

These materials represent formal legal attempts to resolve the dispute without litigation and illustrate the following critical points:

1. **Return and Refusal Evidence:**
   - The **April 22, 2025 48-Hour Expiration Notice** was **returned undelivered**, despite using the same address previously accepted by USPS.
   - Visual tracking and return envelope documentation is included.
   - This return triggered a secondary notice and resend operation.
2. **Corrective Resends with Strategic Additions:**
   - On April 23, 2025, MarketPulse AI, LLC **re-sent** the full notice package with added **Strategic Clarification** pages.
   - This was tracked, documented, and successfully delivered at an alternate branch.
3. **Corporate-Level Escalation:**
   - The **Cease and Desist Notice** from MarketPulse AI, LLC was sent concurrently and is part of this exhibit.
   - This formal letter outlines direct corporate harm and sets forth the framework for pending litigation, complete with notarized authorship and liability notice.
4. **Screenshots of Certified Tracking:**
   - Screenshots included from multiple USPS tracking updates, showing:
     - Rejections
     - Redeliveries
     - Alternate acceptance
     - In-transit activity
   - These are further supported by return envelope scans and screenshots of in-system timestamps, included in the "Screenshots_Certified" file.
5. **Pattern of Avoidance Behavior:**
   - The refusal to accept mailed legal documents at one branch while accepting identical documents at another forms the foundation of institutional inconsistency.
   - This behavior has been preserved for **RICO predicate analysis** and **evidentiary submission** to the CFPB and FTC.

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



exhibit-E

2




# MarketPulse AI, LLC
## A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction: Oregon, United States**
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop

## 📎 EXHIBIT E – Notice Rejections, Resends, and Escalation Chain Summary

This full packet demonstrates both *notice delivery attempts* and *obstruction patterns*—laying the groundwork for **Exhibits F–H**, which will begin formalized cause-of-action filings, summary damage statements, and notification to regulators.

| Label | Contents |
|---|---|
| **Exhibit E-1** | 48_Hour_Expiration_Legal_Notice_ShaunFleck.04.22.25.docx *(Original)* |
| **Exhibit E-2** | Returned envelope scan + USPS tracking screenshot (unaccepted)(Tacks Acepted) |
| **Exhibit E-3** | Strategic_Clarification_Notice_ShaunFleck.04.23.25.docx *(Resend)(company sent also)* |
| **Exhibit E-4** | Company return Letter(19901)(tracking still shows Circulating) |
| **Exhibit E-5** | MarketPulseAI_CeaseAndDesist_042325.docx + MarketPulseAI_CeaseAndDesist_p.2042325.docx |
| **Exhibit E** | Screenshot pack: Screenshots_Certified.docx + images of return-to-sender letters |
| **Exhibit E** | 3 physically Returned Certified letters (Multiple others still never returned will update as the hearing draws closer) |

🖋 **TRUST SIGNATURE BLOCK**

X: _____ Date: 06/17/2025

**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
📅 Date:06/17/2025
✉ shaunfleck@gmail.com



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-E

**RE: Expiration of 48-Hour Window – Immediate Action Required**

Shaun Fleck • 2035 5th Street, Apt 210 • Astoria, OR 97103 • shaunfleck@gmail.com • 503-686-8586

Date: April 23, 2025

To:
Legal Counsel – Delaware Federal Credit Union
150 E Water Street
Dover, DE 19901

To Whom It May Concern,

As of April 21, 2025 at 7:51 AM, your institution was confirmed to have received a certified legal escalation package including a sworn schedule of damages, proof of lien status, detailed violation summary, and media and regulatory filing confirmations.

Your institution was granted a 48-hour window to respond or engage prior to escalation. That window has now expired.

Please note the following:

1. You have failed to respond within the timeframe explicitly granted, per the terms laid out in the cover letter and demand documents.

2. As no corrective communication, offer of remedy, or formal acknowledgment has been issued, this is now interpreted as willful inaction and bad-faith non-response.

3. As of this date, additional daily damages continue to accrue. This includes loss of access to commercial credit, inability to expand core business operations, and deterioration of external trust due to unresolved tradeline harm. This prolonged obstruction will be incorporated into the updated damages schedule and submitted to the appropriate regulatory and legal bodies.

4. Accordingly, the matter will now proceed to final escalation, including but not limited to:
  - Formal notification to the CFPB and OCC

All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction.

ex-E

## RE: Expiration of 48-Hour Window – Immediate Action Required

Shaun Fleck • 2035 5th Street, Apt 210 • Astoria, OR 97103 • shaunfleck@gmail.com • 503-686-8586

- Disclosure to media and watchdog groups
- Preparation for civil claim filing

5. The original compromise demand of $22,500 remains valid for 7 additional days. After that, the claim will escalate to $250,000+ with punitive damages.

Legal Addendum:
- This matter is authored, directed, and finalized under the strategic control of Shaun Fleck.
- AI assistance was used solely for clerical formatting and organizational aid—NOT as legal representation.
- All enclosed documents remain admissible and are certified under penalty of perjury pursuant to 15 U.S.C. §1681, UCC §2-715, and federal statutes.

Signature:
X _____
Shaun Fleck
Date: ____ / ____ / 2025

*By affixing my signature below, I declare under penalty of perjury that every fact, harm, and claim contained in this package is truthful, accurate, and supported by verified evidence. This document shall serve as legal notice to any recipient, custodian, or institutional agent that full liability—including personal civil exposure, fiduciary breach, and institutional negligence—may attach upon receipt if no corrective action is taken.*

*This package has been reviewed by legal counsel, subjected to simulation-based risk assessment, and submitted to regulatory enforcement tracking. Any party who chooses to ignore, delay, or distort this submission does so under full legal and reputational risk.*

**Your inaction is now a matter of public and legal record.**



All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction.

3



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| Jurisdiction: Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



## 📎 Certified tracking screenshots



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-E

# Strategic Clarification – Public Transition Phase Notification

Shaun Fleck • 2035 5th Street, Apt 210 • Astoria, OR 97103 • shaunfleck@gmail.com • 503-686-8586

Date: April 23, 2025

To:

Legal Counsel – Delaware Federal Credit Union
150 E Water Street
Dover, DE 19901

**To Whom It May Concern,**

This correspondence is not part of a legal demand, nor a request for settlement. It is a strategic clarification intended for your internal legal, executive, and board-level review. It exists to ensure there is no misunderstanding about the broader implications of your institution's current position in this matter.

The process that generated the legal *framework* you've now received is not experimental. It is operational. What remains under *refinement* is not the capability, but the strategic release strategy of a massive multi-tiered <u>foundation</u>. Once that public-facing infrastructure is finalized, the system will become available to any individual with a need to hold financial institutions accountable using admissible records, enforceable logic, and documented violations.

Your institution is now uniquely positioned—not as a defendant—but as a potential case study in how a financial entity responded when the balance of strategy, truth, and public empowerment arrived at its doorstep.

If this proceeds to court, that only strengthens the outcome. A public record of how one party responded when faced with its own paper trail is a valuable result. One I welcome if that is the direction chosen.

However, the alternative remains on the table: to be recognized as an early collaborator in setting a new standard for transparency, course correction, and responsibility in modern finance. That opportunity, like the timeline for resolution, is closing quickly.

## No Admission, No Bargain, No Offer



All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction.



ex-E

2

## Strategic Clarification – Public Transition Phase Notification

Shaun Fleck • 2035 5th Street, Apt 210 • Astoria, OR 97103 • shaunfleck@gmail.com • 503-686-8586

You are not being asked to do anything beyond what's already required. This is not a settlement negotiation. There is no NDA, and there is no special access. Every entity will face the same system. The only variable is whether they participate *before* or *after* public deployment begins.

Respectfully,
**Shaun Fleck**
shaunfleck@gmail.com
503-686-8586

Signature:
X _____
Shaun Fleck
Date: ____ / ____ / 2025

*By affixing my signature above, I declare under penalty of perjury that every fact, harm, and claim contained in this package is truthful, accurate, and supported by verified evidence. This document shall serve as legal notice to any recipient, custodian, or institutional agent that full liability—including personal civil exposure, fiduciary breach, and institutional negligence—may attach upon receipt if no corrective action is taken.*

*This package has been reviewed by legal counsel, subjected to simulation-based risk assessment, and submitted to regulatory enforcement tracking. Any party who chooses to ignore, delay, or distort this submission does so under full legal and reputational risk.*

## Your choice will be a matter of public record.



All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction.




EX - E





## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



 **Certified tracking screenshots**



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



*ex-E*



# BUSINESS INTERFERENCE-*CEASE AND DESIST*

**MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email:** marketpulse.ai.llc@gmail.com
**Phone :971-395-3397**

Date: April 23, 2025
To: Legal Department – Delaware Federal Credit Union
150 E Water Street
Dover, DE 19901

To Whom It May Concern,

This letter serves as a formal notice on behalf of MarketPulse AI, LLC, a technology-focused business entity under active development and investment. You are hereby instructed to CEASE AND DESIST all unlawful credit reporting activity and any form of action that may constitute interference with the company's ability to conduct business, secure funding, or maintain its commercial reputation.

Delaware Federal Credit Union is actively and unlawfully reporting inaccurate credit data linked to a charged-off account, which has directly interfered with business development, client operations, and investor strategy. Your ongoing actions are causing material damage and reputational suppression, which this entity will pursue to the fullest extent of the law.

This matter includes—but is not limited to—violations of:
- Fair Credit Reporting Act (FCRA, 15 U.S.C. § 1681)
- Uniform Commercial Code (UCC § 2-715)
- Tortious interference with commercial expectation
- Defamation of business reputation
- Breach of good faith and fair dealing in data transmission

You are hereby notified:
1. You are to cease all tradeline activity relating to this matter immediately.
2. You are to correct and remove any negative reporting associated with this account.
3. You are now under obligation to preserve all internal communications, Metro 2 records, dispute documentation, assignment data, and internal legal discussions relating to this dispute, for potential litigation.
4. MarketPulse AI reserves the right to pursue all remedies available under law for damages already incurred. (cont.)





All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction





2

# BUSINESS INTERFERENCE-*CEASE AND DESIST*

MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email: marketpulse.ai.llc@gmail.com
Phone :971-395-3397

If no response or corrective action is taken within 5 business days of receipt of this letter, this matter will escalate to formal legal channels and will be reported to regulatory authorities including the Consumer Financial Protection Bureau (CFPB), Office of the Comptroller of the Currency (OCC), and additional press and investor awareness campaigns.

This letter shall be attached to the ongoing case file already opened by Shaun Fleck in his individual capacity and now further enforced under the protections and interest of MarketPulse AI, LLC.

---

LEGAL DISCLAIMER: This letter is issued by MarketPulse AI, LLC. All statements contained herein reflect certified damages and business rights under state and federal law. Any attempt to ignore or deflect this request will he interpreted as willful interference and suppression. All documentation has been backed by notarized filings, strategic authorship certifications, and AI-assisted forensic review.

*By affixing my signature below, I declare under penalty of perjury that every fact, harm, and claim contained in this package is truthful, accurate, and supported by verified evidence. This document shall serve as legal notice to any recipient, custodian, or institutional agent that full liability—including personal civil exposure, fiduciary breach, and institutional negligence—may attach upon receipt if no corrective action is taken.*

Signature:

X _____

Shaun Fleck, Founder & CEO
MarketPulse AI, LLC
Date: ___ / ___ / 2025





All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction



*ex-E*





## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



### 📎 Certified tracking screenshots



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





ex-E



# BUSINESS INTERFERENCE

MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email: marketpulse.ai.llc@gmail.com
Phone :971-395-3397

**MarketPulse AI, LLC**
Shaun Fleck, Founder & CEO
2035 5th Street, Apt 210
Astoria, OR 97103
shaunfleck@gmail.com | 503-686-8586

**Date:** May 6, 2025

**To:** Legal Department
Del-One Federal Credit Union
150 E Water Street
Dover, DE 19901

---

## Corporate Notice of Ongoing Commercial Harm and Final Opportunity for Corrective Action

To Whom It May Concern,

This notice is issued by MarketPulse AI, LLC, a federally registered business entity founded for the express purpose of delivering scalable artificial intelligence services, financial literacy tools, and decentralized consumer empowerment systems. Your institution's continued failure to remove derogatory and false credit reporting against the company's founder has now resulted in demonstrable business harm.

Despite receiving certified legal notices dated March 20, April 23, and May 2, 2025, your institution has refused all opportunities for good-faith resolution. The most recent attempt to deliver a 48-hour final legal escalation notice was rejected, and returned by USPS as "Undeliverable – Attempted / Not Known." This is the same address successfully used in previous certified deliveries. Such obstruction is now included in regulatory case files and may constitute procedural misconduct.





All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction



ex-E



# BUSINESS INTERFERENCE

MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email: marketpulse.ai.llc@gmail.com
Phone :971-395-3397

## MarketPulse AI Commercial Impact Summary

As a direct result of your institution's failure to correct credit inaccuracies and unlawfully retain lien status, MarketPulse AI, LLC has experienced:

- **Loss of investor engagement and fintech eligibility**
- **Delayed revenue stream activation across four integrated AI platforms**
- **Suppression of key business operations, credit lines, and development funding**
- **Damage to brand and founder integrity in investor due diligence reviews**

These delays have substantially undermined the launch timeline and strategic market position of MarketPulse AI. Current losses are conservatively estimated at **$500,000**, with the understanding that this number is projected to increase based on the compounding effect of continued harm and delay.

Due to the refusal of multiple good-faith attempts to resolve this matter, you are now on formal notice that if corrective action is not taken immediately, **future damages sought may exceed $1,200,000** if litigation proceeds. Delay will be interpreted as bad faith under:

- 15 U.S.C. §1681n (willful noncompliance)
- UCC §2-715(2)(a–b) (consequential damages)
- State-level tort law regarding negligent infliction of economic harm
- Common law tortious interference with business expectancy

This letter does not constitute a settlement demand. However, it does represent the final opportunity to mitigate further liability through timely resolution.





All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction





**BUSINESS INTERFERENCE**

MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email: marketpulse.ai.llc@gmail.com
Phone :971-395-3397

### Refused Delivery Addendum

The April 23, 2025 certified letter was returned to sender as "Undeliverable – Attempted / Not Known." This refusal:

- Was made despite two prior successful deliveries to the same address
- Was clearly labeled as a legal escalation notice
- Demonstrates obstructive behavior and avoidance of documented legal process

This conduct will be cited as obstruction under:

- 12 CFR §1024.35 (servicer response obligations)
- FTC and CFPB complaint handling standards
- Fair Credit Reporting Act enforcement protocols

---

### Preservation Directive & Discovery Warning

You are hereby instructed to preserve:

- Internal communications related to Shaun Fleck and MarketPulse AI, LLC
- Credit reporting decisions, lien activity logs, and system-level suppression actions
- All interactions with credit bureaus, third-party servicers, or vehicle title processing entities

Failure to comply will result in spoliation notices being filed alongside litigation.





All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction





4

# BUSINESS INTERFERENCE

MarketPulse AI, LLC 2035 5th Street, Apt 210 Astoria, OR 97103 Email: marketpulse.ai.llc@gmail.com
Phone :971-395-3397

## One Final Path to Resolution

You may still prevent escalation by complying with the following by **May 19, 2025**:

1. Immediate tradeline deletion from all CRAs
2. DMV lien release confirmation and mailed proof
3. Good faith settlement discussion acknowledging damages already accrued
4. Written confirmation of internal remediation to prevent future recurrence

Failure to respond will result in:

- Full filing with FTC, OCC, and Oregon Attorney General
- Public disclosure of case details to watchdogs, journalists, and financial accountability groups
- Litigation filing in relevant jurisdiction and early-stage class action screening

**You are no longer in a position to delay. Your institution must choose whether to continue risking reputational, financial, and regulatory fallout—or to correct course immediately.**

---

LEGAL DISCLAIMER: This letter is issued by MarketPulse AI, LLC. All statements contained herein reflect certified damages and business rights under state and federal law. Any attempt to ignore or deflect this request will be interpreted as willful interference and suppression. All documentation has been backed by notarized filings, strategic authorship certifications, and AI-assisted forensic review.

*By affixing my signature below, I declare under penalty of perjury that every fact, harm, and claim contained in this package is truthful, accurate, and supported by verified evidence. This document shall serve as legal notice to any recipient, custodian, or institutional agent that full liability—including personal civil exposure, fiduciary breach, and institutional negligence—may attach upon receipt if no corrective action is taken.*

Respectfully,



Signature:
X _____
Shaun Fleck, Founder & CEO
MarketPulse AI, LLC
Date: ___ / ___ / 2025



All materials contained within this document were drafted under the strategic authorship and direct supervision of Shaun Fleck Founder/CEO MarketPulse AI LLC. Use of AI tools was limited to formatting and structural assistance. Any attempt to invalidate authorship shall be treated as obstruction



ex-E



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**



## 📎 Certified tracking screenshots



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.







### MarketPulse AI, LLC
**A Corporate Trust Entity | Audit-Initiated System**
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**

 ## Exhibit F_CFPB/NCUA

**To Whom It May Concern,**

This exhibit contains all correspondence, filings, and certified tracking artifacts between myself and both the **Consumer Financial Protection Bureau (CFPB)** and the **National Credit Union Administration (NCUA)** in reference to the Del-One Federal Credit Union and Swan Valley Credit Union matter.

Although initiated as a standard credit complaint under CFPB Case #250503-20532010, the complaint evolved into a formal legal escalation due to continued evasion, regulatory buck-passing, and the complete absence of clarifying questions or agency action.

Key items within this exhibit include:

- Formal CFPB filings and complaint updates.
- Forwarded and redirected correspondence from NCUA.
- Demonstrated handoff with neither agency assuming responsibility.
- A clear absence of legal clarification, culminating in an unresolved issue that now forms part of a pending **federal racketeering case**.

At no point during this chain of escalation were my concerns **directly addressed**, nor were **clarification questions posed** that would suggest good faith inquiry or regulatory due diligence. This exhibit shows **federal agency avoidance in its purest form**, captured and preserved for court evaluation.

The included 8-page document (`CFPB_NCUA_Tracking.docx`) reflects this full timeline, reverse-ordered to show recent developments first, with reference materials, complaint numbers, and correspondence structure intact.

This documentation also lays the groundwork for **Exhibit G**, which will shift focus to the credit reporting bureaus and tradeline manipulation spanning multiple institutions.

Respectfully,

---

✎ **TRUST SIGNATURE BLOCK**

X: _____ **DATE:** 06 / 17 /2025

**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
📅 Date:06/17/2025
📧 shaunfleck@gmail.com

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



exhibit F





## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction:** Oregon, United States
**Email:** marketpulse.ai.llc@gmail.com | www.mpai.shop

## 📎 CFPB/NCUA Complaint tracking



Your feedback is important. Help us to improve by taking this survey.

Inbox ×

**No Reply CAC** <no_reply.cac@ncua.gov>          Tue, May 13, 11:30 AM
to me ▾

Dear Shaun Fleck:

Thank you for entrusting the NCUA Consumer Assistance Center with your complaint! In the complaint resolution process, our goal is to provide excellent customer service to credit union members like you. Please tell us how we're doing by completing a short, voluntary survey by clicking the link below. The survey will be available for five days.

[Open Survey]

Sincerely,

The NCUA Consumer Assistance Center

*Please do not reply to this email. This is an unmonitored address. Replies to this email cannot be read or responded to. If*

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-F

6



MarketPulse AI, LLC
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



## 📎 CFPB/NCUA Complaint tracking

6/7/25, 6:17 PM                    Gmail - Case Number 00250631 - ref:!00Dt00Gyjo.!500SJ0XeWMT:ref

 Gmail                                         Shaun <shaunfleck@gmail.com>

### Case Number 00250631 - ref:!00Dt00Gyjo.!500SJ0XeWMT:ref
1 message

**NCUA CAC** <consumerassistancecenter@ncua.gov>                    Tue, May 13, 2025 at 11:30 AM
To: "shaunfleck@gmail.com" <shaunfleck@gmail.com>

NCUA Logo

May 13, 2025



Mr. Shaun Fleck
2035 5th St apt 210
Astoria, OR  97103

RE: Case Number **00250631**

Dear Mr. Shaun Fleck:

Thank you for contacting the National Credit Union Administration (NCUA) Consumer Assistance Center. The NCUA is the independent federal agency that regulates, charters, and supervises federal credit unions. The NCUA operates the National Credit Union Share Insurance Fund insuring the deposits of account holders in all federal credit unions and the overwhelming majority of state-chartered credit unions. The NCUA Consumer Assistance Center assists consumers in providing information about federal consumer financial protection and share insurance matters. We also help consumers resolve disputes with credit unions concerning federal consumer financial protection laws and regulations that the NCUA has the authority to enforce. However, the NCUA does not have the authority to resolve every type of problem that may arise with a credit union.

We appreciate the information you have provided regarding the customer service of DEL-ONE Credit Union. We have determined that this matter does not involve a federal consumer financial protection matter. Therefore, the NCUA Consumer Assistance Center is forwarding your concerns to the credit union's management team and closing our file for your specific complaint.

Please note that we cannot provide legal advice and our determination in this matter does not limit your ability to pursue a private right of action if one exists. To determine such rights, you may wish to consult with private legal counsel.

Thank you for bringing this matter to our attention. The NCUA takes the concerns of consumers seriously. Investigating complaints such as these helps us to safeguard consumer rights and promote confidence in our nation's system of cooperative credit. If you have any questions, please contact the NCUA Consumer Assistance Center at 800-755-1030 to speak with a Consumer Affairs Specialist.

Sincerely,

*The NCUA Consumer Assistance Center*

*The information contained in this electronic message may be privileged and confidential information intended only for the use of the individuals or entity named above. If you have received this communication in error, please notify the sender immediately and delete any and all copies of the electronic message. Thank you.*

https://mail.google.com/mail/u/3/?ik=9e96da93e6&view=pt&search=all&perm=thid=thread-f.18320311095327642608&simpl=msg-f.18320311095327642760    1/2

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-F



# Case Number 00250631

1 message

**NCUA CAC** <consumerassistancecenter@ncua.gov>                    Tue, May 6, 2025 at 14:34
To: shaunfleck@gmail.com <shaunfleck@gmail.com>

5/6/2025

Mr. Shaun Fleck
2035 5th St apt 210
Astoria, OR  97103

RE:  Case Number 00250631

Dear Mr. Fleck,

This letter acknowledges receipt of your correspondence concerning DEL-ONE.

NCUA is the independent federal agency that regulates, charters, and supervises federal credit unions.  The NCUA operates the National Credit Union Share Insurance Fund insuring the deposits of account holders in all federal credit unions and the overwhelming majority of state-chartered credit unions. Based upon your correspondence we have opened a case in the NCUA Consumer Assistance Center.  Please make note of the case number listed above and provide the case number on any future correspondence or contact with our office.

Consumer Assistance Center Process
The Consumer Assistance Center assists consumers in resolving disputes with credit unions and providing information about federal financial consumer protection and share insurance matters.  It is Consumer Assistance Center policy to respond to you in writing within 10 business days with a determination of the next appropriate course of action.  If upon review of the matters outlined in your case, we determine that your complaint falls outside of NCUA's authority, as outlined below, the Consumer Assistance Center will notify you that your case has been referred to the appropriate federal or state government agency for handling.

NCUA's Authority
Please note, NCUA does not have the authority to resolve every type of problem that may arise with a credit union. We are unable to resolve contract disputes or undocumented factual disputes between a consumer and a credit union.  In these cases, we suggest that you contact an attorney. We cannot investigate matters that are the subject of a pending lawsuit or offer legal assistance.  NCUA cannot represent consumers in settling claims or recovering damages.  NCUA does not own, operate, or control credit unions, nor do we establish their operating policies and procedures.  We cannot dictate the range of services they offer and are unable to resolve complaints about customer service or disagreements over specific credit union policies and procedures not addressed by federal law or regulation.

Privacy Information
The information collected as part of this process is solicited to provide NCUA with data that is necessary and useful in reviewing requests received from individuals regarding their interactions with federal and federally insured credit unions.  You are not required to give us this information.  However, without such information, our ability to complete a review or to provide requested assistance may be hindered.  It is intended that the information you provide to us will be used within NCUA and provided to the credit union that is the subject of your complaint or inquiry.  As required by law, we may make additional disclosures of such information.
Do not include personal or sensitive information such as your social security, credit card, or account numbers when corresponding with the Consumer Assistance Center.  If it is necessary to supply a document that contains personal

*ex-F*

For additional information on the NCUA and the Consumer Assistance Center, please visit www.ncua.gov and www.mycreditunion.gov.

Sincerely,

NCUA Consumer Assistance Center

ex-F

M

## Case Number 00250631 - ref:!00Dt00Gyjo.!500SJ0XeWMT:ref

1 message

**NCUA CAC** <consumerassistancecenter@ncua.gov>                Tue, May 13, 2025 at 11:30
To: shaunfleck@gmail.com <shaunfleck@gmail.com>

NCUA Logo

May 13, 2025

Mr. Shaun Fleck
2035 5th St apt 210
Astoria, OR  97103

**RE: Case Number 00250631**

Dear Mr. Shaun Fleck:

Thank you for contacting the National Credit Union Administration (NCUA) Consumer Assistance Center. The NCUA is the independent federal agency that regulates, charters, and supervises federal credit unions.  The NCUA operates the National Credit Union Share Insurance Fund insuring the deposits of account holders in all federal credit unions and the overwhelming majority of state-chartered credit unions.  The NCUA Consumer Assistance Center assists consumers in providing information about federal consumer financial protection and share insurance matters.  We also help consumers resolve disputes with credit unions concerning federal consumer financial protection laws and regulations that the NCUA has the authority to enforce.  However, the NCUA does not have the authority to resolve every type of problem that may arise with a credit union.

We appreciate the information you have provided regarding the customer service of DEL-ONE Credit Union.  We have determined that this matter does not involve a federal consumer financial protection matter.  Therefore, the NCUA Consumer Assistance Center is forwarding your concerns to the credit union's management team and closing our file for your specific complaint.

Please note that we cannot provide legal advice and our determination in this matter does not limit your ability to pursue a private right of action if one exists.  To determine such rights, you may wish to consult with private legal counsel.

Thank you for bringing this matter to our attention. The NCUA takes the concerns of consumers seriously.  Investigating complaints such as these helps us to safeguard consumer rights and promote confidence in our nation's system of cooperative credit.  If you have any questions, please contact the NCUA Consumer Assistance Center at 800-755-1030 to speak with a Consumer Affairs Specialist.

Sincerely,

The NCUA Consumer Assistance Center

ex-F

the use of the individuals or entity named above. If you have received this communication in error, please notify the sender immediately and delete any and all copies of the electronic message. Thank you.

attachedImg-1.png
23 KB

ex-F



7



# MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



## 📌 CFPB/NCUA Complaint tracking



Screenshot_20250502_180331_Samsung Internet
Screenshot_20250502_181942_Gmail

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





ex-F



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**



## 📎 CFPB/NCUA Complaint tracking



mail.google.com/mail/u/3/?ik=9e98da93e68&view=pt&search=all&permthid=thread...    Finish update

**CFPB** <noreply-notice@cfpb.gov>                                      Fri, May 2, 2025 at 6:03 PM
To: "shaunfleck@gmail.com" <shaunfleck@gmail.com>

  Consumer Financial Protection Bureau

**(855) 411-2372**
consumerfinance.gov

## We've received your complaint(s).

We'll send you updates about your complaint(s) along the way, but you can track the
status of your complaint(s) at any time on your Consumer Portal.

**COMPLAINT ID(S)**

# 250503-20532010

**SUBMITTED ON**

05/03/2025

**PRODUCT**

Vehicle loan or lease

**ISSUE**

Managing the loan or lease



*escalate*

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-F



### MarketPulse AI, LLC
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**



## 📎 CFPB/NCUA Complaint tracking





CFPB Header

(855) 411-2372
consumerfinance.gov

## We've referred your complaint.

After reviewing your complaint, we found that the National Credit Union Administration (NCUA) is the agency that handles complaints about the company you named. We've forwarded your complaint to the NCUA.

**COMPLAINT ID**

# 250503-20532010

**SUBMITTED ON**

05/03/2025



*Pawn off*

*No questions asked!*

© MarketPulse AI LLC ... ved. Intellectual property and internal operations are subject to privat... nsent. This document was prepared in part by a symbolic legal automa... data, templates, legal claims, symbolic mappings, and integration struct... designations, contract automation privileges, and

Unauthorized replicati... egal trust representatives may constitute a breach

ex: F





### MarketPulse AI, LLC
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com | www.mpai.shop**



## 📎 CFPB/NCUA Complaint tracking

### Case Update – CFPB Complaint #250503-20532010 – Del-One Federal Credit Union / Swan Valley CU

Del_one_RICO.docx
PRE-LIT...OTICE.docx
del_one_lit.docx
Screens...ernet.jpg
Screens...ernet.jpg
1000015370.jpg
1000015414.jpg

shaun fleck🗔





🗔 Reply
🗔 Reply all
🗔 Forward

**To:ConsumerResponse@cfpb.gov**

Sat 5/31/2025 2:39 PM

**Del_one_RICO.docx**
94 KB
🗔

**PRE-LITIGATION NOTICE.docx**
33 KB
🗔

**del_one_lit.docx**
110 KB
🗔
**7 attachments (2 MB)**🗔Save all to OneDrive - marketpulse ai llc🗔Save All Attachments

To the Consumer Financial Protection Bureau,

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-F





## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



##  CFPB/NCUA Complaint tracking

This message is a formal update to CFPB Complaint #250503-20532010 regarding Del-One Federal Credit Union and Swan Valley Credit Union. While this complaint was originally submitted as a credit reporting matter, I must now inform you that the situation has escalated beyond that scope. The conduct involved raises serious questions of unjust enrichment, regulatory avoidance, and potential RICO predicate behavior.

Since the original filing on May 2, 2025, the following events have occurred:

1. **Del-One received multiple certified legal notices and settlement packets** — including a 48-hour expiration letter, a final demand notice, and a formal RICO predicate claim. These were sent to both their Dover, DE branches (150 E Water St and 270 Beiser Blvd), with at least one confirmed delivery on May 27, 2025. One packet may have been rejected by the 19901 branch, despite being clearly marked with audit contents visible in the envelope.

2. **The company has failed to clarify, respond to, or validate the key issues in dispute**. The only changes to date were **deletions of a few credit inquiries**, which appear more performative than substantive. There have been no responses to certified demands for:
   - Original loan contracts
   - Proof of sale or transfer to Swan Valley
   - Payoff or charge-off documentation
   - Title release details
   - Resolution of duplicate derogatory tradelines

3. **This is no longer simply a credit dispute** — it is a matter of:
   - **Unjust enrichment**: Del-One sold the loan (profiting from the transaction) while continuing to report a charge-off and hold title.
   - **Spoliation and regulatory avoidance**: Refusing to answer certified legal demands while selectively deleting digital evidence (credit inquiries) suggests document suppression.
   - **Continued dual harm**: Both Del-One and Swan Valley are actively damaging my credit profile with no contractual basis and without substantiated standing.

4. **RICO Warning**: The letters sent on May 27 explicitly outlined that continued avoidance and false reporting may fall under racketeering influence, given the pattern of behavior, coordination with third parties, and mail-based denial of legal resolution.

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



4



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction: Oregon, United States**
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



 **CFPB/NCUA Complaint tracking**

At this point, I am submitting a small set of updated attachments — three certified letter screenshots — to document continued avoidance and apply accountability pressure. These attachments are supplemental to the ones already submitted with the original complaint. Please ensure they are added to the complaint file.

---

**What I Am Requesting**
Given the significant escalation of this case, I respectfully ask the CFPB to:

- Ensure this update is added to the ongoing case file (#250503-20532010)
- Flag this case for **senior review** due to its emerging federal litigation scope
- Consider referring this case to the appropriate interagency contacts if RICO or banking fraud elements are confirmed

I am preparing to file suit in federal court. I also intend to consult with class action attorneys regarding broader violations involving other consumers impacted by similar dual-charge-off practices. This email is part of my documentation and proactive effort to maintain transparency with your agency.

If there is a more direct way to escalate this matter internally, or a better format for these updates, please let me know.

Please note: the attachments included here are **supplemental only**. The original documents and evidence already submitted as part of the initial complaint do not need to be re-reviewed unless CFPB determines otherwise.
Thank you for your continued review.

Sincerely,
Shaun Fleck
shaunfleck@gmail.com
503-686-8589
Astoria, Oregon

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



ex-F





### MarketPulse AI, LLC
**A Corporate Trust Entity | Audit-Initiated System**
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**

 **Exhibit G – Credit Reporting Discrepancies and Digital Evidence Index**

**To Whom It May Concern:**

This exhibit has been prepared in direct support of ongoing federal filings concerning the improper reporting, deletion, and response handling of credit data involving DEL-ONE Federal Credit Union and Swan Valley Credit Union.

Due to the volume and digital nature of these files, only select pages have been printed and attached herein. A flash drive labeled `EXHIBIT_G_CREDIT_REPORTS` accompanies this folder and includes full copies of all three major credit bureau reports (Experian, TransUnion, and Equifax), dispute results, and captured evidence of deletions and report replacements.

**Printed Pages Include:**

- A condensed visual summary document (`Credit report D1FC_SVCU.docx`) showing entries for DEL-ONE FCU and Swan Valley.
- Select front pages from `D1_DISPUTE_experian.05.21.25.PDF` that show confirmed deletions.

**USB Flash Drive Contains:**

1. Full raw credit reports:
   - `Annual Credit Report - Experian.PDF`
   - `Experian.PDF`
   - `Equifax_creditReport_1740418986514.pdf`
   - `View Your Report _ TransUnion Credit Report.PDF`
2. Dispute result documentation:
   - `D1_DISPUTE_experian.05.21.25.PDF`
   - `Del_1_Dispute_Experian5.13.2025.PDF`
   - `D1_Dispute_Results _ TransUnion.PDF`
   - `D1_Equifax_Dispute Results.pdf`
3. Condensed entry summary:
   - `Credit report D1FC_SVCU.docx`

Throughout this process, I have **not received any follow-up questions or clarifying communication** from the credit bureaus. Instead, automated emails containing links to "resolved disputes" were sent, with no additional correspondence. No investigation agent

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





Exhibit-G





**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**

 **Exhibit G – Credit Reporting Discrepancies and Digital Evidence Index**

or office reached out to clarify the legal claims within my disputes. Furthermore, all three agencies failed to respond to material details, warnings of spoliation, or apparent contradictions within their own documentation.

**Of particular concern:**

- **Swan Valley Credit Union's tradeline** was silently removed following a dispute with **no explanation**, and **replaced with DEL-ONE FCU** — despite their ongoing denial of affiliation and contradictory letters.
- **All three bureaus assert "accurate records"** yet refuse to answer legal questions posed or correct longstanding reporting inconsistencies.
- Each dispute submission referenced broader legal issues, but none received a meaningful response beyond generic closure notices.

These credit discrepancies are a **central pillar of the damages** caused to me both personally and professionally, and I assert that these removals, substitutions, and omissions appear **retaliatory or corrective only after legal pressure was applied**, potentially in response to the warnings previously issued regarding spoliation of evidence.

**Under penalty of perjury, I affirm that all documents and digital records submitted in this exhibit are accurate reproductions of what was provided to me by each credit bureau as part of their formal dispute resolution process.**

This exhibit should be considered an ongoing record of credit harm, failed dispute procedures, and the failure of major agencies to follow proper dispute handling protocol as required by law.

---

✎ **TRUST SIGNATURE BLOCK**
X: _____    Date: 06 / 17 /2025
**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
▦ Date:06/17/2025
✉ shaunfleck@gmail.com

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



Ex-G

Credit report summary below

## 4. Installment Accounts

Installment accounts are loans that require payment on a monthly basis until the loan is paid off, such as auto or student loans.

### 4.1 SWAN VALLEY CREDIT UNION LTD (CLOSED)

#### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxx 0101 | Reported Balance | $31,550 |
|---|---|---|---|
| Account Status | CHARGE_OFF | Available Credit | |

#### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 |
| 2024 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 |
| 2025 | $31,550 | $31,550 | $31,550 | | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

**Actual Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |

ex-6

Credit report summary below



Summary > Revolving > Mortgage > **Installment** > Other > Statements > Personal Info > Inquiries > Public Records > Collections

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

### Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | | | | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 |
| 2024 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 | $31,550 |
| 2025 | $31,550 | $31,550 | $31,550 | | | | | | | | | |

### Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2025 | CO | CO | | | | | | | | | | |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

ex-6

Credit report summary below

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2025 | CO | CO | | | | | | | | | | |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | 30 | 60 | 90 |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 | | | | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2018 | | | | | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender | F Foreclosure | C Collection Account |
| CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate | No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | |
|---|---|---|
| High Credit | Payment Responsibility | INDIVIDUAL |
| Credit Limit | Account Type | INSTALLMENT |

ex-6

Credit report summary below

| | | | |
|---|---|---|---|
| **Terms Frequency** | MONTHLY | **Term Duration** | 84 MONTHS |
| **Balance** | $31,550 | **Date Opened** | Feb 21, 2018 |
| **Amount Past Due** | $31,550 | **Date Reported** | Mar 31, 2025 |
| **Actual Payment Amount** | | **Date of Last Payment** | Aug 2021 |
| **Date of Last Activity** | | **Scheduled Payment Amount** | |
| **Months Reviewed** | 84 | **Delinquency First Reported** | Jan 2022 |
| **Activity Designator** | | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | $31,550 |
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Auto | **Date Closed** | |
| **Date of First Delinquency** | Oct 07, 2021 | | |

## Comments

Charged off account
Auto
Fixed rate

## Contact

SWAN VALLEY CREDIT UNION LTD
DRAWER 1510
SWAN RIVER, MB  R0L 1Z0
(204) 734-3469

ex-6

Credit report summary below

Installment accounts are those that include a credit limit and require a minimum monthly payment, such as credit cards.

## 4.1 Delaware Federal Credit Un (CLOSED)

Your debt-to-credit ratio represents the amount of credit you're using and make up 30% of your credit score. It's calculated by dividing an account's reported balance by it is credit limit. The idea range for your debt-to-credit ratio is 30% or less.

| Account Number | xxxxxxx 0101 | Credit Limit | N/A |
|---|---|---|---|
| Account Status | Closed | Reported Balance | $31,550 |

## Payment History

This tables below show up to 7 years of monthly payment history for this account. The numbers in each cell indicate the number of days a payment was due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | 30 | 60 | 90 |
| 2020 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2019 | ◹ | ◹ | ◹ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2018 | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ | ◹ |

| | | | | | | |
|---|---|---|---|---|---|---|
| ✔ Paid on Time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due | 120 120 Days Past Due |
| C Collection Account | CO Charge-Off | B Included in Bankruptcy | R Repossession | TN Too New to Rate |
| ◹ No Data Available | | | | |

## Account Details

View the detailed information about this account. Contact the creditor or lender if you have any question.

| Account Type | Installment | Term Duration | 84 |
|---|---|---|---|

*ex-6*

Credit report summary below



| | | | | |
|---|---|---|---|---|
| **C** Collection Account | **CO** Charge-Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate |

No Data Available

## Account Details

View the detailed information about this account. Contact the creditor or lender if you have any question.

| | | | |
|---|---|---|---|
| **Account Type** | Installment | **Term Duration** | 84 |
| **Loan Type** | auto | **Term Frequency** | monthly |
| **Creditor Classification** | Unknown | **Month Reviewed** | 82 |
| **Status** | Charge Off | **Balance** | $31,550 |
| **Activity Designator** | Unknown | **Credit Limit** | N/A |
| **Date Opened** | Feb 21, 2018 | **High Credit** | N/A |
| **Date Closed** | N/A | **Monthly Payment Amount** | N/A |
| **Date Reported** | Jan 31, 2025 | **Actual Payment Amount** | N/A |
| **Date Of Last Activity** | N/A | **Amount Past Due** | $31,550 |
| **Date Of First Delinquency** | Oct 07, 2021 | **Balloon Payment Amount** | N/A |
| **Deferred Payment Start Date** | N/A | **Charge Off Amount** | $31,550 |

Summary ⟩ Revolving ⟩ Mortgage ⟩ **Installment** ⟩ Other ⟩ Statements ⟩ Personal Info ⟩ Inquiries ⟩ Public Records ⟩ Collections

| | |
|---|---|
| **Balloon Payment Date** | N/A |

## Comments

- Charged off account
- Auto
- Fixed rate

## Contact

DELAWARE FEDERAL CREDIT UN
150 E Water St
Dover, DE 19901-3614
(302) 739-4496

*ex-6*

Prepared For

## SHAUN FLECK

**Personal & Confidential**

**Date Generated**  May 14, 2025
**Report Number**  1982-9764-98

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

---

### DEL-ONE FEDERAL CU

Inquiry Date: 08/29/2023

This item was removed from your credit report.



**Deleted**

---

### DEL-ONE FEDERAL CU

Inquiry Date: 12/11/2024

This item was removed from your credit report.



**Deleted**

---

### DEL-ONE FEDERAL CU

Inquiry Date: 06/25/2024

This item was removed from your credit report.



**Deleted**

---

ex-6

**DEL-ONE FEDERAL CU**

Inquiry Date: 12/14/2023

This item was removed from your credit report.



Deleted

**DEL-ONE FEDERAL CU**

Inquiry Date: 03/27/2025

This item was removed from your credit report.



Deleted

**If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.**

→ If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

→ You have a right to contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

→ You have a right to provide us additional information or documents about your dispute. Experian's online Dispute Center lets you easily add any pertinent documentation to a dispute. You can add documentation online when logged in on your computer or via a mobile device. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas, 75013.

→ You have a right to file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office. You may submit a complaint to the Consumer Financial Protection Bureau at www.consumerfinance.gov/complaint or by mail at Consumer Financial Protection Bureau, PO Box 4503, Iowa City, IA 52244.

**If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement,** you have a right to request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland, or New York.) If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will

*ex-6*

generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment, or apartment rental.

**If interested, you have a right to also request a description of how the reinvestigation was conducted** along with the business name, address, and telephone number (if reasonably available) of the furnisher of information.

**Thank you for helping ensure the accuracy of your credit information.** For frequently asked questions about your credit report, please visit experian.com/consumerfaqs. If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

## Action Required

We reviewed the documentation you provided with your dispute, but determined that it was not sufficient to make the changes or deletions you requested. We then forwarded your documentation to the furnisher of the information, along with a description of your dispute, and asked them to investigate your dispute. If the item you disputed was a public record, we contacted the vendor who collected the information from a public record source and asked them to verify the public record information. The results of our reinvestigation are included here.

# Your Credit Report    17 Accounts    0 Public Records    3 Hard Inquiries
At a Glance

## Personal Information

| 4 Names | 15 Addresses | 1 SSN Variations | 1 Employers | 4 Other Records |

Because your personal information is reported by you, your creditors, and other sources, it's typical to see small variations in reported personal information, like names and addresses. For security reasons, many of these items can't be disputed online, but don't worry—they don't affect your credit score.

ex-6

## Names

| SHAUN E FLECK | SHAUN FLECK | FLECK SHAUN | SHAWN E FLECK |
|---|---|---|---|
| Name ID #22521 | Name ID #1068 | Name ID #27052 | Name ID #17057 |

ex-6

Phone Number          (877) 825-3242

---

# DE CHILD SUP ENFRCMT

**POTENTIALLY NEGATIVE**



## Account Info

| | | | |
|---|---|---|---|
| Account Name | DE CHILD SUP ENFRCMT | Balance | $0 |
| Account Number | 53XXXX | Balance Updated | 08/14/2021 |
| Account Type | Child Support | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $0 |
| Date Opened | 04/09/2008 | Original Balance | $7,634 |
| Status | Open. | Highest Balance | - |
| Status Updated | Aug 2021 | Terms | 1 Month |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | – | C | C | C | C | C | C | ✓ | – | – | – | – |

✓  Current / Terms met       C   Collection

**Payment history guide**

Collection as of Jul 2021 to Feb 2021

By Nov 2027, this account is scheduled to go to a positive status.

## Contact Info

Address          84 A CHRISTIANA RIAD,
                 NEW CASTLE DE 19720

Phone Number     (302) 577-7171

---

# DEL-ONE FEDERAL CU

**UNDER DISPUTE**



## Account Info

| | | | |
|---|---|---|---|
| Account Name | DEL-ONE FEDERAL CU | Balance | $31,550 |
| Account Number | 627290XXXXX | Balance Updated | 04/30/2025 |

*ex-6*

| Account Type | Auto Loan | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Date Opened | 02/21/2018 | Original Balance | $44,886 |
| Status | Account charged off. $31,550 written off. $31,550 past due as of Apr 2025. | Highest Balance | - |
| | | Terms | 84 Months |
| Status Updated | Jan 2022 | On Record Until | Jun 2028 |

## $ Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | — | — | — | — | — | — | — | — |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2018 | — | — | — | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ Current / Terms met | 30 Past due 30 days | | |
| 60 Past due 60 days | 90 Past due 90 days | | |
| CO Charge off | | | |

**Payment history guide**

Charge Off as of Apr 2025 to Jan 2022

90 days past due as of Dec 2021

60 days past due as of Nov 2021

30 days past due as of Oct 2021

This account is scheduled to continue on record until Jun 2028.

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Mar 2025 | $31,550 | $0 | $0 on 8/27/2021 |
| Feb 2025 | $31,550 | $0 | $0 on 8/27/2021 |
| Jan 2025 | $31,550 | $0 | $0 on 8/27/2021 |

ex-6

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Nov 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Oct 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Sep 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Aug 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Jul 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Jun 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| May 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Apr 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Mar 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Feb 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Jan 2024 | $31,550 | $0 | $0 on 8/27/2021 |
| Dec 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Nov 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Oct 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Sep 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Aug 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Jul 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| Jun 2023 | $31,550 | $0 | $0 on 8/27/2021 |
| May 2023 | $31,550 | $0 | $0 on 8/27/2021 |

**Additional info**

The original amount of this account was $44,886

 **Contact Info**

Address        270 BEISER BLVD,
               DOVER DE 19904

*ex-6*



**MarketPulse AI, LLC**
A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
**Email:** marketpulse.ai.llc@gmail.com | www.mpai.shop



  ## Exhibit H Cover Letter – Draft Paragraph

**To Whom It May Concern:**

This exhibit documents the final wave of certified legal escalations sent personally by Shaun Fleck, in connection with pending federal litigation against Del-One Federal Credit Union. The enclosed records include pre-litigation RICO warnings, USPS mail tampering alerts, and certified delivery confirmations to both the 19901 and 19904 branches. These notices were sent after months of evasive responses, non-answers, and backend corrections made by Del-One without acknowledgement or disclosure.

Despite prior good-faith attempts to resolve this matter amicably, Del-One's continued silence, failure to engage directly with raised claims, and ongoing tampering with critical mail has forced the escalation of this case into federal jurisdiction. The final warning notice clearly outlined all expectations, deadlines, and consequences, including the full timeline of regulatory filings, and was supported by evidence of a deliberate avoidance pattern.

This exhibit also includes images and USPS confirmations confirming that prior reroutings were not accidents. Certified mail has been tracked, timestamped, and logged. Failure to answer legitimate legal correspondence, especially after warning of spoliation, raises serious concerns about systemic obstruction, which the court will be asked to formally address.

As with all prior exhibits, this record is being presented under penalty of perjury and truth in evidence. A flash drive has been provided with digital copies for court convenience.

---

**✐ TRUST SIGNATURE BLOCK**
X _~~Sfb~~_____    Date: 06 / 17 /2025
**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust
▦ Date:06/17/2025
✉ shaunfleck@gmail.com



---

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.



Exhibit H

7



## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
**| Jurisdiction: Oregon, United States**
**Email: marketpulse.ai.llc@gmail.com | www.mpai.shop**



 **Certified tracking screenshots**



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





exH

# Final Notice Before Federal Litigation and Regulatory Escalation

**Shaun Fleck**
2035 5th Street, Apt 210
Astoria, OR 97103
shaunfleck@gmail.com
503-686-8586
**May 20, 2025**
**TO:**
Del-One Federal Credit Union – Legal Department
270 Beiser Blvd
Dover, DE 19904
AND
150 E. Water ST.
Dover, DE 19901

---

### Re: FCRA Violations, Mail Obstruction, Consumer Suppression, and Documented Institutional Misconduct

**To Whom It May Concern,**

This correspondence constitutes your final legal notice before I initiate formal civil litigation in the United States District Court and trigger simultaneous regulatory escalations with over a dozen federal and state agencies.

Let me be unequivocally clear:
**This is not a courtesy.**
**This is not a request.**
**This is the final opportunity to mitigate a rapidly escalating institutional crisis of your own making.**

Del-One Federal Credit Union has not merely failed to respond—it has constructed a verifiable audit trail of obstruction, contradiction, and calculated suppression. What originated as a standard FCRA dispute has evolved—**through your own documented refusals, conflicting correspondence, data manipulation, and rerouted legal mail—into a systemic failure now reaching into federal jurisdiction.**

This was never a question of whether litigation was coming.
It was only ever a question of whether you would prove the case for me.

**You did. Your legal department answered that question—repeatedly, incompetently, and in writing.**

And now, what could have been quietly resolved in March has transformed—through your own inaction and escalation—into a multi-phase institutional reckoning. The very misconduct you tried to conceal will now become public record, regulatory fodder, and the foundation of a claim you wrote with me.

---

*\*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).*

*\*\*This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.*

ex-H

2

# Final Notice Before Federal Litigation and Regulatory Escalation

## Mail Interference: A Documented Pattern of Obstruction

- **March 20, 2025** – Legal demand delivered and accepted at your 19901 branch.
- **April 23, 2025** – Evidence and damages packet accepted at 19901.
- **May 2 & May 6** – Certified follow-up notices explicitly refused at 19901.
- **May 10, 2025** – Identical letters accepted at 19904.
- **May 12–16, 2025** – My cease and desist letter addressed to 19901 is **rerouted out-of-state** to Harrisburg, PA after passing through Wilmington, DE—15 miles from your branch. Still undelivered.

**Three refusals. Two deliveries. One institution. One undeniable pattern.**

This pattern isn't just obstructive. It's actionable. And it will be **exhibiting material** in federal court.

---

## Experian Dispute Outcome – As of May 14, 2025

- **Five inquiry entries from Del-One were removed.**
- The **core tradeline** remains:
  - $31,550 charge-off,
  - Marked "Under Dispute,"
  - Updated April 30, 2025,
  - Scheduled to remain until June 2028.

This is a textbook example of **selective deletion to create the illusion of compliance**—while preserving the most damaging, materially obstructive data.

You had the opportunity to resolve this dispute before it became **Exhibit A**. You ignored it. Now the entire reporting process is subject to litigation and discovery.

---

## Swan Valley Credit Union – Alias Reporting Concealment

Earlier credit reports list **Swan Valley CU** as a separate entity.

It has since **disappeared** without explanation or dispute resolution—raising immediate flags around:

- **FCRA §623(a) violations,**
- **Alias-based tradeline duplication**, and
- **Internal suppression of automated scoring visibility**.

If this was a third-party rebranding shell or affiliate passthrough, discovery will expose it. If it was Del-One under a different mask, you've opened the door to **portfolio manipulation claims.**

---

## Legal Counsel Responsibility – Failure in Strategic Judgment

Let's speak plainly:

Your legal department had every opportunity to settle this in **April**—after you were warned of preservation duties, regulatory escalation, and the opening of a multi-phase litigation process.

Instead, they chose:

- Obstruction over compliance,
- Silence over resolution,
- And suppression over transparency.

The result? You didn't mitigate exposure—you multiplied it.

---



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

3

# Final Notice Before Federal Litigation and Regulatory Escalation

Refusing certified legal mail. Ignoring statutory dispute windows. Deleting inquiries while preserving liens. Blocking communications while mirroring institutional contradiction across branches. This isn't risk mitigation, it's malpractice.

If your general counsel intends to remain in that role, they should start by asking:

"Why did we give a pro se plaintiff the foundation for institutional transparency—and hand him the audit trail to prove it?"

---

## Litigation Filing Confirmed – June 12, 2025

Let me be unequivocally clear: This complaint is not about a debt—it is about your institution's actions. Your decisions, your avoidance, your false reporting, your failure to investigate, your obstruction of legal mail, your refusal to correct, your retention of property you abandoned, and your treatment of a lawful consumer as an inconvenience rather than a citizen entitled to due process. Unless full redress is delivered before **June 12, 2025**, I will file:

**Shaun Fleck v. Del-One Federal Credit Union**

– United States District Court, District of Oregon

– Causes of Action Include:

- **FCRA §1681s–2(b)** – Failure to properly investigate disputed tradeline after notice
- **FCRA §623(a)** – Willfully furnishing inaccurate or outdated tradeline information
- **15 U.S.C. §1681e(b)** – Failure to maintain reasonable procedures for accuracy
- **18 U.S.C. §1701** – Obstruction of federal mail via pattern of certified notice refusals
- **UDAP (Oregon & Delaware)** – Unfair and deceptive acts or practices
- **Constructive fraud and negligent misrepresentation** – Failure to act in good faith during dispute process
- **Emotional distress and reputational harm** – Resulting from sustained reporting of damaging, inaccurate tradeline information
- **FCRA §602(a)** – Willful interference with consumer's right to fair and accurate reporting
- **FCRA §611(a)(1)** – Failure to delete or modify disputed information within required timeframe
- **FCRA §609(a)(1)** – Failure to disclose sources of tradeline
- **FCRA §615(a)** – Failure to notify of adverse action based on consumer report
- **FDCPA 15 U.S.C. §1692e** – False or misleading representation regarding debt
- **FDCPA §1692g** – Failure to provide debt validation and consumer rights notice
- **Unjust enrichment** – Retention of title after charge-off and possible backend compensation
- **Constructive repossession fraud** – Abandoning recovery while retaining ownership claim
- **Spoliation of evidence** – Destruction or withholding of documents after preservation notice
- **Retaliatory suppression** – Escalation of derogatory behavior after protected dispute
- **Economic duress** – Coercive attempts to force voluntary surrender of vehicle during COVID-era instability
- **Obstruction of access to capital** – Ongoing suppression of financial advancement and business opportunity

---

## The Complaint Will Include:



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

4

# Final Notice Before Federal Litigation and Regulatory Escalation

- **USPS certified mail refusal logs** (March–May 2025)
- **Proof of contradictory handling between 19901 and 19904 branches**
- **Experian reporting screenshots showing selective deletion and continued tradeline retention**
- **Archived credit reports showing the presence and later disappearance of Swan Valley CU tradeline**
- **Evidence of automated system updates post-dispute filing, indicating backend tampering**
- **CFPB complaint filing history**
- **Documented preservation instructions served via certified mail**
- **Sworn timeline of investor harm and business suppression tied to unresolved credit obstruction**
- **Failure to address core issues even after receiving legal notices and escalation packets**
- **Intentional delay or evasion through mail rerouting (Wilmington to Harrisburg)**
- **Public accountability claim: suppression of access to capital, business contracts, and personal financial health**

Del-One Federal Credit Union is hereby notified that the conduct outlined in this packet meets the threshold to pursue a civil **RICO** action under 18 U.S.C. § 1962.

This includes but is not limited to:

• A coordinated enterprise structure involving Del-One Federal Credit Union and possibly Swan Valley Credit Union, with multiple tradelines and reporting aliases linked to the same charged-off obligation;

• A pattern of racketeering activity, including:
  – Mail fraud under 18 U.S.C. § 1341 (obstruction, diversion, or refusal of certified legal notices),
  – Wire fraud under 18 U.S.C. § 1343 (transmitting knowingly inaccurate information electronically to consumer bureaus),
  – Obstruction of justice (refusal to respond after receipt of preservation notices),
  – Constructive repossession fraud and false lienholder reporting.

• Impact on interstate commerce through data handling, suppression of credit recovery, and obstruction of federal due process across state lines.

This legal theory is supported by direct evidence, regulatory exhibits, and the institution's own inconsistent reporting behavior. If further discovery reveals coordination with third-party tradeline furnishers or internal directives regarding scoring concealment, a RICO cause of action will be formally added to the federal complaint.

Del-One FCU will be required to produce:
– All communications referencing Swan Valley CU or other alias creditors,
– Internal directives on tradeline removals,



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

# Final Notice Before Federal Litigation and Regulatory Escalation

– Chain-of-custody documentation for credit file handling,
– And all automated backend scoring overrides applied to the Plaintiff's profile.

The systemic nature of this conduct, combined with concealment of communications and refusal of legal notice, represents a level of operational misconduct that may support both federal action and class action certification.

## Aggressive Conduct During Pandemic-Era Financial Distress

This litigation will also examine the institution's conduct during and after the economic uncertainty triggered by the COVID-19 pandemic, including:

- Attempts to coerce vehicle surrender during periods of declared national hardship,
- Failure to disclose consumer hardship rights under CARES Act protections,
- Use of derogatory tradeline pressure to force informal "turn-in" negotiations,
- And continued credit suppression tactics throughout 2023–2025 despite documented charge-off.

This conduct will be cited under unfair and deceptive practices and may trigger audit flags beyond civil damages if linked to broader institutional patterns.

## Relief Requested Will Include:

- Removal and correction of disputed tradeline(s) across all bureaus,
- $500,000 in statutory, actual, reputational, and punitive damages, subject to adjustment based on regulatory findings and discovery exposure,
- Injunctive relief to prevent future suppression,
- Recovery of court costs, service fees, and pro se litigation time,
- Reservation of rights for class action certification and corporate filing under MarketPulse AI, LLC.
- Immediate release of title to vehicle VIN [JF1VA1K68J9826608]
- Declaratory judgment extinguishing any lien interest by Del-One Federal Credit Union,
- Protective order against any retaliatory counterclaim regarding vehicle possession.
- Reservation of rights to amend the complaint to include RICO-based causes of action should discovery confirm predicate coordination with external furnishers, reporting aliases, or mail interception designed to delay legal response windows.

And to be unambiguous:

If this offer is not accepted by June 15, 2025, all future settlement options will be permanently revoked. Upon filing, the litigation will proceed on all causes of action—without negotiation, without deletion, and without compromise. I will pursue discovery and public documentation to its full legal extent.

---

A full evidentiary packet has been compiled to support all claims referenced herein and will be formally introduced at the time of filing. You may consider this your final opportunity to view the issues in private before they are entered into public record. Additionally, if Del-One continues to report or leverage tradelines which may already fall outside the enforceable statute of limitations under **Del. Code Ann. tit. 10, § 8106(a)**, such behavior may further support UDAP-based exposure and will be reviewed during discovery.

## Discovery Will Include (Phase I):

- Internal scoring logic (AI protocols, suppression flags)
- Charge-off aging and lien retention documentation
- Risk scoring thresholds and override behavior
- Internal communications regarding this dispute



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).*

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.*

ex-H

6

# Final Notice Before Federal Litigation and Regulatory Escalation

- Handling procedures for certified legal mail
- System flags, internal routing, and fraud protocol documentation

## Concurrent Regulatory Strike

While litigation begins, so does my finalization of the following complaints:

- **CFPB** – Active
- **FTC** – Consumer suppression, deceptive dispute handling
- **USPS OIG** – Mail obstruction (Branch 19901)
- **IRS Whistleblower Office** – Charge-off / lien abuse
- **DOJ Consumer Protection Division** – Interference with due process
- **SEC Whistleblower** – Credit manipulation tied to asset concealment
- **Federal Reserve Consumer Help** – Charter-based compliance failures
- **NASCUS** – Systemic abuse tied to alias shell reporting
- **Oregon & Delaware AGs** – UDAP, suppression, economic harm
- **U.S. Treasury Consumer Policy** – Business access obstruction (MarketPulse AI, LLC)
- **U.S. Department of Justice** – RICO Division (Pending submission upon discovery review)

## Final Statement – Institutional Reckoning

This is no longer about a tradeline.

It is no longer about a dispute.

It is no longer about whether I am willing to litigate.

This is now about the judgment of your institution, the integrity of its systems, and the caliber of those entrusted to protect it.

This letter is not aggressive because I'm desperate.

It is aggressive because I'm done waiting.

You were handed every opportunity to resolve this efficiently. You refused.

You were warned, clearly, in certified legal language. You ignored it.

You received preservation notices and escalations. You evaded them.

And when given a final chance to mitigate exposure, your institution's legal team responded with delay, contradiction, and suppression.

So here we are.

Every word in this packet—every footnote, timeline, and screenshot—is not just a demand for correction. It is a mirror. It reflects what your institution chose to become when no one was watching. But I was watching. And now, so will others.

You may wonder why I've been so transparent—why each move, deadline, and discovery target has been laid out in such surgical detail.

It's because this has never been about leverage.

It's been about exposure.

The practices that led to this—selective deletions, alias reporting, avoidance of statutory dispute rights— are not one-time oversights. They are symptoms of a deeper systemic rot. You didn't just try to bury a tradeline—you tried to bury accountability.



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

# Final Notice Before Federal Litigation and Regulatory Escalation

And you fell into the exact pattern I anticipated you would.

You handed me the proof.

You set your own legal trap.

You empowered the very litigation you were hoping to avoid.

This is a warning to your board, your general counsel, your regulatory affairs officers, and your executive leadership:

You were given the opportunity to self-correct.

You were given the chance to avoid external scrutiny.

You were offered a path back to integrity.

And you rejected every one of them.

If Del-One Federal Credit Union wishes to avoid the full exposure outlined above, the path is simple: release the title, remove the tradeline, and cut the check. If not, the consequences are already in motion. This isn't a consumer complaint. This is a forensic audit wrapped in a legal notice. You didn't just risk exposure—you seeded it. You structured an enterprise built on contradiction, concealment, and the confidence that no one would ask questions. Now I am.

This is no longer about a tradeline. It is about your institution's judgment, its integrity, and its disregard for accountability. This litigation was not born of greed. It was forged by obstruction. You were not ambushed. You were handed every opportunity to mitigate—and you set them all on fire. You assumed silence meant ignorance. That arrogance has cost you more than you realize.

Your name will enter discovery. Your procedures will enter discovery. Your enterprise relationships will enter discovery, And every inconsistency, every suppression flag, and every postal refusal is no longer a defensive posture, it's a RICO predicate. Now I no longer seek relief. I seek audit. I seek access. I seek precedent.

Because if this letter becomes the foundation of future class action, corporate accountability, or regulatory enforcement, then let the record show:  You are reading your mirror. **You wrote it with me.**

## Anticipated Defense Tactics and Procedural Objection Summary

Plaintiff anticipates that Del-One Federal Credit Union may seek to deflect or suppress this action by raising counterclaims or procedural defenses related to the original auto loan, the vehicle title, or the possession of the car. To be clear:

- **Any such counterclaim is time-barred** under Delaware Code § 8106(a), which imposes a three-year limit on enforcement of written contracts.
- **No repossession occurred.** No legal demand for recovery of the vehicle has been served or pursued. Plaintiff maintains documented custody of the vehicle without interference or enforcement from Del-One.
- **The account in question has been charged off**, as confirmed in the credit report and Del-One's own communications. If any form of compensation (insurance, sale of debt, securitization) was received, Del-One has already been made whole—or has chosen to extinguish the lien without taking possession.
- **Title is being wrongfully withheld.** Del-One continues to suppress property rights despite abandoning enforcement efforts, refusing correspondence, and failing to assert active ownership interest. This is not lien retention—it is economic obstruction.



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

# Final Notice Before Federal Litigation and Regulatory Escalation

If Del-One intends to dispute these points, Plaintiff welcomes their formal legal filing and documentation. However, Plaintiff will assert:

As of this date, a final, time-sensitive pre-litigation settlement opportunity is being extended:

**Pre-Litigation Offer – Expires June 12, 2025:**
- Full release of vehicle title to VIN [JF1VA1K68J9826608]
- Deletion of all tradelines from all bureaus, including aliases (e.g., Swan Valley CU)
- Payment in the amount of $250,000

This offer replaces all prior discussions. The original request (under $22,500) was made in good faith as a simple tradeline correction and lien release. That request was ignored and ultimately escalated. The current amount reflects:
- Expanded damages caused by your refusal to engage,
- Regulatory failures now under documented investigation,
- Obstruction during active litigation notice, and
- Discovery costs, spoliation risk, and reputational exposure now in motion.

**This offer is *not negotiable*.**
Partial payment, negotiation attempts, or non-compliant responses will be treated as refusal. If you wish to resolve this matter, you may deliver the title, deletion verification, and full payment to my address by the date listed above. Your acceptance will constitute full resolution. I will not sign or agree to any NDA. I will not waive my right to speak about this matter to regulators or the public however, I may also choose not to.

If no delivery occurs by June 12, 2025, this settlement offer is revoked permanently. After that, all communications will proceed through discovery and public record. This settlement window reflects your final opportunity to avoid federal litigation and regulatory escalation. As of this notice, June 15, 2025, marks the formal deadline for receipt of full settlement as outlined. The original May 25 window will remain in regulatory filings as the trigger for whistleblower and agency action initiation. Upon expiration of the June 15 offer, all legal and investigative actions will proceed without further notice.

**Escalation Basis:**

The amount now demanded—$250,000 in compensatory relief—reflects not the original tradeline dispute, but the compounded damages arising from your institution's refusal to engage, documented obstruction of mail, potential destruction of evidence after legal preservation notice, and continued assertion of ownership over a vehicle post-charge-off in violation of state and federal law.

Your opportunity to resolve this matter for less than 10% of that figure was clearly presented in April. What you now face is the legal cost of silence, not the market value of the claim.
- That **any counterclaim based on possession or contractual rights will be challenged** as procedurally improper, retaliatory, and unsupported by current lienholder standing;

*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H



# Final Notice Before Federal Litigation and Regulatory Escalation

- That **continued refusal to release title** will be cited as further evidence of suppression, spoliation risk, and deliberate economic harm;
- That **constructive repossession failure** and unjust enrichment are material components of Plaintiff's claim for damages.

## Post-Settlement Cessation and Conditional Non-Action Clause

Should full and verifiable compliance with the above terms be completed before June 12, 2025—including title release, tradeline deletion across all bureaus and aliases, and full delivery of settlement funds—then I will consider this matter fully resolved and take no further legal, regulatory, or public action against Del-One Federal Credit Union **unless provoked**. "Provocation," for the purposes of this notice, is defined to include—but is not limited to—the following post-settlement behaviors:

- Reinstatement or re-reporting of any tradeline previously deleted or disputed;
- Transfer, sale, or assignment of the debt to any third party post-settlement;
- Attempted collection activity, including backend recovery or lien assertion, after title has been released;
- Retaliatory suppression or blacklisting across internal banking systems (e.g., ChexSystems or shared fraud indices);
- Any correspondence designed to reassert liability, reframe the narrative, or revise the scope of the resolution post-facto;
- Any obstruction, deletion, or tampering with materials that may be required for regulatory audits even post-settlement.

If such provocation occurs, I reserve all rights to reinitiate legal action, submit amended regulatory filings, and disclose all materials to public and press entities—regardless of the original settlement resolution.

To be clear:

This clause does not waive my right to speak.

It simply honors the principle that if peace is granted, peace should be reciprocated.

This is not silence for sale—it is a final opportunity for mutual disengagement without escalation. You know your tactics. I know your tactics. Let's ensure you don't deploy them again once this matter is closed.

## Narrative Resolution Note:

While I reserve the full legal right to speak, publish, or report this matter to all relevant agencies, media channels, or public platforms, if the terms of this settlement offer are met in full—*without further obstruction or retaliatory behavior*—I will be inclined, at my discretion, to omit the institution's name or to characterize the outcome as a cooperative resolution between parties.



*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).*

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.*

ex-H

# Final Notice Before Federal Litigation and Regulatory Escalation

This is not an NDA, nor a waiver of truth. It is a courtesy acknowledgement that institutions which correct course transparently may deserve to be recognized not solely for their misconduct—but for their willingness to take responsibility and resolve it.

However, any renewed obstruction, misrepresentation, or covert retaliation will be treated as provocation and nullify this courtesy immediately.

If a single regulator, journalist, or lawmaker reads this and reconsiders how the system protects its own—then this was always more than a dispute. It was a reckoning overdue.

*This proceeding is no longer a request for resolution—it is a campaign of transparency. A deliberate, evidence-based strategy to identify, isolate, and expose institutional misconduct long protected by procedural opacity. And now, that protection is gone.*
There are lessons in this. I hope, for your sake, they're absorbed before discovery begins. This is no longer litigation avoidance—this is institutional reckoning

Signed by:
**Shaun Fleck**
Pro Se Litigant (Plaintiff)

X_____ Date:_____ /_____ /_____

---

## Affirmation of Submission and Legal Intent

*I affirm that the contents of this notice are true to the best of my knowledge, supported by documented evidence, and submitted in good faith as part of a formal legal process. This is not an admission of liability—it is an exercise of my right under federal and state law to expose wrongdoing, pursue remedy, and ensure transparency where it has long been denied.*

## Final Legal Disclaimers

*This letter does not contain threats. It does not demand coercion. It is a **formal documentation of procedural and legal escalation** based on over 60 days of ignored certified legal communications, willful non-correction of data, and possible suppression of discoverable materials.*

*Receipt of this letter will be logged for submission to all agencies listed above. Failure to respond will be interpreted as formal non-cooperation and will be cited as such in regulatory complaints, evidentiary indexes, and press disclosures if public action becomes necessary.*

 

*\*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).*

*\*\*This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.*

ex-H

# Final Notice Before Federal Litigation and Regulatory Escalation

*Should any documents or internal records be found missing, altered, or deleted after April 23, 2025 (the date of the first preservation advisory), I will file a spoliation motion under **Fed. R. Civ. P. 37(e)** and request sanctions.*

**The following institutions and investigative outlets will receive a formal copy of this legal packet after June 12, 2025, unless the matter is fully resolved as outlined in the settlement terms.**

This transmission does not contain confidential financial account data and is not a leak of privileged settlement communications. It is a documented record of institutional behavior and protected legal notice involving regulatory oversight and procedural deficiencies under applicable consumer protection laws.

**Regulatory and Oversight Recipients:**

- Consumer Financial Protection Bureau (CFPB) – enforcement@cfpb.gov
- Federal Trade Commission (FTC) – consumerprotection@ftc.gov
- U.S. Department of Justice – Consumer Protection Branch
- Internal Revenue Service – Whistleblower Office – whistleblower@irs.gov
- U.S. Postal Inspection Service – uspis.hotline@uspis.gov
- Office of the Inspector General – USPS – hotline@uspsoig.gov
- Securities and Exchange Commission (SEC) – enforcement@sec.gov
- Federal Reserve Consumer Help – consumerhelp@federalreserve.gov
- NASCUS – Regulatory Affairs Division
- Office of the Comptroller of the Currency (OCC)
- National Credit Union Administration (NCUA) – oigmail@ncua.gov
- U.S. Treasury – Office of Consumer Policy – OFR.info@treasury.gov
- Delaware Attorney General – Consumer Protection Division
- Oregon Attorney General – Consumer Justice Division
- U.S. Senate Committee on Banking, Housing, and Urban Affairs

**Journalistic & Public Integrity Watchdogs (Documentation Only):**

- ProPublica Investigations Desk – tips@propublica.org
- The Intercept (Financial Misconduct Unit) – tips@theintercept.com
- Reuters Legal Investigations – reuters.investigates@thomsonreuters.com
- NPR Investigations – investigations@npr.org
- Bloomberg News, Financial Regulation Desk – regulation@bloomberg.ne

*This document is submitted pursuant to the Federal Rules of Civil Procedure and protected under the First Amendment as a formal pre-litigation notice. Any interpretation of this document as coercive or threatening is expressly rejected. This is not a solicitation of payment under duress, but a demand for relief pursuant to documented violations of federal law.

You underestimated me. Now the regulators won't.





*This document is a formal legal notice prepared by the undersigned party in accordance with applicable consumer protection, credit reporting, and civil procedure statutes. It includes factual statements, certified timelines, documented regulatory filings, and preserved communications. Any misrepresentation of receipt, destruction of relevant records, or failure to comply with legal preservation obligations after notice may be subject to legal sanctions under federal discovery rules and applicable statutes including Fed. R. Civ. P. 37(e).

**This document was drafted in part with the assistance of artificial intelligence software for organizational support, formatting, and legal citation. All legal strategies, facts, and decisions remain solely under the control and authorship of the undersigned. The use of AI tools does not constitute legal representation nor alter the responsibility of the party asserting these claims.

ex-H

1

## RICO Action Preview – Shaun Fleck v. Del-One Federal Credit Union
### Advance Legal Notification of Enterprise Pattern Discovery
### Involving Potential RICO Violations Pursuant to 18 U.S.C. §§ 1961–1964

**TO: Del-One Federal Credit Union – Legal Department**        **DATE: May 2025**

**SUBJECT: Advance Notification of Civil RICO Theory Formation and Preservation of Predicate Evidence**

This document serves as formal notification that the litigation strategy in Shaun Fleck v. Del-One Federal Credit Union has expanded to include analysis of predicate acts under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.

**Legal Theory Foundation:**

Based on timeline-confirmed evidence, repeated procedural obstructions, and probable enterprise coordination, this case now qualifies for consideration under **Civil RICO**. Should discovery or subpoena power confirm internal or external coordination of fraudulent, suppressive, or retaliatory activity, this action will be amended to include **RICO-based causes of action**.

## Alleged Predicate Acts Supporting RICO Action:

1. **Mail Fraud (18 U.S.C. § 1341):**
   - Refusal or rerouting of multiple certified legal notices (USPS scans attached to timeline).
   - Pattern of obstruction at 19901 branch, contradicting acceptance at 19904.

2. **Wire Fraud (18 U.S.C. § 1343):**
   - Selective deletion of superficial tradeline data while retaining the most damaging components (Experian, May 2025).
   - Repeated inaccurate electronic credit reporting after disputes, without documentation of reinvestigation.

3. **Obstruction of Justice:**
   - Documented disregard of legal preservation notices issued April 23, 2025.
   - Ongoing refusal to acknowledge certified mail related to disputes.

4. **Constructive Repossession Fraud & Conversion:**
   - Retention of vehicle title post-charge-off without legal repossession.
   - No communication or recovery attempt; continued assertion of ownership without lawful basis.

5. **Unjust Enrichment Through Lien Suppression:**
   - Charged-off debt retained as leverage while monetization likely occurred via debt sale, securitization, or backend insurance coverage.

6. **Enterprise Coordination / Alias Suppression:**
   - Use of separate entity tradeline (Swan Valley CU) which later disappeared without documented dispute resolution.
   - Evidence of linked reporting behavior suggests potential coordinated alias furnishers.

---



**\*\*Legal Disclaimer:\*\***

This document is a formal litigation communication submitted in good faith and in accordance with Rule 11 of the Federal Rules of Civil Procedure. All statements contained herein are based on documented evidence, known facts, and legal interpretations consistent with case law and statutory authority. This notice is not a threat, extortion, or coercion—it is a legal forecast of intended actions and protected expression under the First Amendment and relevant whistleblower statutes.

Shaun Fleck is acting as a pro se litigant and reserves all rights under Title 15 (FCRA, FDCPA), Title 18 (mail/wire fraud, obstruction), and applicable state and federal consumer protection laws. Nothing in this document constitutes an unlawful accusation or claim beyond the scope of legitimate and pre-evidentiary notice.

Jurisdiction for this matter is established in the United States District Court – District of Oregon, with supporting regulatory submission to relevant agencies, including but not limited to: CFPB, FTC, DOJ, SEC, USPS OIG, IRS, and respective State Attorneys General.

Unauthorized alteration, redaction, or misrepresentation of this document may constitute tampering under 18 U.S.C. § 1519.

ex-H

## RICO Action Preview – Shaun Fleck v. Del-One Federal Credit Union
### Advance Legal Notification of Enterprise Pattern Discovery
### Involving Potential RICO Violations Pursuant to 18 U.S.C. §§ 1961–1964

## Enterprise Definition:

Del-One FCU, operating in conjunction with Swan Valley CU or other unidentified furnishers, may constitute an **association-in-fact enterprise** if data coordination or shared practices are confirmed. Discovery and subpoena will target:

- Communications between Del-One and Swan Valley CU
- Policies regarding alias tradelines and duplicate reporting
- Backend scoring logic related to charged-off but uncollected obligations

## Civil RICO Filing Intent:

Upon discovery confirmation, this matter will be escalated as a **civil RICO action** in federal court. Relief will include:

- Treble damages
- Mandatory attorney fee recovery
- Immediate injunctive relief
- Full disclosure of alias furnishers and enterprise relationships

This document is preserved in litigation records and may be used in evidentiary exhibits in support of discovery motions, sanctions, or spoliation proceedings.

## Preservation of Evidence Required Immediately

All logs, communications, scoring matrices, correspondence, and inter-bureau documentation associated with Shaun Fleck, MarketPulse AI, or any associated tradelines or aliases must be preserved pursuant to Rule 37 and existing litigation warnings.

You are reminded that Civil RICO allows for **treble damages**, **mandatory attorney fee awards**, and permanent injunctive relief. Your refusal to engage in discovery transparency, destruction of evidence, or concealment of enterprise relationships will trigger immediate motion under Rule 37(e) and escalation to federal agencies named in the accompanying litigation notice.

If Swan Valley CU or any third-party alias entity was used to obfuscate reporting, collection, or data retention pathways tied to my account, this matter will be amended to reflect interstate racketeering activity, document concealment, and constructive fraud.

You are therefore advised to preserve all communications and data systems containing:
- Shared scoring protocols,
- Backend credit pipeline mappings,
- Third-party alias agreements,
- Internal policy on tradeline deletions or "mirror entries."

Enterprise Pattern Validation – Supporting Incidents



**\*\*Legal Disclaimer:\*\***

This document is a formal litigation communication submitted in good faith and in accordance with Rule 11 of the Federal Rules of Civil Procedure. All statements contained herein are based on documented evidence, known facts, and legal interpretations consistent with case law and statutory authority. This notice is not a threat, extortion, or coercion—it is a legal forecast of intended actions and protected expression under the First Amendment and relevant whistleblower statutes.

Shaun Fleck is acting as a pro se litigant and reserves all rights under Title 15 (FCRA, FDCPA), Title 18 (mail/wire fraud, obstruction), and applicable state and federal consumer protection laws. Nothing in this document constitutes an unlawful accusation or claim beyond the scope of legitimate and pre-evidentiary notice.

Jurisdiction for this matter is established in the United States District Court – District of Oregon, with supporting regulatory submission to relevant agencies, including but not limited to: CFPB, FTC, DOJ, SEC, USPS OIG, IRS, and respective State Attorneys General.

Unauthorized alteration, redaction, or misrepresentation of this document may constitute tampering under 18 U.S.C. § 1519.

# RICO Action Preview – Shaun Fleck v. Del-One Federal Credit Union
### Advance Legal Notification of Enterprise Pattern Discovery
### Involving Potential RICO Violations Pursuant to 18 U.S.C. §§ 1961–1964

This letter is not merely theory—it is a roadmap of repeatable misconduct by an enterprise acting with coordinated intent. The following actions and omissions, observed and documented across multiple touchpoints, indicate more than isolated errors:

• Refused legal notices at the 19901 branch while accepting the same at 19904.
• Disappearance of the "Swan Valley CU" tradeline after its documentation was submitted.
• Selective deletion of non-impactful inquiries while retaining the derogatory tradeline.
• Issuance of response letters that cite lack of identity verification, despite all verifiable data and prior communication being clearly present.
• Anomalous USPS routing—certified legal mail inexplicably redirected to Harrisburg, PA after passing through Delaware.
• Multiple regulatory complaints filed by the consumer without rebuttal or rectification.
• Evidence of ongoing lien retention on charged-off collateral past Delaware's statute of limitations, suggesting retention purely for leverage or resale interest.

These are not isolated anomalies—they are indicators of a pattern of racketeering conduct involving mail fraud, data fraud, misrepresentation, and concealment.
Witness and Subpoena Strategy (Discovery Phase)

In the event litigation proceeds, subpoenas will include—but are not limited to—the following:

• Postal carrier(s) assigned to the 19901 branch during March–May 2025 to testify regarding certified mail delays, refusals, or rerouting behavior.
• Del-One employees from both the 19901 and 19904 branches to explain contradictory mail handling decisions and cross-branch policy inconsistencies.
• Internal compliance or legal personnel responsible for reviewing FCRA/FDCPA disputes during the noted period.
• Consumer witnesses with related disputes against Del-One Federal Credit Union to demonstrate a potential enterprise pattern. (Note: I reserve the right to introduce testimony from additional affected consumers, such as Other clients of yours, I know who have been wrongfully harmed by your same tactics, and family members, should discovery warrant such inclusion.)
• Consumer witness (name withheld), who was party to phone calls during 2021 pandemic-era hardship communications, to confirm economic duress and coercive collection tactics used by your representatives.

Testimony and document production from these parties will be essential in establishing predicate acts, intent, concealment, and internal policy coordination across state and institutional lines.



**Legal Disclaimer:**
This document is a formal litigation communication submitted in good faith and in accordance with Rule 11 of the Federal Rules of Civil Procedure. All statements contained herein are based on documented evidence, known facts, and legal interpretations consistent with case law and statutory authority. This notice is not a threat, extortion, or coercion—it is a legal forecast of intended actions and protected expression under the First Amendment and relevant whistleblower statutes.

Shaun Fleck is acting as a pro se litigant and reserves all rights under Title 15 (FCRA, FDCPA), Title 18 (mail/wire fraud, obstruction), and applicable state and federal consumer protection laws. Nothing in this document constitutes an unlawful accusation or claim beyond the scope of legitimate and pre-evidentiary notice.

Jurisdiction for this matter is established in the United States District Court – District of Oregon, with supporting regulatory submission to relevant agencies, including but not limited to: CFPB, FTC, DOJ, SEC, USPS OIG, IRS, and respective State Attorneys General.

Unauthorized alteration, redaction, or misrepresentation of this document may constitute tampering under 18 U.S.C. § 1519.



ex-H

4

## RICO Action Preview – Shaun Fleck v. Del-One Federal Credit Union
### Advance Legal Notification of Enterprise Pattern Discovery
### Involving Potential RICO Violations Pursuant to 18 U.S.C. §§ 1961–1964

This is no longer about the past—it is about what you still refuse to disclose.
If even a fraction of these enterprise patterns are validated in discovery—as your
own handling of this matter suggests they will be—it will become evident that this
is not merely a single consumer grievance, but a systemic operational pattern. That
pattern, supported by financial gain, cross-institutional relationships, and misuse of
mail and reporting systems, meets the federal criteria for enterprise activity under
RICO.

**Respectfully submitted,**
Shaun Fleck
Pro Se Litigant
2035 5th Street, Apt 210
Astoria, OR 97103

I, Shaun Fleck, hereby affirm under penalty of perjury under the laws of the United States that the contents of this notice are true
and correct to the best of my knowledge, based on documented evidence, certified correspondence, regulatory filings, and
communications preserved for litigation and compliance.

This document is issued in my personal capacity as a federally protected pro se litigant under Title 28 U.S.C. § 1654 and as an
active party to legal proceedings in preparation. It constitutes official notice of anticipated federal action pursuant to 18 U.S.C. §
1962 (RICO), the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), and all relevant statutory authorities detailed herein. It is
not a request for negotiation—it is a final evidentiary submission and legal warning prior to escalation.

Further attempts to deny, obstruct, delete, reroute, or interfere with delivery, response, or enforcement of this notice will be
treated as evidence of willful concealment and spoliation and will be submitted as such to the appropriate federal courts and
regulatory agencies without further notice.

Signed and executed under federal preservation advisement and legal immunity afforded to protected filings in accordance with
public oversight doctrines.

X_____ Date:_____/_____/_____

This signature is valid only for the purposes and context of this document. Any reproduction, replication, or unauthorized use of this
signature—digital or physical—for any unrelated matter or secondary document shall be deemed fraudulent and will be pursued under
applicable federal and state forgery, impersonation, and fraud statutes.





**\*\*Legal Disclaimer:\*\***
This document is a formal litigation communication submitted in good faith and in accordance with Rule 11 of the Federal Rules of Civil
Procedure. All statements contained herein are based on documented evidence, known facts, and legal interpretations consistent with
case law and statutory authority. This notice is not a threat, extortion, or coercion—it is a legal forecast of intended actions and
protected expression under the First Amendment and relevant whistleblower statutes.

Shaun Fleck is acting as a pro se litigant and reserves all rights under Title 15 (FCRA, FDCPA), Title 18 (mail/wire fraud, obstruction), and
applicable state and federal consumer protection laws. Nothing in this document constitutes an unlawful accusation or claim beyond
the scope of legitimate and pre-evidentiary notice.

Jurisdiction for this matter is established in the United States District Court – District of Oregon, with supporting regulatory submission to
relevant agencies, including but not limited to: CFPB, FTC, DOJ, SEC, USPS OIG, IRS, and respective State Attorneys General.

Unauthorized alteration, redaction, or misrepresentation of this document may constitute tampering under 18 U.S.C. § 1519.

ex-H

1

## CONFIDENTIAL LEGAL CORRESPONDENCE – PRE-LITIGATION NOTICE
### Legal File Reference: SHAUN-FLECK-DELO-0516
### Subject: Pending Federal Action, Civil Remedies, and Institutional Risk Exposure
### Privileged Communication – For Legal Review Only

---

**Shaun Fleck**
2035 5th Street, Apt 210
Astoria, OR 97103
shaunfleck@gmail.com
503-686-8586
**Date:**
**To:**
Legal Department – Del-One Federal Credit Union
270 Beiser Blvd
Dover, DE 19904
&
150 E water st
Dover, DE 19901

---

**Re: Settlement Opportunity Expiring – Final Litigation Packet Enclosed**
**Ref: Certified Legal Notice, Civil Action Prepared, Pending Federal Filings**

---

**To Whom It May Concern:**
You are now in possession of the final, comprehensive pre-litigation notice for **Shaun Fleck v. Del-One Federal Credit Union**, including a **RICO escalation notice** and formal **settlement demand—**
documents which your legal department had every opportunity to avoid.
What you'll read is not a courtesy. It is not an invitation. It is documentation of a pattern you created and now must defend.
Inside, you'll find:
- A detailed outline of **federal claims** and **multi-agency regulatory complaints** already queued for submission,
- A **final resolution offer** (title release, deletion, and $250,000 in damages) with a firm expiration of **June 15, 2025**, and
- A breakdown of **discovery targets** and **predicate acts** tied to a potential **civil RICO enterprise** involving Del-One and its alias-linked partners.

I made the mistake of offering resolution in good faith—months ago. You made the mistake of assuming inaction meant ignorance. You'll find those assumptions corrected in the pages enclosed.
This is your mirror.
This is the bill for your silence.
**All communications must be in writing.** No calls. No counter offers. No delay tactics.
Delivery of full settlement before **June 15** is the only off-ramp left.
**Sincerely,**
Shaun Fleck
X_____ Date _____/_____/_____

NOTE: This packet includes a statutory litigation notice, a final settlement offer (expires June 15, 2025), and a pending RICO-based claim. It is being distributed simultaneously to regulatory bodies and preserved for evidentiary use under Fed. R. Civ. P. 37(e).

**Disclaimer:** This letter, its enclosures, and any referenced documentation are submitted in good faith pursuant to 15 U.S.C. § 1681 and applicable federal and state consumer protection laws. Nothing contained herein constitutes a threat, coercion, or solicitation of any unlawful conduct. No part of this communication is intended to demand action under duress or interfere with any legal defense available to Del-One Federal Credit Union. The settlement offer enclosed reflects damages and relief appropriate to the scope and severity of alleged statutory violations and shall not be construed as a bribe or improper inducement. All rights reserved.

ex-H

**Tampering with certified mail, delaying legal delivery, or aiding in rerouting legal correspondence is a federal offense.**
Under **18 U.S.C. § 1701**, *mail obstruction is punishable by up to six (6) months in federal prison and/or federal fines.*

Every legal notice in this envelope is **timestamped, tracked, and monitored.**
Further delay or tampering will trigger formal USPS OIG and DOJ escalation.

## LOGGED BY USPS INTERNAL AUDIT – REF: 1701 COMPLIANCE

## CERTIFIED LEGAL CONTROL POINT – #TEST-19901

You're reading this because your mail carrier made the right choice.

They understood that six months in federal prison under **18 U.S.C. § 1701** wasn't worth risking their future to protect your secrets.

By receiving this page, you've now confirmed:

- Your 19901 branch is fully operational.
- Certified mail can be received without obstruction.
- There is no USPS routing failure.
- Past rerouting and refusals were **intentional**.

This test was tracked, timestamped, and logged.

It is now part of the evidentiary record for **RICO discovery**, and it confirms everything your legal team has been trying to avoid.

The next pages won't be a test.

You rerouted the wrong letter.

*Mail Packing Slip Not Recieved, Not Returned as of 6/17/25*

*ex-H*



# MarketPulse AI, LLC
## A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop





## 📎 Certified tracking screenshots





© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.







## MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| Jurisdiction: Oregon, United States
Email: marketpulse.ai.llc@gmail.com | www.mpai.shop



 **EXHIBIT I – OFFICIAL RESPONSES FROM DEL-ONE FCU FOLLOWING RICO & LITIGATION WARNINGS**

**Cover Letter and Evidentiary Commentary**

*Shaun E. Fleck v. Del-One Federal Credit Union*

*June 2025 – Exhibit I*

To Whom It May Concern,

This Exhibit documents the final two formal communications received from Del-One Federal Credit Union in direct response to the certified legal notices and escalated filings that were submitted in May and June 2025. These responses followed:

- The **RICO Predicate Letter** (Exhibit H)
- The **Pre-Litigation Demand and Spoilation Warning**
- Multiple **certified mailings and dispute notices**
- Confirmed delivery of formal legal documents outlining violations under federal and state law

Despite the gravity and specificity of the allegations outlined — including fraud, obstruction, contract breach, FDCPA and FCRA violations, misclassification of financial instruments, and regulatory exposure — these two letters contain:

- **No substantive responses** to the cited statutes
- **No evidence, clarification, or validation** of the contested account
- **No rebuttal or dispute** of the facts presented
- **No reference to the ongoing CFPB case**, certified notices, or prior correspondence

Instead, the responses amount to blanket statements suggesting "no further updates" and a general reaffirmation that "the account appears accurate," with no attached documents, clarifications, or meaningful detail.

These responses are included here in their original mailed format, one of which was sent by certified mail and the other by regular post. As such, they **fully demonstrate the pattern of simulated compliance** already identified in earlier exhibits — an institutional practice of acknowledging correspondence without addressing the content or consequences.

This behavior directly supports the claims outlined in the final settlement warning and pre-litigation declaration: namely, that Del-One is attempting to appear cooperative while deliberately avoiding any substantive engagement or responsibility. These avoidance tactics now form part of the growing RICO pattern that includes certified mail obstruction, procedural suppression, evidence spoliation, and strategic misreporting.

No further clarification or engagement was offered by Del-One following these letters.

No questions were asked.

No acknowledgment was given to any federal or statutory obligations.

No effort was made to lawfully resolve or clarify the record.

Accordingly, these documents are preserved as **final evidence of refusal** and **institutional waiver**, and are hereby entered into the public record for judicial review and discovery.

Respectfully submitted,

**Shaun E. Fleck**

*Pro Se Litigant – Legal Record Preservation*

X _____ Date 06 / 17 /2025

🖉 **TRUST SIGNATURE BLOCK**
**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust

© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.

   



exhibit-I

# DEL-ONE FEDERAL CREDIT UNION

**(302) 739-4496 | WWW.DEL-ONE.ORG**



05/14/2025

Shaun E. Fleck
2035 5th St Apt 210
Astoria, OR 97103

Re:  Credit Bureau Update Request

Dear Shaun Fleck:

Del-One has received your request to amend your credit report (enclosed).

Del-One has completed a review of the account(s) and item(s) detailed in your dispute. After carefully investigating the dispute, we have determined the information being reported to be accurate.

Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Thank you,

Del-One FCU
(302) 739-4496



ex-I

# DEL-ONE FEDERAL CREDIT UNION

(302) 739-4496 | WWW.DEL-ONE.ORG



05/28/2025

Shaun E. Fleck
2035 5th ST. Apt 210
Astoria, OR 97103

Re: Credit Bureau Update Request

Dear Shaun E. Fleck:

Del-One has received your request to amend your credit report (enclosed).

Del-One has completed a review of the account(s) and item(s) detailed in your dispute. After carefully investigating the dispute, we have determined the information being reported to be accurate.

Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Thank you,

Del-One FCU
(302) 739-4496



ex-I

## ADDITIONAL TERMS AND CONDITIONS

**1. HOW THE TOTAL OF PAYMENTS IS COMPUTED:** The Total of Payments is the sum of the Amount Financed and the Finance Charge. The Finance Charge consists solely of interest computed daily on the outstanding balance of the Amount Financed. The Finance Charge shown on the front side has been computed on the assumption that we will receive all payments on their scheduled due dates.

**2. COMPUTING INTEREST:** We will charge interest on a daily basis on the outstanding balance subject to interest on each day of the loan term. The daily interest rate is equal to the Annual Percentage Rate divided by the number of days in that calendar year. Borrower agrees that because interest is calculated on a daily basis, late payments will result in additional interest (and, if applicable, a late charge). Early payments will result in less interest being charged. Early and/or late payments will cause the amount of the final payment to change.

**3. LATE CHARGE AND BAD CHECK FEE:** Buyer agrees to pay a late charge for any payment not made within 10 days after its due date. The late charge will be the lesser of $15.00 or 5% of the total amount of the payment which was not paid in full. We will consider any part of a month in excess of 10 days to be a full month. The late charge will be due when earned. No late charge will be due if the reason that the payment is late is because, after default, the entire outstanding balance on this Contract is due. No late charge will be due if the only reason that the payment is late is because of a late charge assessed on an earlier payment. If any check, draft or other item you send in payment of your obligation on this Contract is returned unpaid for any reason, you agree to pay a Returned Check Charge of $30.00.

**4. APPLICATION OF PAYMENTS:** We will apply payments in the following order of priority: interest, late charges, fees and then principal and other amounts you owe in the order that we may choose.

**5. PREPAYMENT:** You may prepay, in full or in part, the amount owed on this Contract at any time without penalty. If you prepay the Contract in part, you agree to continue to make regularly scheduled payments until you pay all amounts due under this Contract. This will reduce the number of payments you will make. If you prepay in full, we will refund to you any unearned credit insurance premium you paid. However, you will not be entitled to a refund if it would be less than $1.00.

**6. WAIVERS:**

a. **WAIVER BY SELLER AND ASSIGNEE:** We and Assignee waive the right to treat any property as security for the repayment of this Contract, except for the Vehicle and the other security mentioned in this Contract.

b. **WAIVERS BY BUYER, CO-SIGNER AND CO-OWNER:** You agree to make all payments on or before they are due without our having to ask. If you don't, we may enforce our rights without notifying you in advance. You give up any right you may have to require that we enforce our rights against some other person or property before we enforce our rights against you. You agree that we may give up our rights against some other person but not against you. You waive due diligence in collection and all defenses based on suretyship and impairment of collateral or security.

**7. INTEREST AFTER MATURITY AND JUDGMENT:** Interest at the rate provided in this Contract shall continue to accrue on the unpaid balance until paid in full, even after maturity and/or after we get a judgment against you for the amounts due. This will apply even if the maturity occurs because of acceleration. If at any time interest as provided for in this paragraph is not permitted by law, interest shall accrue at the highest rate allowed by applicable law beginning at that time.

**8. YOUR PROMISES ABOUT OUR SECURITY INTEREST:** You will not permit anyone other than us to obtain a security interest or other rights in the Vehicle. You will pay all filing fees necessary for us to obtain and maintain our security interest in the Vehicle. You will assist us in having our security interest noted on the Certificate of Title to the Vehicle. You will not sell or give away the Vehicle. If someone puts a lien on the Vehicle, you will pay the obligation and clear the lien.

**9. YOUR PROMISES ABOUT THE VEHICLE:** You will keep the Vehicle in good condition and repair. You will pay all taxes and charges on the Vehicle. You will pay all costs of maintaining the Vehicle. You will not abuse the Vehicle or permit anything to be done to the Vehicle which will reduce its value, other than for normal wear and use. You will not use the Vehicle for illegal purposes or for hire or lease. You will not move the Vehicle from your address shown on the front of this Contract to a new permanent place or garaging without notifying us in advance.

**10. LOSS OF VEHICLE:** You agree that you must perform your duties under this Contract even if the Vehicle is lost or destroyed.

**11. YOUR PROMISES ABOUT INSURANCE:** You will keep the Vehicle insured against fire, theft and collision until all sums due us are paid in full. The insurance coverage must be satisfactory to us and protect your interests and our interests at the time of any insured loss. The insurance must name us as "loss-payee" on the policy. The insurance must be written by an insurance company qualified to do business in Delaware and licensed to sell insurance in the state where the Vehicle is permanently garaged. The insurance policy must provide us with at least 10 days' prior written notice of any cancellation or reduction in coverage. On request, you shall deliver the policy or other evidence of insurance coverage to us. In the event of any loss or damage to the Vehicle, you will immediately notify us in writing and file a proof of loss with the insurer. We may file a proof of loss on your behalf if you fail or refuse to do so. We may endorse your name to any check, draft or other instrument we receive in payment of an insured loss or returned insurance premiums. We may apply any insurance proceeds we receive to repair or replace the Vehicle if, in our opinion, it is economically feasible and you are not then in default under this Contract. Otherwise, we will apply the insurance proceeds to reduce the unpaid balance due us.

**12. OUR RIGHTS IF YOU BREAK YOUR PROMISES ABOUT THE SECURITY INTEREST, VEHICLE OR INSURANCE:** If you fail to keep your promises to pay filing fees, taxes, liens or the costs necessary to keep the Vehicle in good condition and repair, we may advance any money you promised to pay. If you fail to keep your promises about required insurance we may advance money to obtain insurance to cover loss or damage to the Vehicle. We have the choice of whether or not to advance any money for these purposes. Such insurance will be limited to an amount not greater than you owe on this Contract. We will add any money we advance on your behalf to the balance on which we impose Finance Charges at the Annual Percentage Rate of this Contract. You agree to repay the money advanced as we alone may specify: (i) immediately on demand, or (ii) along with your monthly payments. If we choose to allow you to repay the money advanced along with your monthly payments, we can choose the amount of these payments and how long you have to repay. If any of our rights stated in this paragraph are not permitted by law, we still have the other rights mentioned. Our payments on your behalf will not cure your failure to perform your promises in this Contract.

**13. DEFAULT:** In this paragraph "You" means the Buyer, Co-Signer and Co-Owner, or any one of them. You will be in "Default" of the Contract if any one or more of the following things happen:

a. You do not make any payment on or before it is due; or

b. You do not keep any promise you made in this Contract; or

c. You do not keep any promise you made in another Contract, Note, Loan or Agreement with Seller or Assignee; or

d. You made any untrue statement in the credit application for this Contract; or

e. You committed any forgery in connection with this Contract; or

f. You die, are convicted of a crime involving fraud or dishonesty, or are found by a court with jurisdiction to do so to be incapacitated; or

g. You file bankruptcy or insolvency proceedings, or anyone files bankruptcy or insolvency proceedings against you; or

h. You take the Vehicle outside the United States or Canada without our written consent; or

i. You use the Vehicle or allow someone else to use it in a way that causes it not to be covered by your insurance; or

j. You do something that causes the Vehicle to be subject to confiscation by government authorities; or

k. The Vehicle is lost, stolen, destroyed or damaged beyond economical repair, and not fixed or found within a reasonable time; or

l. Another creditor tries to take the Vehicle or your money on deposit with Assignee by legal process.

**14. OUR RIGHTS IF YOU ARE IN DEFAULT OF THIS CONTRACT:** If you are in Default of this Contract, we may enforce our rights according to law. We may also do the things specifically mentioned in this Contract. We may do one of these things and at the same time or later do another. Some of the things we may do are the following:

a. **ACCELERATION:** We can demand that you pay to us the entire unpaid balance owing on the Contract and all unpaid finance charges and other money due. You agree that you will pay this money to us in one single payment immediately upon receiving our demand.

b. **REPOSSESSION:** We can enter onto land or in a building without breach of the peace and repossess the Vehicle in accordance with state law. We can do this ourselves, have a qualified person do it for us, or have a government official (by replevin) do it for us. You agree that we can peaceably come on to your property to do this. We will not be responsible for any other property not covered by this Contract that you leave inside the Vehicle or that is attached to the Vehicle. You agree that we may use your license plates in repossessing the Vehicle and taking it to a place for storage.

c. **VOLUNTARY DELIVERY:** We can ask you to give us the Vehicle at a reasonably convenient place. You agree to give us the Vehicle if we ask.

d. **DELAY IN ENFORCEMENT:** We can delay enforcing our rights under this Contract without losing any rights.

**15. SOME THINGS YOU SHOULD KNOW IF WE REPOSSESS THE VEHICLE:** If we repossess without using a judicial process:

a. **REDEMPTION:** You have the right to buy back (redeem) the Vehicle before we sell the Vehicle. If you do not redeem, you give up all claim to the Vehicle.

b. **SALE:** We will send you written notice that we intend to sell the Vehicle. You agree that commercial reasonableness requires not more than 3 days notice. If you don't redeem by the sale date, we will sell the Vehicle. The money received at sale will be used to pay costs and expenses you owe, and then to pay the amount you owe on the Contract.

c. **SURPLUS OR DEFICIENCY:** If there is money left, we will pay it to the Buyer. If there is not enough money from the sale to pay what you owe, you and Co-Signer agree to pay what is still owed to us.

d. **EXPENSES:** You agree to pay the costs of repossessing, storing, repairing, preparing for sale and selling the Vehicle as may be allowed by law. These costs will only be due if:
   1. The amount of costs are actual, necessary and reasonable; and
   2. We can prove the costs were paid.

**16. HEIRS AND PERSONAL REPRESENTATIVES BOUND:** After your death, this Contract shall be enforceable against your heirs and personal representatives of your estate.

**17. GOVERNING LAW:** This Contract is to be interpreted according to the law of Delaware.

**18. SEVERABILITY OF PROVISIONS:** If for any reason any part of this Contract shall become illegal, void or unenforceable, that part shall not be a part of this Contract.

**19. ASSIGNMENT BY BUYER:** Buyer shall not assign this Contract.

**20. THERE ARE NO WARRANTIES BY SELLER, EXPRESSED OR IMPLIED, INCLUDING THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, UNLESS WE PROVIDE TO YOU A SEPARATE WRITTEN WARRANTY.**

NOTICE—ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.

THE PROVISION BELOW IS NOT PART OF THE DELAWARE RETAIL INSTALLMENT CONTRACT BETWEEN THE BUYER AND SELLER.

### ASSIGNMENT

To induce you, the "Assignee" identified on the face of this Contract, to purchase the within Contract, the Seller hereby warrants and represents, and continues to warrant and represent that: the sale has been made in strict conformity with all applicable federal, state and local laws and regulations, including, but not limited to, Article 2 of the Delaware Uniform Commercial Code (6 Del C. §§2-101 et seq); our title to the Contract and the Vehicle covered thereby is absolute, free of all liens, encumbrances and security interests, and is subject only to the rights of the Buyer as set forth therein; the Contract is genuine, the signatures thereon are not forgeries, arose from the sale of the Vehicle therein described, and all parties thereto are of full age and had capacity to contract; the description of the Vehicle and extra equipment is complete and correct; the cash downpayment and/or trade-in allowance were actually received and no part thereof consisted of notes, post-dated checks, other credit advanced by us to Buyer or rebates or similar payments from us to the Buyer (however manufacturer rebates may constitute all or a part of the downpayment); all warranties and statements therein are true; there is owing thereon the Amount Financed plus interest at the Annual Percentage Rate of the Contract set forth therein; we are duly licensed under Title 5, Chapter 29 of the Delaware Code entitled Financing the Sale of Motor Vehicles and have duly complied with all requirements thereof with respect to the transaction and with the federal Truth-in-Lending Act and with any other federal or state law, rule or regulation applicable to this Contract; a motor vehicle title certificate showing a lien or encumbrance in favor of Assignee has been or will be applied for promptly; the registration of the Vehicle has not been suspended and the Seller knows of no facts which may result in the suspension of said registration; the Buyer(s) named in the within Contract is (are) personally known to the Seller to be the same identical person(s) whose signature(s) is (are) affixed to this Contract; and Seller has no knowledge of facts impairing the validity or value of the Contract. If any such warranties or representations should be breached at any time, Seller shall repurchase said Contract from Assignee, on demand, and will pay therefor, in cash, the amount owing thereon, computed as set forth below, and said remedy shall be cumulative and not exclusive, and shall not affect any other right or remedy that Assignee might have at law or in equity against Seller. In the event that Buyer fails or refuses to make any payment due hereunder on the assertion, either oral or written, that the Vehicle is defective, not as represented to the Buyer by Seller, or that Seller refuses to honor any warranty or service agreement of Seller or manufacturer, Seller agrees that, on being advised by Assignee of such claim of Buyer, Seller will repurchase the Contract from Assignee and pay Assignee for same immediately in accordance with the repurchase terms set forth below, and Seller further agrees to hold Assignee harmless from any other claims of Buyer, including attorneys' fees, costs and expenses incurred in defending against claims asserted by Buyer and including claims for refund of payments made by Buyer to Assignee. If the Seller contracts to purchase property insurance on behalf of the Buyer, and that insurance is cancelled by the insurance company prior to its scheduled expiration date, Seller will attempt to place comparable coverage with another insurance company on behalf of the Buyer. If Seller is unable to do so, Seller will notify Buyer and pay to Buyer any additional costs incurred by the Buyer in obtaining replacement insurance for the unexpired period of the original insurance policy. By delivering this Contract to the Assignee and accepting payment for it, Seller authorizes the Assignee to complete or correct the identification of the Assignee in this Assignment to reflect the true Assignee who purchased this Contract, and/or to sign Seller's name to this Assignment, without recourse, if the Assignment has been delivered without Seller's signature.

In the event that Seller is required by this Assignment to repurchase the Contract and/or Vehicle, Seller shall pay to Assignee, in cash, the full unpaid balance of the Contract as of the date of repurchase, plus any then earned Finance Charge and any and all costs and expenses paid or incurred by Assignee in respect thereto, including reasonable attorneys' fees, in connection with claims by or against any Buyer, Owner or persons in possession of the Vehicle and/or by or against Seller.

For value received, Seller hereby sells, assigns and transfers unto the Assignee, its successors and assigns, the within Contract, all moneys due and to become due thereunder, and all right, title and interest in and to the Vehicle therein described, with full power in the Assignee in its or our name to take such legal or other action which we might have taken save for this Assignment. Unless Seller marks either of the endorsements below, titled "WITH FULL RECOURSE" or "WITH REPURCHASE," Seller's assignment shall, except for the provisions of the paragraph titled "Assignment," be without recourse.

☐ WITH FULL RECOURSE—Seller agrees that, in addition to the paragraph above titled "Assignment," in the event of default by Buyer in the full payment on the due date thereof of any installment payable under the Contract or in the prompt performance of any other obligation to be performed under the Contract by Buyer, Seller will, on demand by Assignee, forthwith repurchase the Contract from Assignee for a repurchase price, in cash, computed as set forth above.

☐ WITH REPURCHASE—Seller agrees that, in addition to the provisions of the paragraph above titled "Assignment," in the event of any default by Buyer which shall entitle Assignee to repossess the Vehicle, Seller will, if the Vehicle is repossessed by Assignee and delivered to Seller, and without regard to the then condition of the Vehicle, at the request of Assignee forthwith repurchase the Contract and the Vehicle from Assignee for a repurchase price, in cash, computed as set forth above.

By signing below, we agree to the terms of the Assignment.

Seller _W.___ _____   By _____   02/21/18
Date

DE 23SLC 4/1/06 Customized

WK1189 (7/17)

To Reorder Form: 1-888-339-9966

ex-I

DEALE... IXU...

**DELAWARE**
**RETAIL INSTALLMENT CONTRACT (MOTOR VEHICLE),** Dated      02/21/2018      Account #

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ _____ |
|---|---|---|---|---|
| 7.35 % | $ 12840.48 | $ 44886.00 | $ 57726.48 | 0.00 $ 57726.48 |

Your Payment Schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $ 687.22 | Monthly, beginning 04/07/18 |
|  | $ N/A |  |
|  | $ 20.00 |  |

**Security:** You are giving a security interest in the motor vehicle being purchased.

**Prepayment:** You may repay all or part of what you owe at any time without any prepayment penalty.

Filing Fees: $

**Late Charge:** If a payment is more than 10 days late, you will be charged the lesser of $15.00 or 5% of the total amount of the payment which was not paid in full.

See below and any other Contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
e means estimate

In this Contract, we are the SELLER.
**WINNER DOVER 1387, LLC**
**1387 N DUPONT HWY          DOVER, DE 19901**

| Name | Address | Zip Code |

This Contract is between Seller and Buyer. All disclosures have been made by Seller. Seller intends to assign this Contract to the Assignee.

You are the BUYER(S).
**SHAUN EDWARD FLECK 38477 OCEAN BLVD UNIT 639 FRANKFORD DE 19**

| Name(s) | Address(es) | Zip Code(s) |

If there is more than one Buyer, each promises, separately and together, to pay all sums due us and to perform all agreements in this Contract.

**TRADE-IN:**
You have traded in the following vehicle: **2015 KIA          FORTE**

Year and Make          Description
If a balance is still owing on the vehicle you have traded in, the Seller will pay off this amount on your behalf. You warrant and represent to us that any trade-in is free from lien, claim, encumbrance or security interest, except as shown in the Itemization of Amount Financed as the "Lien Payoff."

**PROPERTY INSURANCE:** You may choose the person through whom insurance is obtained against loss or damage to the Vehicle and against liability arising out of use or ownership of the Vehicle. In this Contract, you are promising to insure the Vehicle and keep it insured.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**CREDIT INSURANCE IS NOT REQUIRED:** Credit Life Insurance and Credit Accident and Health Insurance are not required to obtain credit, and will not be provided unless you sign below and agree to pay the additional cost(s). Your insurance certificate or policy will tell you the MAXIMUM amount of insurance available. All insurance purchased will be for the term of the credit.

By signing, you select Single Credit Life Insurance, which costs $ **N/A**    What is your age? ___ Yrs.

By signing, you select Single Credit Accident & Health Insurance, which costs $ **N/A**    What is your age? ___ Yrs

Signature of Buyer to be insured for Single Credit Life Insurance

Signature of Buyer to be insured for Single Credit Accident & Health Insurance

By signing, you both select Joint Credit Life Insurance, which costs $ **N/A**    What are your ages?

By signing, you both select Joint Credit Accident & Health Insurance, which costs $ **N/A**    What are your ages? to be insured    Percentage %

1. _____

2. _____
Signatures of both Buyers to be insured for Joint Credit Life Insurance

1. _____

2. _____
Signatures of both Buyers to be insured for Joint Credit Accident & Health Insurance

Insurer:

**VEHICLE:** You have agreed to purchase, under the terms of this Contract, the following motor vehicle and its extra equipment, which is called the "Vehicle" in this Contract. See purchase order.

| N/U | Year and Make | Model | Body Style | No. Cyl | Truck Ton Capacity | Serial Number |
|---|---|---|---|---|---|---|
| NEW | 2018 SUBARU | WRX | SD | 4 |  | JF1VA1K68J9826608 |

Equipped with: ___ A.T. ___ P.S. ___ AM-FM Stereo ___ 5 Spd. Other _____
___ A.C. ___ P.W. ___ AM-FM Tape ___ Vinyl Top

**Itemization of Amount Financed**

| | |
|---|---|
| Cash Sale Price | $ 36079.00 |
| Cash Downpayment | $ 1000.00 |
| Trade-In | |
| Value of Trade-In | $ 7000.00 |
| Lien Payoff to: **global Lending** | $ 14000.00 |
| Unpaid Balance of Cash Price | $ 42079.00 |
| Amount Paid to Others on Your Behalf (We may retain a portion of these amounts) | |
| To Public Officials for: | |
| License, Tags and Registration | $ 275.00 |
| Official Fees | $ 1237.00 |
| To Credit Insurance Company | $ N/A |
| To _____ | $ N/A |
| To **GAP INSURANCE** | $ 800.00 |
| To **Admin Fee** | $ 495.00 |
| To _____ | $ N/A |
| **Amount Financed** | $ 44886.00 |

**ASSIGNEE:** We may assign this Contract and Security Agreement to the Assignee named in this section, which is the "Assignee." If at any time the Owner of the Contract assigns the Contract to another assignee, the term then refers to such other assignee. After the Assignment, all rights and benefits of the Seller in this Contract and in the Security Agreement shall belong to and be enforceable by the Assignee. The Assignee is:

**Del-One Federal Credit Union**
**270 Beiser Blvd.**
**Enterprise Business Park**
**Dover, DE 19904**

**CO-SIGNER:** Any person signing the Co-Signer's Agreement below promises separately and together with all Co-Signer(s) and Buyer(s), to pay all sums due and to perform all agreements in this Contract. **Co-Signer will not be an Owner of the Vehicle.**
**CO-OWNER:** Any person signing the Co-Owner's Security Agreement below gives us a security interest in the Vehicle and agrees separately and together with all Co-Owner(s) and Buyer(s), to perform all agreements in the Security Agreement and all other parts of this Contract except the "Promise to Pay" section.
**TERMS:** The terms shown in the boxes above are part of this Contract.

**Buyer's Guide Window Sticker.** If the Car which is described on the face of this Contract has a Buyer's Guide Window Sticker required by the Federal Trade Commission Used Car Trade Regulation Rule, the following notice applies:
**The information you see on the window form for this Vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**PROMISE TO PAY:** You agree to pay us the Total Sale Price for the Vehicle by making the Cash Downpayment, assigning the Trade-In, if shown above, and paying us the Amount Financed plus interest. You promise to make payments in accordance with the Payment Schedule above. You promise to make payments on or before the same day of each month as the first payment due date. Even if you repay, you will still be required to make the regularly scheduled payments unless we agree in writing to a change in the payment schedule. You agree to pay all other amounts which may become due under the terms of this Contract. You agree to pay the Seller or Assignee court costs. You also agree to pay reasonable attorney's fees not exceeding 15% of the amount due if Seller or Assignee hires an attorney who is not a salaried employee of Seller or Assignee to collect amounts due under this Contract or to protect or get possession of the Vehicle. You agree to make payments at the place or to send payments to the address which the Assignee most recently specified in the written notice to you.

By signing below, we agree to sell the Vehicle to you under the terms of this Contract.

**SECURITY AGREEMENT:** To secure the payment of all sums due and the performance of all required obligations under this Contract, you give a security interest in the Vehicle, in all parts (called "accessions") attached to the Vehicle at any later time, and in any proceeds of the Vehicle, including insurance proceeds. The Assignee may set-off any amounts due and unpaid under this Contract against any of your money on deposit with Assignee. This includes any money which is now or may in the future be deposited with Assignee by you. Assignee may do this without any prior notice to you.

**ADDITIONAL TERMS AND CONDITIONS:** THIS CONTRACT CONTINUES ON THE REVERSE SIDE. YOU ARE OBLIGATED TO ALL THE TERMS OF THE CONTRACT WHICH APPEAR ON THE FRONT AND REVERSE SIDES.

**NOTICE TO THE BUYER: (1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES; (2) YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. BUYER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS CONTRACT AT THE TIME OF SIGNING.**

SELLER **WINNER DOVER 1387, LLC**
BY: _[signature]_          02/21/18 Date

BUYER _[signature]_          (SEAL) 02/21/18 Date
BUYER _[signature]_          (SEAL) 2/21/18 Date

**CO-SIGNER: YOU SHOULD READ THE NOTICE TO CO-SIGNER, WHICH HAS BEEN GIVEN TO YOU ON A SEPARATE DOCUMENT, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.**
**CO-SIGNER'S AGREEMENT:** You, the person (or persons) signing below as "Co-Signer," promise to pay to us all sums due on this Contract and to perform all agreements in this Contract to be performed by Buyer. You intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. You are making this promise to induce us to make this Contract with the Buyer, even though we will use the proceeds only for the Buyer's benefit. You agree to pay even though we may not have made any prior demand for payment on the Buyer or exercised our security interest. **You also acknowledge receiving a completed copy of this Contract.**

(SEAL)
Co-Signer's Signature          Address          Date
(SEAL)
Co-Signer's Signature          Address          Date

**CO-OWNER'S SECURITY AGREEMENT:** You, the person signing below as "Co-Owner," together with the Buyer or otherwise being all of the Owners of the Vehicle, give us a Security Interest in the Vehicle identified above. You agree to be bound by the terms of the Security Agreement and all other parts of this Contract except the "Promise To Pay" section. You are giving us the security interest to induce us to make this Contract with the Buyer, and to secure the payment by the Buyer of all sums due on this Contract. You will not be responsible for any deficiency which might be due after repossession and sale of the Vehicle.

(SEAL)
Co-Owner's Signature          Address          Date

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

DE 23510 4/1/06 Customized
© 2006 The Reynolds and Reynolds Company WK11159 (7/17)
ORIGINAL - White • DEALER'S COPY - Canary • BUYER'S - CD-SIGNER'S COPY - Pink • COPY - Goldenrod
To Reorder Form. 1-888-339-3986

ex-I



**DEL-ONE FEDERAL CREDIT UNION**

(302) 739-4496 | WWW.DEL-ONE.ORG

05/28/2025

Shaun E. Fleck
2035 S$^{th}$ ST. Apt 210
Astoria, OR 97103

Re: Credit Bureau Update Request

Dear Shaun E. Fleck:

Del-One has received your request to amend your credit report (enclosed).

Del-One has completed a review of the account(s) and item(s) detailed in your dispute. After carefully investigating the dispute, we have determined the information being reported to be accurate.

Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Thank you,

Del-One FCU
(302) 739-4496

**Del-One**
Federal Credit Union

ex-I



**DEL-ONE FEDERAL CREDIT UNION**
(302) 739-4496 | WWW.DEL-ONE.ORG

05/28/2025

Shaun E. Fleck
2035 5th ST. Apt 210
Astoria, OR 97103

Re: Credit Bureau Update Request

Dear Shaun E. Fleck:

Del-One has received your request to amend your credit report (enclosed).

Del-One has completed a review of the account(s) and item(s) detailed in your dispute. After carefully investigating the dispute, we have determined the information being reported to be accurate.

Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Thank you,

Del-One FCU
(302) 739-4496

Non certified letters from Del one



# DEL-ONE FEDERAL CREDIT UNION
(302) 739-4496 | WWW.DEL-ONE.ORG

01/14/2025

Shaun E. Fleck
2000 5th St Apt 210
Astoria, OR 97103

Re: Credit Bureau Update Request

Dear Shaun Fleck:

Del-One has received your request to amend your credit report (enclosed).

Del-One has completed a review of the account(s) and item(s) detailed in your dispute. After carefully investigating the dispute, we have determined the information being reported to be accurate.

Should you have any further questions or concerns please visit any one of our branches or contact our Call Center at (302) 739-4496.

Thank you,

Del-One FCU
(302) 739-4496

## Del-One

ex-I



### MarketPulse AI, LLC
### A Corporate Trust Entity | Audit-Initiated System
**2035 5th St, Apt 210 · Astoria, OR 97103**
| **Jurisdiction:** Oregon, United States
Email: **marketpulse.ai.llc@gmail.com** | **www.mpai.shop**



## 📎 EXHIBIT J – FINAL RESPONSE & SETTLEMENT EXPIRATION NOTICE TO DEL-ONE FCU



**Cover Letter and Legal Commentary**
*Shaun E. Fleck v. Del-One Federal Credit Union*
*June 2025 – Exhibit J*

To Whom It May Concern,

This Exhibit contains the final response submitted to Del-One Federal Credit Union by Shaun E. Fleck, following a consistent pattern of non-substantive replies from Del-One and confirmed institutional avoidance. It includes:

- The **Final Warning and Expiration of Settlement Offer**
- Reiteration of previously cited legal violations and federal case readiness
- Detailed **pre-litigation conclusions**
- An explicit **cutoff of further informal communications**

This final communication was issued **in direct response to Del-One's second and third reply letters**, as detailed in Exhibit I. Those replies failed to address any of the specific legal arguments or evidence provided, and instead issued vague, self-assured claims of "account accuracy," despite:

- Confirmed **backend account deletions and data tampering**
- **Certified mail rerouting** and irregularities (already documented)
- **No clarifying questions** asked by Del-One at any stage
- Repeated **non-responsiveness to CFPB, NCUA, and credit dispute filings**
- Failure to disclose internal policy decisions or chain-of-custody documentation
- Factual contradictions between mailed replies and credit report updates

This letter serves to **officially close the window** for resolution outside of court, and documents the **institutional waiver of good-faith participation**, which was granted multiple times over several months.

Included in this exhibit are the following:

- **"Del-One Final Settlement Opportunity Expiring"** – June, 12, 2025
- **"Cover Letter: Official Reply to Certified Del-One Letter"**
- Confirming language under penalty of perjury
- Final offer expiration date, terms, and conditions
- Declaration of readiness for **federal filing** with a complete evidentiary archive

Del-One is hereby **on full notice** that any further communication must proceed through formal legal channels. All informal avenues have now been **exhausted** and **documented**. This exhibit ensures the **final procedural cutoff** is clearly entered into the judicial record, along with full digital and physical tracking of related communications.

Respectfully submitted,

**Shaun E. Fleck**
*Pro Se Litigant – Federal Filing Preparedness*
X _[signature]_          Date: 06 / 17 /2025

---

📎 **TRUST SIGNATURE BLOCK**
**Shaun Fleck**
2035 5th St, Apt 210 · Astoria, OR 97103
Managing Member & Trustee
MarketPulse AI Corporate Trust



© MarketPulse AI LLC. Trust-Governed Entity. Protected under MarketPulse Sovereign Company Trust. All rights reserved. Intellectual property and internal operations are subject to private trust jurisdiction and may not be interpreted under public commercial law without written consent. This document was prepared in part by a symbolic legal automation engine known internally as "The Veil," operating under private corporate trust protocol. All data, templates, legal claims, symbolic mappings, and integration structures contained within this document are protected by intellectual property rights, trade secret designations, contract automation privileges, and private system trust governance.

Unauthorized replication, modification, or use of this material without direct consent from MarketPulse AI, LLC or its legal trust representatives may constitute a breach of contractual obligation or intellectual infringement.





*exhibit - J*

1

# FORMAL NOTICE OF EVIDENTIARY SUBMISSION AND LEGAL RESERVATION
## Account Ref #XXX430 – Shaun E. Fleck v. Del-One Federal Credit Union

**Shaun E. Fleck**
Astoria, Oregon 97103
shaunfleck@gmail.com
503-686-8589
**Date:** 06/03/2025
**To:** Del-One Federal Credit Union
Legal Department
270 Beiser Blvd / 150 E Water Street
Dover, DE

### Re: Evidentiary Submission and Legal Clarification for Internal Review – Account Ref #XXX430

To the Legal and Compliance Team at Del-One,
This transmission is submitted not only for legal record, but to assist your institution in understanding its contractual and regulatory deficiencies as they pertain to both state and federal obligations. While it is expected that your legal department is well-versed in such matters, the enclosed review may serve as a helpful refresher on the applicable laws your team has repeatedly failed to observe.

### I. Right to Cure – UCC Article 9 and Delaware Consumer Credit Law
**Observation:**
At no point was a notice of right to cure or formal demand issued to the borrower prior to enforcement attempts. This absence violates **UCC § 9-611**, which mandates **advance written notification** of default and intent to repossess.
**Clarification:**
The right to cure is not discretionary. It is a required element of secured lending procedure. Failure to issue such a notice constitutes **a due process violation** and invalidates subsequent collection or enforcement actions.

### II. 1099-C Non-Issuance and Federal Reporting Exposure – IRC § 6050P
**Observation:**
Despite indicators suggesting this debt was discharged, settled, or removed from collections, your institution has not provided a corresponding IRS Form 1099-C.
**Clarification:**
Under Internal Revenue Code § 6050P, financial institutions are required to file a 1099-C when a debt cancellation of $600 or more occurs, whether by charge-off, insurance payout, or third-party settlement. The absence of such documentation — while title remains held and tradeline interference occurred — raises concerns of misclassification or withholding. This further undermines Del-One's ability to legally enforce or report the debt. If this omission is not addressed, the issue will be escalated to the IRS under the federal whistleblower provision of IRC § 7623 for independent review.

### III. Contractual Assignment Failure – Commercial Paper Law and FDCPA § 809
**Observation:**
Your contract fails to elect either "With Full Recourse" or "With Repurchase" in the assignment section — a fundamental failure of execution.
**Clarification:**
Without a completed assignment declaration, enforcement rights become **legally ambiguous**. Under **Uniform Commercial Code (UCC § 3-203)**, a holder must prove clear chain-of-custody and endorsement authority. Your failure to check either box invites challenge under **FDCPA § 809(a)** and **FCRA § 1681s-2(b)**, particularly where reporting persists despite unresolved ownership.

### IV. Retention of Title After Charge-Off – UCC § 2-709 and Unjust Enrichment
**Observation:**
You appear to have received either charge-off benefits, tax offsets, or insurance settlement while continuing to retain the title of the vehicle.
**Clarification:**
This conduct may constitute **title conversion** under U.C.C. **§ 2-709(1)(b)** and qualifies as **unjust enrichment** under Delaware common law. Once benefit has been accepted, retention of collateral is no longer legally tenable without re-issuance of liability terms. Given the scope and nature of the enclosed allegations — including statutory breaches, conversion claims, and reportable legal dispute indicators — it is presumed that your institution has notified its liability insurer or risk management provider accordingly. If such notification has not yet occurred, this letter shall serve as **constructive notice of a reportable event. *Please confirm in writing that your insurance carrier has been advised in alignment with your internal compliance obligations and professional standards.***



This communication is submitted strictly for lawful notification purposes and without waiver of any legal rights, remedies, or future claims. All referenced statutes, exhibits, and factual assertions are certified as true to the best of the author's knowledge. Unauthorized withholding, redirection, or delay of this notice may constitute additional predicate conduct.



ex-J

2

**FORMAL NOTICE OF EVIDENTIARY SUBMISSION AND LEGAL RESERVATION**
**Account Ref #XXX430 – Shaun E. Fleck v. Del-One Federal Credit Union**

## V. Financial Instrument Misclassification – Securities, IRS, and SEC(cont.)

**Observation:**

This contract, bearing all characteristics of a negotiable instrument, may have been securitized, reassigned, or written off under 1099-C without proper disclosure or correction.

**Clarification:**

As you may know, instruments bundled or reassigned fall under the **Securities Act (15 U.S.C. § 77b(a)(1))**. If charge-off was declared, failure to report via **IRS Form 1099-C** constitutes **IRS noncompliance**. Any retained collection activity following discharge may constitute **securities fraud** or illegal collection.

## VI. Patterns of Obstruction and Simulated Compliance – RICO Framework

**Observation:**

Your institution's consistent refusal of mail, simulated legal replies, and failure to verify assignment rights have established **a repeatable pattern of deceptive practices.**

**Clarification:**

The pattern described qualifies under **RICO 18 U.S.C. § 1962(c)**. Repeated acts of mail obstruction, misrepresentation, and deceptive paperwork meet the statutory definition of "predicate acts," particularly when intended to **evade lawful challenge**.

## VII. Non-Profit Ethics Violations – NCUA / 12 CFR / UDAAP

**Observation:**

As a federal credit union, Del-One is held to elevated fiduciary and ethical standards that exceed those of standard financial institutions.

**Clarification:**

Your actions violate provisions of **12 CFR § 701.21**, which prohibit misleading practices in lending, and **UDAAP standards** outlined by the **NCUA's consumer compliance program**. Obstruction of process, refusal of certified correspondence, and failure to validate account status breach those responsibilities.

## PRIOR CORRESPONDENCE & ANTICIPATED DISCOVERY

This summary does not represent the full scope of evidence, correspondence, or legal violations known at this time. Your institution has already received multiple certified notices, CFPB complaint references, evidentiary logs, timeline records, and legal rebuttals — each preserved and timestamped.

If further clarification is required on any element herein, I can easily continue — but be advised, this is only a curated sample. Discovery will be far more extensive, and I am prepared to fully litigate all elements previously referenced and currently withheld for strategic reasons.

## Final Notice and Reservation of Rights

If your institution does not issue a full correction, provide lawful resolution, or respond with documentation that addresses these statutory failures by **June 12, 2025**, the following will proceed:

- Formal IRS referral for failure to file/declare 1099-C and improper asset conversion
- SEC, CFPB, and NCUA submissions including audit request
- Federal litigation citing:
  - FDCPA / FCRA Violations
  - Securities Misuse
  - Contractual Breach
  - RICO Predicate Structure
  - Mail Fraud and Obstruction
  - Title Conversion / Enrichment
- A parallel claim filed by **MarketPulse AI, LLC** for institutional damages and interference

*I trust that this record* — alongside the enclosed exhibits, statutory references, and preserved evidence chain — may serve not only as a formal legal record but also as a long-overdue opportunity for your internal compliance and legal departments to review the very laws your institution has chosen to ignore. Should clarification be necessary on any cited obligation, I remain fully prepared to facilitate that process — whether through litigation, discovery, or judicial instruction. I have not only prepared for the next stage — I have anticipated its outcome. The burden of consequence now rests solely on your institution. Choose wisely. All legal rights, remedies, and exhibits are archived and fully preserved.

**Respectfully,**
Shaun E. Fleck
X_____ Date:____/____/2025

This communication is submitted strictly for lawful notification purposes and without waiver of any legal rights, remedies, or future claims. All referenced statutes, exhibits, and factual assertions are certified as true to the best of the author's knowledge. Unauthorized withholding, redirection, or delay of this notice may constitute additional predicate conduct.



ex-J

## Subject: Final Settlement Opportunity Expiring – Notice of Escalation Timeline

**To:** Legal Department – Del-One Federal Credit Union
**CC:** Internal Legal Team, Compliance Oversight, Regulatory Affairs (per record)
**From:** Shaun E. Fleck
**Date:** June 3, 2025
**Re:** Matter Concerning Account #XXX430, Legal Notices Delivered May 27, 2025
CFPB Reference No.: **250503-20532010**

---

This communication serves as a transparent and professional courtesy outlining the closing timeline and escalation process regarding the unresolved matter referenced above. While your most recent correspondence dated May 28, 2025 was received, it failed to substantively respond to the central allegations presented in the formal RICO Predicate Letter, the Pre-Litigation Demand, and the Document Spoilation Notice delivered via certified mail to your branch offices. Most notably, your May 28 letter:

- Did not address the dual reporting involving Swan Valley Credit Union, which has now been silently removed from at least one bureau,
- Did not offer any validation, documentation, or chain of title proof per FCRA (15 U.S.C. § 1681s-2) or FDCPA (15 U.S.C. § 1692g),
- Ignored the violations outlined in the 48-hour and final demand notices, including unjust enrichment, mail obstruction, and contract breach,
- Confirmed your internal awareness of the dispute without addressing even a single element of the certified allegations.
- Your inclusion of a generic contract copy, without chain-of-title or accounting detail, fails to satisfy federal validation obligations under FDCPA § 809 and FCRA § 1681s-2.

---

## LEGAL FRAMEWORK UNDER CONSIDERATION
### 1. Unjust Enrichment and Title Conversion
Your institution has retained title to a vehicle following discharge through insurance, sale, or charge-off, while continuing to assert ownership without active collection or validation. This constitutes **unjust enrichment** under common law and violates **U.C.C. § 2-709**. The retention of asset control post-compensation, absent disclosure or resolution, is inequitable and actionable.
### 2. Possession and Constructive Abandonment
I have maintained continuous possession of the vehicle for over **three years** with no formal notice, legal repossession efforts, or right to cure. Under Delaware contract law and prevailing case precedent, such prolonged inaction signals **constructive abandonment**, extinguishing lien rights and undermining claims of ownership or enforcement.
### 3. Breach of Contract and Deceptive Practices
You have violated both **express** and **implied** terms of the original agreement by:
• Failing to validate or respond to contractual queries,
• Benefiting from third-party enrichment events,
• Simultaneously refusing to release title or acknowledge asset discharge.
These actions breach the covenant of **good faith and fair dealing** (Restatement (Second) of Contracts § 205), and fall under **Unfair and Deceptive Acts or Practices (UDAP)** (cont.)

**CONFIDENTIAL LEGAL NOTICE**
This communication is intended for authorized personnel of Del-One Federal Credit Union. Unauthorized use, reproduction, or transmission is strictly prohibited.



## Subject: Final Settlement Opportunity Expiring – Notice of Escalation Timeline

pursuant to **12 U.S.C. § 5531** — which prohibits substantial consumer harm, especially when not reasonably avoidable and lacking countervailing benefit.

### 4. Spoilation of Evidence and Obstructive Conduct

The erasure of tradelines (e.g., Swan Valley Credit Union), deletion of inquiry records, and refusal of certified mail (notably at the 19901 branch) form a cohesive pattern of obstructive conduct. Under **Silvestri v. GM Corp., 271 F.3d 583 (4th Cir. 2001)** and **Fed. R. Civ. P. Rule 37(e)**, such spoilation is subject to court sanctions, adverse inference, and evidentiary penalties.

### 5. FCRA and FDCPA Violations

You have repeatedly failed to meet statutory obligations, including:
• **FCRA § 1681s-2(a)(1)(A) & (b)(1)** – Duty to maintain and correct inaccurate reporting after formal notice.
• **FDCPA § 809 (15 U.S.C. § 1692g)** – Obligation to validate debt upon written request.
These violations remain active and uncorrected across **multiple certified disputes**, CFPB filings, and direct communications.

### 6. IRS Compliance and 1099-C Reporting Risk

Multiple financial events—charge-off, insurance payout, tax deduction, potential debt resale—have occurred without issuing required **IRS Form 1099-C** cancellation notifications.
If title retention continued post-discharge, this may constitute **fraudulent concealment** of taxable events. The IRS Whistleblower Office will be notified under **IRC § 7623** for review of potential evasion and misreporting by a tax-exempt entity.

### 7. Breach of Fiduciary and Regulatory Duty (NCUA & State)

As a **federally chartered, tax-exempt credit union**, you are governed by the **Federal Credit Union Act (12 U.S.C. § 1751 et seq.)** and subject to NCUA fiduciary guidelines. Your pattern of misconduct, procedural obstruction, and neglect of member obligations violate:
• **12 U.S.C. § 1761b** – Fiduciary duties of credit union officers
• **12 U.S.C. § 1766** – Administrative enforcement and removal provisions
This matter may be escalated to **NCUA, IRS Exempt Organizations Division**, and **Delaware's Office of the State Bank Commissioner** for charter review and regulatory oversight.

### 8. Mail Fraud and Wire Fraud Risk (Federal Criminal Exposure)

The combination of conflicting tradelines, redirection or non-acceptance of certified correspondence, and potential intentional misrepresentation to financial institutions may fall under:
• **18 U.S. Code § 1341 – Mail Fraud**
• **18 U.S. Code § 1343 – Wire Fraud**
These statutes form predicate acts for civil **RICO** evaluation should further discovery confirm coordination, intent, and repeat pattern. While not criminally charged in this action, your documented conduct satisfies the pattern and enterprise elements necessary for escalation under **18 U.S.C. § 1961(1)**.

### 9. Abuse of Tax-Exempt Status and Non-Profit Charter

Del-One Federal Credit Union is bound by obligations as a **member-owned**, federally tax-exempt institution under **26 U.S.C. § 501(c)(14)**.
Failure to act in members' interests, engaging in **for-profit-style enrichment** while refusing contractual or ethical obligations, may trigger review under:
• **IRS Publication 5261 (Abuse of Exempt Organizations)** (cont.)



**CONFIDENTIAL LEGAL NOTICE**
This communication is intended for authorized personnel of Del-One Federal Credit Union. Unauthorized use, reproduction, or transmission is strictly prohibited.



3

## Subject: Final Settlement Opportunity Expiring – Notice of Escalation Timeline

• **NCUA Rules & Regulations, Title 12, Chapter VII**
• **State Cooperative Financial Entity Oversight**
These violations, if confirmed, jeopardize your tax-exempt standing and credit union charter.

## 10. Cross-Border Reporting Irregularities and Jurisdictional Concealment

The disputed tradeline originally listed under **Swan Valley Credit Union**—a Canadian financial institution per address records—appeared exclusively on one U.S. credit bureau, while the remaining two reflected **Del-One Federal Credit Union** and **Delaware Federal Credit Union**, both U.S.-based entities.

Following formal dispute filings and certified legal notices, the Swan Valley tradeline was quietly removed—**without explanation, correction, or validation**—and replaced with a U.S. subsidiary or alias institution. This pattern raises serious red flags concerning:

- **Jurisdictional laundering** of tradelines to obscure origin and liability,
- Potential **collusion between cross-border institutions** to fragment and manipulate reporting,
- Concealment of **foreign enrichment or transfer activity** tied to debt instruments,
- Violation of U.S. consumer rights under the **Fair Credit Reporting Act (FCRA)** due to lack of accessible recourse against foreign institutions,
- Increased risk of **international RICO predicate conduct**, as the misreporting and non-disclosure span **multiple jurisdictions, credit systems, and legal entities**.

## FINAL WARNING ON SPOILATION:

Be advised: **any further alteration, deletion, or non-production of documents** that have been referenced in prior certified notices will be interpreted as additional spoilation and included in the RICO pattern. You have been previously notified and are under duty to preserve

## TIMELINE OF ESCALATION:
This letter documents the formal closing of the settlement opportunity originally presented.
- **June 10, 2025** – Final CFPB update filed, including new supporting records and credit deletions.
- **June 12, 2025** – Notifications submitted to federal regulatory bodies and state banking commissions, including documentation of IRS enrichment concerns.
- **June 12, 2025 (5:00 PM PST)** – Deadline to submit written offer for pre-litigation settlement. After this date, **no further negotiations will be accepted.**
- **June 16, 2025** – Federal court filing for civil suit under the following causes of action:
  - FCRA/FDCPA Violations
  - Title Conversion & Contract Nullification
  - Emotional Distress & Business Harm
  - Patterned Unjust Enrichment
  - RICO Predicate Acts (Misreporting, Obstruction, Mail Tampering)

## ADDITIONAL SUITS & NOTICE:


**CONFIDENTIAL LEGAL NOTICE**
This communication is intended for authorized personnel of Del-One Federal Credit Union. Unauthorized use, reproduction, or transmission is strictly prohibited.

ex-7

## Subject: Final Settlement Opportunity Expiring – Notice of Escalation Timeline

This matter will not end with personal litigation:
- MarketPulse AI, LLC will be filing a **separate litigation claim**.
- **Class action review** is underway; supporting evidence will be submitted to national law firms within 30 days.
- Documentation will continue to be submitted to regulatory and public oversight bodies via automated channels.

## CLOSING NOTICE

I am fully prepared to litigate this matter pro se and have archived **all material records** in both certified hard copy and timestamped digital form. This includes:

- All certified correspondences
- Federal and state violations
- Misreporting timelines
- Credit deletion and tradeline manipulations
- Evidence of material, procedural, and financial harm
- Confirmed CFPB Case No. 250503-20532010

I have also sent an email notice informing your institution of the pending RICO allegations and referenced this letter and its supporting evidence. On **June 10, 2025**, I will file the final CFPB update, including credit dispute proof and your May 28 certified letter. If no settlement is received by **June 12, 2025 (5:00 PM PST)**, all offers will be deemed permanently waived and the matter will proceed to litigation without further notice.

- **All certified correspondences**, USPS tracking logs, and returned mail verifications,
- **Chronological documentation** of FCRA, FDCPA, IRS, and contract law violations,
- **Screenshots, dispute reports, and bureau statements** showing tradeline manipulation and deletion,
- **Spoilation evidence** and procedural avoidance patterns,
- A **fully documented timeline** demonstrating obstruction, enrichment, and abuse of reporting systems,
- Verified evidence of **material business harm, emotional distress**, and systemic non-responsiveness,
- **Pre-drafted filings** prepared for submission in federal court including demand for discovery, injunctive relief, and multi-claim damages.

**CONFIDENTIAL LEGAL NOTICE**

This communication is intended for authorized personnel of Del-One Federal Credit Union. Unauthorized use, reproduction, or transmission is strictly prohibited.



## Subject: Final Settlement Opportunity Expiring – Notice of Escalation Timeline

If no resolution is formally submitted by **June 12, 2025 at 5:00 PM PST**, this letter will serve as final notice:

- The opportunity to settle will be **irrevocably waived,**
- The matter will proceed directly to litigation with **no further communication,**
- All accumulated documentation and witness-ready records will be filed into the public court record,
- Your institution's conduct will be submitted to federal and state authorities for **further civil and regulatory investigation**.

**Let there be no uncertainty:** I am organized, resourced, and committed to pursuing this case to its legal and public conclusion. Silence at this stage will be treated as willful waiver and evidentiary concession.

Respectfully,
**Shaun E. Fleck**
*Pro Se Litigant*

X_____ Date:_____/_____/_____

**LEGAL DISCLAIMER:** *This letter does not constitute a threat, coercion, or offer of barter. It is issued solely as a lawful record of correspondence under 15 U.S.C. §§ 1681, 1692, 18 U.S.C. § 1961 et seq., and applicable consumer protection statutes. It serves as pre-litigation notice and documentation of statutory violations, and may be used as part of court records.*

*This notice is provided without waiver of any legal rights or remedies, all of which are expressly reserved.


**CONFIDENTIAL LEGAL NOTICE**
This communication is intended for authorized personnel of Del-One Federal Credit Union. Unauthorized use, reproduction, or transmission is strictly prohibited.


March 18, 2025

MB 01 006622 96791 H 27 B

Shaun Fleck
2035 5th Street
210
Astoria OR 97103

Ref: 20250736106068USD

Dear Shaun Fleck,

Thank you for applying for American Express Blue Business Cash™ Card. We are writing to let you know that, unfortunately, we cannot approve your application at this time.

**Reason(s) for Our Decision**

Your FICO® score (see below)

**Information About Your FICO® Score**
We obtained your FICO score from Experian and used it in making our credit decision. Your FICO score is a number that reflects the information in your credit report. Your FICO score can change, depending on how the information in your credit report changes. On March 14, 2025, your FICO score was 503. The FICO score ranges from 300 to 850. The following are the key factors that contributed to your FICO score:

There is serious delinquency and derogatory public record or collection agency record on your report.
The number of accounts that have or had a delinquency.
There are too few accounts currently paid as agreed.
The ratio of revolving account balances to their credit limits is too high.

FICO is a registered trademark of Fair Isaac Corporation in the United States and in other countries.

We realize this may not have been the outcome you hoped for. It's been our experience that applicants who were not approved for a new account at one time may qualify in the future. We invite you to apply again at a time when your circumstances have changed.

If you have any questions, please call us at 1-800-222-8416 or write to us at the address above. You can also learn more about managing your credit at **americanexpress.com/us/content/financial-education**.

Thank you for your interest in American Express.

Sincerely,

American Express Customer Care

We've provided an important notice below concerning your rights. The creditor is American Express National Bank.

**Your Right to Get Your Credit Report**
Our decision was based in whole or in part on information obtained in a report from each consumer reporting agency in this letter. Please know that the consumer reporting agency played no part in our decision and cannot supply you with the specific reasons for our decision. You have a right under the Fair Credit Reporting Act

UGNENGNTDEC0029                    Continued on reverse side                    Page 1 of 2