IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUN FLECK,

               Plaintiff,

      v.

DEL-ONE FEDERAL CREDIT UNION,

               Defendant.

Case No. 3:25-cv-01048-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Shaun Fleck ("Plaintiff"), a self-represented litigant proceeding in forma pauperis, moves for appointment of pro bono counsel. (ECF No. 3.) For the reasons explained below, the Court denies Plaintiff's motion for appointment of counsel, with leave to renew at a later stage.

## LEGAL STANDARDS

"There is normally . . . no constitutional right to counsel in a civil case." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981)). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560

F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

In evaluating "whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Ninth Circuit has recognized that "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (explaining that "[n]one of these factors is dispositive; rather they must be considered cumulatively" (citing *Palmer*, 560 F.3d at 970)).

## DISCUSSION

Plaintiff's case does not present "exceptional circumstances" warranting appointment of pro bono counsel.

At this early stage of the proceedings, Plaintiff has not yet demonstrated a likelihood of success on the merits. *See Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1-2 (9th Cir. July 5, 2022) (holding that the district court did not abuse its discretion in declining to appoint pro bono counsel "earlier in th[e] case," and explaining that "[i]t was not necessarily clear that [the self-represented plaintiff's] claims had potential merit until after [the] summary judgment" stage).

Additionally, on this record and considering the complexity of the legal issues involved, the Court has no reason to question Plaintiff's ability adequately to represent himself and articulate his claims under, among other provisions, the Fair Credit Reporting Act. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (explaining that the self-represented plaintiff's

case did not present "exceptional circumstances" warranting appointment of counsel, and "a litigant must meet a high bar to show that the legal issues involved are sufficiently complex, and that he is therefore impeded in his ability to present his case"); *Fierro*, 2022 WL 2437526, at *2 (noting that the "record . . . provide[d] some support for the conclusion that [the self-represented plaintiff] was ably litigating his claims *pro se*, and his . . . claims were not so complex as to require the appointment of counsel far in advance of trial"). Even if Plaintiff will face certain challenges in pursuing and presenting his case, Plaintiff's "circumstances [are] not exceptionally different from the majority of the challenges faced by [self-represented] litigants." *Siglar*, 822 F. App'x at 612. Thus, Plaintiff has not demonstrated an inability to litigate his claims as a self-represented litigant.

For these reasons, the Court concludes that Plaintiff's case does not present "exceptional circumstances" warranting appointment of counsel at this time. The Court, however, grants Plaintiff leave to renew his request to appoint counsel at a later stage of this case. *See Fierro*, 2022 WL 2437526, at *2 (explaining that it "was not necessarily clear that [the self-represented plaintiff's] claims had potential merit until after summary judgment[, but] the district court appropriately did appoint counsel once it was apparent that the failure-to-protect claims would go to trial").

## CONCLUSION

For the reasons stated, the Court DENIES Plaintiff's motion for appointment of pro bono counsel (ECF No. 3), with leave to renew at a later stage of this case.

**IT IS SO ORDERED.**

DATED this 30th day of June, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge