IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUN FLECK,

                Plaintiff,

      v.

DEL-ONE FEDERAL CREDIT UNION,

                Defendant.

Case No. 3:25-cv-01048-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Shaun Fleck ("Fleck"), proceeding as a self-represented litigant and in forma pauperis, filed this lawsuit against Defendant Del-One Federal Credit Union ("Del-One") on June 18, 2025. On March 30, 2026, the Court granted Del-One's motion to dismiss Fleck's original complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and dismissed Fleck's complaint with leave to amend. (*See* Op. & Order, ECF No. 40.)

On April 8, 2026, Fleck filed an amended complaint asserting a single claim under the Fair Credit Reporting Act ("FCRA"). (Am. Compl. ("FAC"), ECF No. 41.) Del-One now moves under Rule 12(b)(2) and (b)(6) to dismiss Fleck's complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. The Court has federal question

PAGE 1 – OPINION AND ORDER

jurisdiction over Fleck's claim under 28 U.S.C. § 1331. For the reasons explained below, the Court grants Del-One's motion to dismiss.

## BACKGROUND

The Court incorporates the background section of its prior Opinion and Order. (*See* Op. & Order at 2-8.) As relevant here, Fleck is currently an Oregon resident and Del-One is a federally chartered, not-for-profit credit union headquartered in Delaware. (*Id.* at 2; FAC ¶ 8.) Fleck became delinquent on his automobile loan in 2021 and Del-One "charged off" Fleck's remaining balance of $31,550 in January 2022.[1] (Op. & Order at 3.)

On or about March 20, 2025, Fleck mailed a letter to Del-One demanding, among other things, Del-One's "full validation" of the "alleged auto loan account," which was "associated with [his] name" and Social Security number and Del-One continued to report as "charged off" in January 2025, as reflected on his "recent credit report." (*Id.* at 5-6.) Fleck also demanded that Del-One release his vehicle's title, "remove the lien," and "overnight the title to [his] address," and advised that if Del-One failed timely to comply with his demands, he would consider Del-One's failure a "legal admission" that it "no longer holds a lawful claim over the vehicle and must release the lien immediately." (*Id.* at 6.)

On April 2, 2025, Del-One responded to Fleck and stated that it "was not able to conduct a reasonable investigation because [it was] not provided with sufficient information to investigate the disputed information." (FAC ¶ 33 & Ex. D.) On May 14 and May 28, 2025, after requesting and receiving supplemental information from Fleck, Del-One followed up with Fleck

---

[1] "To 'charge off' a loan is to 'treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *McWhorter v. Experian Servs. Corp.*, No. 23-13427, 2025 WL 2604621, at *3 n.3 (11th Cir. Sept. 9, 2025) (first quoting *Charge Off*, *Black's Law Dictionary* (12th ed. 2024); and then citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1188 n.5 (11th Cir. 2010)). Notably, "the charged off debt is not forgiven." *LeBlanc*, 601 F.3d at 1188 n.5.

regarding its recently completed investigation into his credit dispute. (Op. & Order at 6; FAC ¶ 34 & Ex. D.) Del-One advised Fleck that it "carefully investigat[ed] the dispute" and found that the "information being reported . . . [was] accurate." (Op. & Order at 6; FAC ¶ 34 & Ex. D.)

## LEGAL STANDARDS

### I.  FEDERAL IFP STATUTE

"The federal [IFP] statute, codified at 28 U.S.C. § 1915, allows an indigent litigant to commence a civil . . . action in federal court without paying the administrative costs of proceeding with the lawsuit." *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The IFP statute provides that a "court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("Section 1915(e) applies to all . . . [IFP] complaints, not just those filed by prisoners."). In other words, the IFP statute mandates sua sponte dismissal on these grounds. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024) ("[Section] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.") (simplified); *Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) ("[Section] 1915 [previously] required courts to dismiss only those cases that were 'frivolous or malicious[,]' . . . [but] the current IFP statute provides additional, detailed grounds for dismissal—including mandatory dismissal of any claim that 'seeks monetary relief against a defendant who is immune from such relief.'") (citations omitted).

### II.  FAILURE TO STATE A CLAIM

It is well established that the "same substantive rules apply to Rule 12(b)(6) and [Section] 1915(e) dismissals for failure to state a claim." *Hebrard*, 90 F.4th at 1007 (citing *Lopez*, 203 F.3d

PAGE 3 – OPINION AND ORDER

at 1127-28). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a [plaintiff's] complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

III.    SELF-REPRESENTED PLAINTIFFS

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021), and should treat pro se litigants with "great leniency" in "evaluating [their] compliance with technical rules of civil procedure[.]" *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (same). The Supreme Court, however, has also recognized that district courts have "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Thus, "there are limits to what a [district] court must do to accommodate a party appearing pro se." *Washington v. Kijakazi*, 72 F.4th 1029, 1040 (9th Cir. 2023) (citing *Pliler*, 542 U.S. at 231)).

For example, "[a]lthough [courts] construe pro se pleadings liberally, especially in civil rights cases, . . . [they] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768

PAGE 4 – OPINION AND ORDER

F.3d 1237, 1241 (9th Cir. 2014)); *Salazar v. Regents of Univ. of Cal.*, 812 F. App'x 410, 412 (9th Cir. 2020) (same); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (recognizing as much and explaining that the relevant county policy was "part of the record before the district court," but the self-represented plaintiff's "complaint made no reference to it and . . . largely repeated the facts that formed the basis of his other claims"). (simplified).

Furthermore, courts are generally not required to sift through a self-represented litigant's allegations and stacks of exhibits or filings to tease out a valid claim. *See Sernas*, 857 F. App'x at 401 (observing that "courts have a duty to read a pro se complaint liberally . . . [but they are] not required to sift through allegations to see what unidentified causes of action a pro se [litigant] may have a claim for"); *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) ("[T]he district court was not required to sift through [the self-represented litigant's] many exhibits to tease out a valid claim."); *see also Orea v. Quality Loan Service Corp.*, 859 F. App'x 799, 801 (9th Cir. 2021) ("The district court did not abuse its discretion in dismissing the [self-represented plaintiffs'] second amended complaint, which spanned more than ninety pages of text and 540 pages of exhibits, for violating [Rule] 8(a). . . . Th[e operative] complaint was so lengthy, rambling, confusing, and disorganized that one cannot determine who is being sued, for what relief, and on what theory.") (simplified).

## DISCUSSION

Del-One moves under Rule 12(b)(2) and (b)(6) to dismiss Fleck's amended complaint for lack of personal jurisdiction and failure to state a claim. (Def.'s Mot. Dismiss, ECF No. 43.) Based on the authorities the Court discussed in its prior Opinion and Order, the Court reaches the merits of Fleck's FCRA claim without first resolving whether it has personal jurisdiction over Del-One. (*See* Op. & Order at 22-28.)

PAGE 5 – OPINION AND ORDER

## I.    FCRA CLAIM

Fleck alleges that Del-One violated the FCRA (15 U.S.C. § 1681s-2(b)) because after Fleck submitted his dispute to a credit reporting agency ("CRA") and the CRA notified Del-One of the dispute, Del-One failed to conduct a reasonable investigation, failed reasonably to review and reconcile contradictory information associated with his disputed tradeline, and continued to furnish and verify inaccurate and materially misleading information. (*See* FAC ¶¶ 54-57.) For the following reasons, the Court finds that Fleck has failed to state a plausible FCRA claim.

### A.    Applicable Law

The FCRA seeks "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To do so, "[t]he FCRA sets out a series of procedures that dictate how a furnisher must investigate and correct erroneous information." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012). When a CRA receives notice of a dispute, the "furnisher must investigate and, if necessary, correct the information it report[ed]." *Id.* (citing 15 U.S.C. § 1681s-2(b)).

A furnisher's duties under Section 1681s-2(b) are "triggered only after 'receiving notice pursuant to' [Section] 1681i(a)(2), under which a CRA provides a 'notification' to a furnisher which includes 'all relevant information' regarding the dispute." *Id.* Once a furnisher's duties are triggered under Section 1681s-2(b), the FCRA "obligates [it] to prevent future misreporting by modifying, deleting, or blocking the inaccurate item, as appropriate." *Id.* at 1107 (citing 15 U.S.C. § 1681s-2(b)(1)(A), (b)(1)(D), (b)(1)(E)(i)-(iii)). The Ninth Circuit has previously "explained that an item on a credit report can be 'incomplete or inaccurate' within the meaning of the FCRA[] . . . 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho v.*

PAGE 6 – OPINION AND ORDER

*Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman*, 584 F.3d at 1163).

### B.    Analysis

Accepting the facts in Fleck's amended complaint as true and construing all inferences in his favor, the Court finds that Fleck fails to state a plausible FCRA claim.

First, to the extent Fleck continues to allege that Del-One (1) improperly reported multiple charge-offs of his undisputed loan balance of $31,550, or (2) bears responsibility for an unaffiliated nonparty's reporting of the same charge-off, the Court has already found that Fleck failed to state a FCRA claim based on those theories. (*See* Op. & Order at 33-39.)

Second, Fleck also fails to state a FCRA claim based on his theory that Del-One failed to conduct a reasonable investigation, failed reasonably to review and reconcile contradictory information associated with his disputed tradeline, or continued to furnish and verify inaccurate and materially misleading information after receiving notice of the disputed tradeline. (*See* FAC ¶¶ 2-4, 23-40, 51-58.) Fleck does not allege that Del-One failed to conduct an investigation nor any facts to demonstrate that Del-One's investigation was unreasonable.[2] *See Mayes v. Wells Fargo Bank, N.A.*, No. 20-cv-01347-AJB-JLB, 2021 WL 5763833, at *2 (S.D. Cal. May 14, 2021) ("Further, the Court agrees with Defendant that Plaintiff's allegations that Wells Fargo failed to conduct a reasonable investigation after receiving notice of his dispute and failed to

---

[2] Fleck's assertion that Del-One's representations were misleading because it initially stated that it was unable to conduct a reasonable investigation but later conducted an investigation (*see* FAC ¶¶ 4, 33-34) does not support Fleck's claim that Del-One's investigation was unreasonable. Rather, it reflects that Del-One obtained the information it required to conduct an investigation, which is demonstrated by the materials Fleck attached to his original complaint. (*See* Op. & Order at 5-6, noting that Del-One requested and received additional information from Fleck prior to its May 2025 representations that it had carefully investigated the dispute and found that the information being reported was accurate).

PAGE 7 – OPINION AND ORDER

report the results of its investigation merely recite the text of § 1681s-2(b). These conclusory statements are not buttressed by facts. . . . [I]t does not appear that Plaintiff is able to plead that the information that Wells Fargo reported was incomplete or inaccurate because he admitted that he failed to make timely car payments. Thus, as Plaintiff's FAC lacks the necessary factual enhancement, he has failed to state a claim under § 1681s-2(b)." (first citing *Iqbal*, 556 U.S. at 678; and then citing *Twombly*, 550 U.S. at 555)); *see also Baldi v. Serv. Fin. Co. LLC*, No. 1:25-cv-00353-JLT-EPG, 2025 WL 2775212, at *6 (E.D. Cal. Sept. 26, 2025) ("Plaintiff does not argue, or point to any allegations in her complaint, showing that Defendant's investigation into the debt was unreasonable. Nor does Plaintiff's complaint contain any factual allegations supporting this contention. Rather, the complaint states that 'Defendant's failure to conduct a reasonable investigation is evidenced by its continued reporting of the debt as due and owing despite possessing documentation showing the debt was disputed and verification had been requested.' However, an investigation is not unreasonable merely because a debt is disputed and the obligor has requested verification. Here, Defendant's investigation was sufficient to confirm the accuracy of the debt.") (simplified); *Harris v. Nissan-Infiniti LT*, No. 217CV191JCMVCF, 2018 WL 2741040, at *4 (D. Nev. June 7, 2018) ("Plaintiff's filings do not point to any evidence of an unreasonable investigation, and plaintiff's proposed amended complaint does not contain allegations sufficient to state a claim upon which relief can plausibly be granted.").

Fleck suggests that Del-One's investigation must have been unreasonable because the tradeline was not corrected following its investigation (FAC ¶¶ 31, 36), but Fleck does not challenge the accuracy of the tradeline reflecting Del-One's charge-off of his $31,550 automobile loan. (*See generally* FAC.) Instead, Fleck argues that Del-One was responsible for correcting the tradeline in his credit report to the extent it reflected multiple identifiers, but the Court has

PAGE 8 – OPINION AND ORDER

already held that Del-One is not responsible for unaffiliated entities' reporting of the same charge-off. *See Yu v. Tesla Energy Operations, Inc.*, No. CV 21-0062 FMO (KSX), 2022 WL 3575314, at *4 (C.D. Cal. Mar. 7, 2022) ("Other than the fact that there was an error in plaintiff's Equifax report, plaintiff's allegations are insufficient to support his claim that Tesla failed to conduct an adequate investigation.") (citation omitted).

Further, Fleck does not allege that Del-One was responsible for reporting the same tradeline on behalf of multiple entities. But even if Fleck had clearly alleged that Del-One furnished the same report on behalf of both Del-One and "Delaware Federal Credit Union," the tradeline Fleck challenges clearly reflected the same $31,550 unpaid auto loan balance from the same account. (*See* FAC Ex A; *see also* Pl.'s Opp'n Def.'s Mot. Dismiss at 4, ECF No. 44, acknowledging that "the same tradeline was reported with conflicting creditor identifiers, including references to Swan Valley Credit Union, Delaware Federal Credit Union, and Del-One Federal Credit Union, all associated with the same account"). As a result, Fleck cannot demonstrate that Del-One's report was "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890 (citation omitted); *see also Naimi-Yazdi v. JPMorgan Chase Bank, N.A.*, No. 5:21-cv-04390-EJD, 2022 WL 2307068, at *2 (N.D. Cal. June 27, 2022) ("Although this information may seem internally inconsistent, it is not patently incorrect [or materially misleading] for purposes of the FCRA.") (citations omitted).

For these reasons, the Court concludes that Fleck has again failed to state a FCRA claim and therefore dismisses his amended complaint with prejudice because further leave to amend would be futile. *See Allen v. Inuit Inc.*, No. CV 25-7280 PA (PDX), 2026 WL 1459671, at *6 (C.D. Cal. May 21, 2026) (dismissing FCRA claims without leave to amend after the court had

PAGE 9 – OPINION AND ORDER

already provided the plaintiffs an opportunity to amend their claims); *Stafford v. Taffet*, No. 1:24-cv-01612-AA, 2026 WL 799409, at *5 (D. Or. Mar. 23, 2026) ("The Court concludes that Plaintiffs have failed to state an FCRA claim against Defendants and so the motion to dismiss is GRANTED. The Court concludes that further leave to amend would be futile.").

## CONCLUSION

For the reasons stated, the Court GRANTS Del-One's motion to dismiss (ECF No. 43) and dismisses Fleck's amended complaint with prejudice.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2026.

_Stacie F. Beckerman_
HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 10 – OPINION AND ORDER